# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>SIRIUS XM RADIO, INC.<br><br>     Defendant. | Case No. 17-cv-728<br><br>**ORIGINAL CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL CLASS ACTION COMPLAINT

COMES NOW Plaintiff Thomas Buchanan (hereinafter referred to as "Buchanan" or "Plaintiff"), on behalf of himself and all similarly situated individuals, and alleges on personal knowledge, investigation of his counsel, and on information and belief, the following claims against Sirius XM Radio, Inc. ("Sirius XM" or "Defendant"):

## NATURE OF ACTION

1.  This action is brought for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA" or "the Act"). Among other things, the TCPA and its accompanying regulations prohibit telemarketers from making telephone solicitations to persons who have listed their telephone numbers on the National Do-Not-Call Registry, a database established to allow consumers to exclude themselves from telemarketing calls unless they consent to receive the calls in a signed, written agreement.

2.  Plaintiff Thomas Buchanan is one of the millions of consumers who have listed telephone numbers on the National Do-Not-Call Registry. Nonetheless, he has received

numerous telemarketing sales calls on his Residential Land Line made by, or on behalf of, Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This court has original jurisdiction of this civil action as one arising under the laws of the United States. *See* 28 U.S.C. §1331 and *Mims v. Arrow Fin. Serv., LLC*, 565 U.S. , 132 S. Ct. 740, 181 L. Ed.2d 881 (2012).

4. Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendant victimized Plaintiff on his Residential Land Line located in the City of Allen, Texas where Plaintiff lives.

5. Venue is also proper in this Court under 28 U.S.C. §1391(b) as Defendant regularly does business in the district and division, is subject to this Court's personal jurisdiction with respect to this civil action in the district and, as such, "resides" in the district.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Thomas Buchanan is, and at all times mentioned herein was, an individual citizen of the State of Texas who resides in Allen, Texas.

7. Defendant Sirius XM is a Delaware corporation with its principal place of business located at 1221 Avenue of the Americas, New York, NY 10020.

8. At all times pertinent, Defendant was, and is, in the business of providing radio programming for a fee.

9. Defendant transacts business throughout the United States, including in Texas and specifically in this district and division.

10. In addition to transacting business in Texas, Defendant contracts to supply services or goods in Texas, including in this district and division.

11. Defendant regularly does, or solicits, business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of Texas, including in this district and division.

12. In addition, through its acts in calling, or causing to be called, Plaintiff's Do-Not-Call Registry Residential Land Line, Defendant caused tortious injury in the nature of an invasion of Plaintiff's privacy rights in this State, either by its acts in this State or, alternatively, by acts outside this State while regularly doing or soliciting business or engaging in a persistent course of conduct and deriving substantial revenue from goods used or consumed, or services rendered in this State.

13. Personal jurisdiction may be exercised over Defendant pursuant to Texas Civ. Prac. & Rem. Code §§ 17.041-.045.

14. Plaintiff intends to serve Defendant through the Texas Secretary of State.

15. At all times pertinent, Defendant was, and is, engaged in interstate commerce, and Defendant used, and is using, instrumentalities of interstate commerce, including telephone lines and the mail, in the course of its activities set forth herein.

**APPLICABLE LAW**

16. The TCPA was enacted more than twenty years ago to regulate the explosive growth of telemarketing, which Congress recognized as a nuisance and an intrusive invasion of privacy.

17. Consumers who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c) (2). According to the Federal Trade Commission, the Registry, which was established in 2003, currently has over 223 million active registrations.

18. These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. *Id*.

19. Because a telephone subscriber listed on the National Do-Not-Call Registry must take an affirmative step to register his or her number, a telemarketer who wishes to call a person listed on the National Do-Not-Call Registry must take a similarly affirmative step, and must obtain the registrant's signed, written agreement to be contacted by the telemarketer. *Id*. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. *Id*.

20. A person whose number is on the National Do-Not-Call Registry and has received more than one telephone solicitation within any twelve-month period by, or on behalf of, the same entity in violation of the TCPA, can sue the violator and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. §227(c)(5).

21. Telemarketers who wish to avoid calling numbers listed on the National Do-Not-Call Registry can easily and inexpensively do so by "scrubbing" their call lists against the National Do-Not-Call Registry database. The scrubbing process identifies those numbers on the National Do-Not-Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who opt-out of telemarketing calls.

22. To avoid violating the TCPA by calling registered numbers, telemarketers *inter-alia* must scrub their call lists against the National Do-Not-Call Registry at least once every thirty-one days. *See* 16 C.F.R. § 310.4(b)(3)(iv).

23. Regulations implementing the TCPA also require entities to maintain Internal Do-Not-Call Registries. 47 C.F.R. § 64.1200(d). Once an entity receives a request from a residential telephone subscriber not to receive calls, the number must be placed on the entity's Internal Do-

Not-Call Registry within a reasonable time, not to exceed thirty days from the date of the request. *Id*. at § (d)(3).

24. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls.

25. The provision that establishes a private right of action against an entity that violates the National Do-No-Call Registry restrictions provides that "[a] person who has received more than one telephone call within any 12-month period ***by or on behalf of*** the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages and injunctive relief. 47 U.S.C. § 227(c)(5) (emphasis added). Likewise, 47 C.F.R. § 64.1200(d)(3) provides that once a number is added to an entity's Internal Do-Not-Call Registry, "***the person or entity on whose behalf the telemarketing call is made*** will be liable for any failures to honor the do-not-call request."

26. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

27. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

28. The FCC reaffirmed this in 2013, when it held that (a) a seller may, under principles of apparent authority, actual authority, and ratification, be liable for violations of § 227(c) by third parties, and (b) a seller may also be liable, under the express terms of § 227(c), for calls placed "on behalf of" the seller. *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF THOMAS BUCHANAN

29. On or about May 2, 2016, Plaintiff purchased a 2011 Honda Odyssey Van (hereinafter the "Odyssey") for his wife, Deborah Lynn Buchanan, from Bob Tedford Chevrolet Co. (hereinafter the "Dealer") located in Farmersville, Texas.

30. Unbeknownst to Plaintiff and his Wife, the Odyssey came with an unconfigured Sirius XM Radio installation.

31. Upon information and belief, contact information for Plaintiff and his Wife, including his Residential Land Line (XXX) XXX-7761(hereinafter "Plaintiff's Residential Land Line") is a number that had been listed on the National Do-Not-Call Registry since 2008, and was furnished by or through the Dealer to Defendant. A true and correct certification of the National Do-Not-Call Registry of Plaintiff's Residential Land Line is annexed hereto as Exhibit "A" and incorporated herein by reference.

32. Approximately a month after the Odyssey purchase, a "Welcome Package" from Defendant was delivered to Plaintiff's residence. Included in the "Welcome Package" was a Free Trial Offer to Sirius XM Radio.

33. Plaintiff ignored the "Welcome Package" and took no action whatsoever regarding it.

34. Commencing on July 19, 2016 and continuing through August 4, 2016, a total of sixteen (16) telemarketing calls were received on Plaintiff's Residential Land Line as follows:

| Date of Call | Time of Call | Phone Number Calling From |
|---|---|---|
| 08/04/16 | 02:52:00 PM | 972.437.8642 |
| 08/03/16 | 10:19:00 AM | 972.437.8642 |
| 08/02/16 | 10:52:00 AM | 972.437.8642 |
| 08/02/16 | 10:43:00 AM | 972.437.8642 |
| 08/02/16 | 10:44:00 AM | 972.437.8642 |
| 08/01/16 | 05:24:00 PM | 972.437.8642 |
| 07/30/16 | 12:00:00 PM | 972.437.8642 |
| 07/29/16 | 09:14:00 AM | 972.437.8642 |
| 07/28/16 | 12:33:00 PM | 972.437.8642 |
| 07/27/16 | 11:51:00 AM | 972.437.8642 |
| 07/26/16 | 11:00:00 AM | 972.437.8642 |
| 07/25/16 | 07:59:00 PM | 972.437.8642 |
| 07/24/16 | 10:49:00 AM | 972.437.8642 |
| 07/22/16 | 08:41:00 PM | 972.437.8642 |
| 07/21/16 | 08:31:00 PM | 972.437.8642 |
| 07/19/16 | 08:38:00 PM | 972.437.8642 |

35. Plaintiff verified that the foregoing calls to Plaintiff's Residential Land Line were from Defendant. Further, Plaintiff had not provided Defendant with Prior Express Consent (written or otherwise) to make the telemarketing calls to his Land Line which was on the National Do-Not-Call Registry.

36. On July 24, 2016, Plaintiff transmitted to Defendant a letter requesting Defendant immediately cease and desist making such unauthorized telemarketing calls to Plaintiff's Residential Land Line (hereinafter the "July 24th Letter"). Further, the July 24th Letter requested

that Plaintiff's Residential Land Line number be placed on Defendant's Internal Do-Not-Call Registry. A true and correct copy of the July 24th Letter is annexed hereto as Exhibit "B" and incorporated herein by reference.

37. Despite the July 24th Letter, Defendant continued to place unauthorized telemarketing calls to Plaintiff's Residential Land Line.

38. Because Plaintiff did not provide Defendant with a signed, written agreement to receive Defendant's telemarketing calls, the calls violated the TCPA.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings Count I of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

**NATIONAL DO-NOT-CALL REGISTRY CLASS:**

All natural persons in the United States who, from October 16, 2013 to the commencement of this litigation, received more than one telephone solicitation call in a 12-month period on their Residential Land Line telemarketing Sirius XM's satellite radio service more than 31 days after registering their telephone number with the National Do-Not-Call Registry and who did not have a prior established business relationship with Defendant and did not provide Defendant prior express written consent to receive such calls. Excluded from this class definition are any employees, officers, directors of Defendant, and attorneys appearing in this case, and any judge assigned to hear this action.

40. Plaintiff reserves the right to modify this class definition as he obtains relevant information, including telemarketing call records, through discovery.

41. Plaintiff brings Count II of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

**INTERNAL DO-NOT-CALL REGISTRY CLASS**

All natural persons in the United States who, from October 16, 2013 to the commencement of this litigation, received one or more telephone solicitation calls on their Residential Land Line telemarketing Sirius XM's satellite radio service after registering their telephone number with Defendant's Company-Specific Do-Not-Call Registry and did not provide Defendant prior express written consent to receive such calls. Excluded from this class definition are any

employees, officers, directors of Defendant, and attorneys appearing in this case, and any judge assigned to hear this action.

42. Plaintiff reserves the right to modify this class definition as he obtains relevant information, including telemarketing call records, through discovery.

43. The proposed classes can be identified through telephone records and databases used in transmitting the telemarketing calls.

44. The number of Putative Class Members is believed to be in the thousands, rendering the classes so numerous that individual joinder of all class members is impracticable.

45. Plaintiff is a member of both proposed classes.

46. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Did Defendant place, or have placed, telemarketing calls to Plaintiff and the Putative Class Members?

    b. Whether the Defendant had Prior Express Written Consent to make, or have made on its behalf, each of the calls to Plaintiff's and the Putative Class Members' Residential Land Lines?

    c. Whether Defendant's conduct violated 47 U.S.C. § 227(c) [National Do-Not-Call Registry]?

    d. Whether Defendant willfully or knowingly violated 47 U.S.C. § 227(c) [National Do-Not-Call Registry]?

    e. Whether Defendant's conduct violated 47 C.F.R. § 64.1200(d)(3) [Internal Do-Not-Call Registry]?

    f. Whether Defendant willfully or knowingly violated 47 C.F.R. § 64.1200(d)(3) [Internal Do-Not-Call Registry]?

47. Typicality. *Fed. R. Civ. P. 23(a)(3)*. Plaintiff's claims are typical of the claims of the two (2) proposed Putative Classes' Members. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other Members of the two (2) proposed Putative Classes.

48. Adequacy. *Fed. R. Civ. P. 23(a)(4)*. Plaintiff is an adequate representative of the two (2) proposed Putative Classes because his interests coincide with, and are not antagonistic to, the interest of the Members of each proposed Putative Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of Members of the two (2) proposed Putative Classes.

49. Superiority. *Fed. R. Civ. P. 23(b)(3)*. Questions of law and fact common to the two (2) proposed Putative Classes' Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Liability will be determined based on a common set of facts and legal theories. Willfulness will be determined based on Defendant's conduct and knowledge, not upon the effect of Defendant's conduct on the two (2) Putative Classes' Members.

The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the two (2) proposed Putative Classes' Members individually to redress effectively the wrongs done to them, as the TCPA has no attorney's fee shifting provision. Even if the members of the two (2)

proposed Putative Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

50. Class certification is appropriate because Defendant has acted on grounds generally applicable to the two (2) proposed Putative Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the two (2) proposed Putative Class Members. *Fed. R. Civ. P. 23(b)(2).*

## CAUSES OF ACTION

### Count I
### Violation of 47 U.S.C. 227(c)
### Telemarketing in violation of the TCPA's National Do-Not-Call provisions

51. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

52. In violation of 47 U.S.C. § 227(c), Plaintiff and all Members of the National Do-Not-Call Registry Putative Class, received telemarketing calls promoting the sale of Sirius XM Satellite Radio on Residential Land Lines listed on the National Do-Not-Call Registry.

53. Plaintiff and National Do-Not-Call Registry Putative Class Members received more than one such call in a twelve month period.

54. By virtue of the foregoing, Defendant violated 47 U.S.C. §227(c) as to Plaintiff and the Class and the National Do-Not-Call Registry Putative Class by initiating, on more than

one occasion, a telephone solicitation call to the Residential Land Lines of Plaintiff and the Members of the National Do-Not-Call Registry Putative Class without the prior express written consent or permission of Plaintiff or the Members of the National Do-Not-Call Registry Putative Class, and without there being an established business relationship with the Plaintiff or the Members of the National Do-Not-Call Registry Putative Class.

55. Pursuant to 47 U.S.C. §227(c)(5), Plaintiff and each National Do-Not-Call Registry Putative Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each National Do-Not-Call Registry Putative Class Member .

56. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff, on behalf of himself and National Do-Not-Call Registry Putative Class, also seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

## Count II
## Violation of 47 C.F.R. § 64.1200(d)(3)
## Failure to honor company-specific Do-Not-Call requests

57. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

58. In violation of 47 C.F.R. § 64.1200(d)(3), Defendant continued to make telemarketing calls to Plaintiff and the Internal Do-Not-Call Registry Putative Class after they were listed on the Defendant's Internal Do-Not- Call Registry.

59. Plaintiff and the Internal Do-Not-Call Registry Putative Class received more than one such call in a twelve month period.

60. Pursuant to 47 U.S.C. §227(c)(5), Plaintiff and each Internal Do-Not-Call Registry Putative Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each Internal Do-Not-Call Registry Putative Class Member .

61. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff, on behalf of himself and the Internal Do-Not-Call Registry Putative Class, also seeks injunctive relief prohibiting Defendant's violations of the TCPA in the future.

## DEMAND FOR PRESERVATION

62. Plaintiff also specifically demands that Defendant retain and preserve all records related to the allegations in this Complaint. Specifically, Plaintiffs demand for preservation includes, but is not limited to, the following documents and information:

(a) All documents evidencing all phone numbers, including spoofed numbers, used by Defendant and/or persons acting on its behalf in making telemarketing calls to Residential Land Lines since October 16, 2013;

(b) All documents evidencing the identity of all persons to whom Defendant, and/or persons acting on its behalf, made one or more telemarketing calls to a Residential Land Line or to whom Defendant, and/or persons acting on its behalf, made more than one telephone solicitation call to a Residential Land Line, where the names and/or telephone numbers of the called party were obtained by Defendant, and/or persons acting on its behalf, from a motor vehicle dealer from which such persons purchased or leased a motor vehicle;

(c) All documents evidencing the number of telephone solicitation calls made to each Residential Land Line to which Defendant, and/or persons acting on its behalf, made more than one telephone solicitation call since October 16, 2013;

(d) All documents, including transmission or phone logs, showing dates of all telephone solicitation calls made to a Residential Land Line and the identity of the persons so solicited by Defendant, and/or persons acting on its behalf, since October 16, 2013;

(e) All documents supporting the contention of Defendant that it had the prior express consent of any called party to whom a call to a Residential Land Line was made since October 16, 2013, and all documents evidencing the names, addresses and Residential Land Line numbers of all persons who Defendant contends provided such prior express consent;

(f) All documents supporting the contention of Defendant that it had an existing business relationship with any called party to whom a telephone solicitation call was made to a Residential Land Line since October 16, 2013 and all documents evidencing the names, addresses and/or telephone numbers of all persons with whom Defendant contends it had such a relationship;

(g) All documents evidencing the identity and/or Residential Land Line numbers of all persons who requested that Defendant, and/or persons acting on its behalf, stop making calls to their Residential Land Line since October 16, 2013;

(h) All written, recorded, electronic or other documentation evidencing the revocation and/or attempted revocation by any Residential Land Line called party of any prior express consent that his or her Residential Land Line could be called by Defendant;

(i) All written, recorded, electronic or other documentation evidencing the termination, and/or attempted termination, by any Residential Land Line called party of any

existing business relationship with Defendant;

(j) All documents evidencing or pertaining to any and all policies or procedures implemented by Defendant with regard to the making of telephone solicitations to Residential Land Lines;

(k) All documents evidencing or pertaining to the knowledge of Defendant of the TCPA and/or the regulations and rulings of the FCC thereunder;

(l) All documents evidencing or pertaining to any and all lawsuits and/or settlements to which Defendant was a party which, in whole or in part, pertain to the TCPA;

63. Demand is made on Defendant to notify any third parties or vendors retained by Defendant to make telephone solicitation calls to Residential Land Lines of this preservation demand and request production of any documents included within this demand

## Incorporation of Paragraphs into other Paragraphs

64. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against Defendant, awarding relief as follows:

a. Certifying the proposed National Do-Not-Call Registry Class and Internal Do-Not-Call Registry Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent both the National Do-Not-Call Registry Class and Internal Do-Not-Call Registry Class .

b. As to the National Do-Not-Call Registry Class, statutory damages as provided for under 47 U.S.C. §227(c)(5), trebled as may be appropriate;

c. As to the Internal Do-Not-Call Registry Class, statutory damages as provided for under 47 U.S.C. § 227(c)(5), trebled as may be appropriate;

d. As to the National Do-Not-Call Registry Class, a permanent injunction restraining Defendant from making, or having made on its behalf, any additional non-emergency calls to Residential Land Lines that are on the National Do-Not-Call Registry without first obtaining the prior express written consent of the called party or at a time when no established business relationship exists between Defendant and the called party;

e. As to the Internal Do-Not-Call Registry Class, a permanent injunction restraining Defendant from making, or having made on its behalf, any additional non-emergency calls to Residential Land Lines that are on the Internal Do-Not-Call Registry without first obtaining the prior express written consent of the called party;

f. Pre-judgment interest from the date of filing this suit;

g. A reasonable attorney's fee to be paid out of any common fund created by virtue of this litigation;

h. All costs of this proceeding; and

i. All general, special and equitable relief to which Plaintiff and the respective Members of the National Do-Not-Call Registry Class and the Internal Do-Not-Call Registry Class are entitled by law

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated 13th of March, 2017.

Respectfully submitted,

HUGHES ELLZEY, LLP

By: /s/ Jarrett L. Ellzey
    Jarrett L. Ellzey
Texas Bar No. 24040864

Jarrett L. Ellzey
W. Craft Hughes
Deola T. Ali

2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
E-Mail: craft@hughesellzey.com
jarrett@hughesellzey.com
Deola@hughesellzey.com

**Co-Lead Counsel For Plaintiff**

TURNER LAW OFFICES, LLC

By: */s/* Henry A. Turner
    Henry A. Turner
    Georgia Bar No. 719310
    (*pro hac vice* to be filed)

403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 378-6274
hturner@tloffices.com

**Co-Lead Counsel For Plaintiff**

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

        SIRI & GLIMSTAD LLP

        /s/ Aaron Siri
        Aaron Siri
        NY Bar No. 4321790
        (*pro hac vice* to be filed)

        /s/ Mason Barney
        Aaron Siri
        NY Bar No. 4405809
        (*pro hac vice* to be filed)

200 Park Avenue, 17th Floor
New York, New York 10166
Tel: (212) 532-1091
E-Mail: aaron@sirillp.com

        **Co-Lead Counsel For Plaintiff**

        WERMAN SALAS P.C.

        /s/ Douglas M. Werman
        Douglas M. Werman
        IL Bar No. 6204740
        (*pro hac vice* to be filed)

77 West Washington, Suite 1402
Chicago, Illinois 60602
dwerman@flsalaw.com
(312) 419-1008

        **Co-Counsel For Plaintiff**

[SIGNATURES CONTINUE ON FOLLOWING PAGE]


        MARK A. ALEXANDER P.C.


        /s/ Mark A. Alexander
        Mark A. Alexander
        TX Bar No. 01007500

5080 Spectrum, Suite 850E
Addison, Texas  75001
Ph: 972.364.9700
Fax: 972. 239.2244
E-Mail: mark@markalexanderlaw.com

        **Co-Counsel For Plaintiff**