## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | 17-cv-00728 |
| v. | |
| SIRIUS XM RADIO, INC., | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

### I.    INTRODUCTION[1]

Plaintiff, by his undersigned counsel, hereby file his Motion For Class Certification

against Defendant Sirius XM Radio, Inc. (hereinafter "Sirius XM" or "Defendant").

On behalf of himself and all others similarly situated, Plaintiff asserts claims against

Defendant for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

(hereinafter referred to as the "TCPA"). Pursuant to Rule 23 of the Federal Rules of Civil

---

[1] Plaintiff files this motion at this juncture only to preserve the putative class claims and avoid any attempt to moot the named Plaintiff's claims. *See Fontenot v. McCraw*, 777 F.3d 741, 751 (5th Cir. 2015 ("…plaintiffs could have filed a class action certification motion against McCraw, and indeed could have filed the motion simultaneously with the filing of their first amended complaint."). Plaintiffs ask that this motion be entered and continued until appropriate discovery has been conducted.

Procedure, Plaintiff, by and through his counsel, hereby respectfully moves the Court for an Order certifying the Rule 23 Classes as defined in the Complaint, or such other classes or subclasses as may be appropriate.

For the reasons stated herein, Plaintiff also respectfully requests the Court defer any briefing or hearings related to this Motion, and not rule on this motion until such time as the parties have had an adequate opportunity to conduct discovery and submit appropriate memoranda of law on the issue of class certification.

## II.   ARGUMENT

In the Fifth Circuit, class claims can be rendered moot if a Defendant makes an individual actual tender before a Plaintiff has moved to certify a class. *Fontenot* at 751. However, the Fifth Circuit has also held that such mootness can be avoided if Plaintiff timely files a Motion For Class Certification, even contemporaneous with the filing of a Complaint. *Id.* ("…plaintiffs could have filed a class action certification motion against McCraw, and indeed could have filed the motion simultaneously with the filing of their first amended complaint."). This approach is consistent with Federal Rule of Civil Procedure 23(c)(1)(A), which "permits district courts to wait until 'an early practicable time' before ruling on a motion to certify a class." *Id.* At times, such a ruling calls for the court to look beyond the pleadings. *Id.*

In light of the above, and Plaintiff's desire to certify a class in this matter in any event, Plaintiff respectfully requests that the Court grant this motion. Doing so will preserve the appropriate interests of the parties and the putative class members, and will allow the Court to establish a reasonable schedule for briefing the class certification motion in full.

As shown below, it is apparent from the information already known that this case is suitable for class treatment. Because the case is still in its infancy, Plaintiff has requested leave to

file a memorandum in support of class certification.

### III.   THE CLASS SATISFIES THE REQUIREMENTS FOR CLASS CERTIFICATION

Plaintiff proposes the following class definitions, subject to amendment as appropriate:

### NATIONAL DO-NOT-CALL REGISTRY CLASS

All natural persons in the United States  who, from October 16, 2013 to the commencement of this litigation, received more than one telephone solicitation call in a 12-month period on their Residential Land Line telemarketing Sirius XM's satellite radio service more than 31 days after registering their telephone number with the National Do-Not-Call Registry and who did not have a prior established business relationship with Defendant and did not provide Defendant prior express written consent to receive such calls. Excluded from this class definition are any employees, officers, directors of Defendant, and attorneys appearing in this case, and any judge assigned to hear this action.

### INTERNAL DO-NOT-CALL REGISTRY CLASS

All natural persons in the United States who, from October 16, 2013 to the commencement of this litigation, received one or more telephone solicitation calls on their Residential Land Line telemarketing Sirius XM's satellite radio service after registering their telephone number with Defendant's Company-Specific Do-Not-Call Registry and did not provide Defendant prior express written consent to receive such calls. Excluded from this class definition are any employees, officers, directors of Defendant, and attorneys appearing in this case, and any judge assigned to hear this action.

### A. Nature of the Case

In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, among other things, (i) calls to Residential Land Lines that are registered on the National Do- Not-Call Registry. 47 C.F.R. § 64.1200(c) (2), and (ii) calls to Residential Land Lines that are registered on the calling entities Internal Do-Not-Call Registry. Specifically, the plain language of 47 C.F.R. § 64.1200(c) (2) prohibits any telemarketing call to a Residential Land Line that is registered on the National Do-Not-Call Registry unless the caller has (i) Prior Written Consent, or (ii) a Prior Established

Business Relationship with the recipient of the call. Further, the plain language of 47 C.F.R. § 64.1200(d) prohibits telemarketing calls to Residential Land Lines that have been registered on the caller's Internal Do-Not-Call Registry and wherein the recipient not given the caller Prior Express Written Consent.

Consumers who do not want to receive telemarketing calls may indicate their preference by registering their telephone numbers on the National Do- Not-Call Registry. 47 C.F.R. § 64.1200(c) (2). According to the Federal Trade Commission, the Registry, which was established in 2003, currently has over 223 million active registrations. These registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. *Id*. Because a telephone subscriber listed on the National Do-Not-Call Registry must take an affirmative step to register his or her number, a telemarketer who wishes to call a person listed on the National Do-Not-Call Registry must take a similarly affirmative step, and must obtain the registrant's signed, written agreement to be contacted by the telemarketer. *Id*. § 64.1200(c)(2)(ii). The written agreement must also include the telephone number to which the calls may be placed. *Id*.

A person whose number is on the National Do-Not-Call Registry and has received more than one telephone solicitation within any twelve-month period by, or on behalf of, the same entity in violation of the TCPA, can sue the violator and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. §227(c)(5).

Regulations implementing the TCPA also require entities to maintain Internal Do-Not-Call Registries. 47 C.F.R. § 64.1200(d). Once an entity receives a  request  from  a  residential telephone subscriber not to receive calls, the number must be placed on the entity's Internal Do-Not-Call Registry within a reasonable time, not to exceed thirty days from the date of the

request. *Id*. at § (d)(3). A person whose number is on the Internal Do-Not-Call Registry and has received more than one telephone solicitation within any twelve-month period by, or on behalf of, the same entity in violation of the TCPA, can sue the violator and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. §227(c)(5).

At issue in this case are numerous telemarketing calls that Defendant placed to Residential Land Lines that were registered on (i) the National Do-Not-Call Registry, and/or (ii) Defendant's Internal Do-Not-Call Registry.

Under the TCPA, the burden is on Defendant to prove that Plaintiff and the National Do-Not-Call Registry Putative Class (i)  had given Prior Express Written Permission to be called, or (ii) had a Prior Established Business Relationship with Defendant.

Under the TCPA, the burden is on Defendant to prove that Plaintiff and the Internal Do-Not-Call Registry Putative Class had given Prior Express Written Permission to be called.

**B.**      **Rule 23 is Satisfied.**

All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in the two (2) proposed classes. Each class is so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1).

Plaintiff does not currently know the exact number of Class members in each Putative Class, but reasonably believes Class members in each Putative Class number, at minimum, in the thousands. At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense

assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, at *5-6, 1997 WL 139472, at *2 (N.D. Ill. Mar. 25, 1997) (quoting *Evans v.United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

There are questions of fact or law common to the class, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3); s*ee Ira Holtzman, C.P.A., & Assocs. v. Turza*, Nos. 11-3188 & 11-3746, 2013 U.S. App. LEXIS 17811, at *3-4 (7th Cir. Ill. Aug. 26, 2013) ("Class certification is normal in litigation under §227, because the main questions . . . are common to all recipients"). These common questions include the following:

a.      Did Defendant place, or have placed, telemarketing calls to Plaintiff and the Putative Class Members?

b.      Whether the Defendant had Prior Express Written Consent to make, or have made on its behalf, each of the calls to Plaintiff's and the Putative Class Members' Residential Land Lines?

c.      Whether Defendant's conduct violated 47 U.S.C. § 227(c) [National Do-Not-Call Registry]?

d.      Whether Defendant willfully or knowingly violated 47 U.S.C. § 227(c) [National Do-Not-Call Registry]?

e.      Whether Defendant's conduct violated 47 C.F.R. § 64.1200(d)(3) [Internal Do-Not-Call Registry]?

f.      Whether Defendant willfully or knowingly violated 47 C.F.R. § 64.1200(d)(3) [Internal Do-Not-Call Registry]?

As a person who was registered on both the National Do-Not-Call Registry and Defendant's Internal Do-Not-Call Registry, and Defendant's telemarketing calls were made to his Residential Land Line, without his Prior Express Written Consent and without having a Prior Established Business Relationship with the Defendant, Named Plaintiff asserts claims that are typical of each Member of the two (2) Putative Classes who also received such phone calls. Further, Plaintiff will fairly and adequately represent and protect the interests of the two (2) Putative Classes.

Named Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Named Plaintiff are shared by thousands of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the two (2) Classes in a single proceeding would promote judicial efficiency. Furthermore, members of the two (2) Classes may not be aware of their rights under the law to recover for Defendant's practices.

WHEREFORE, Named Plaintiff respectfully requests that this Court enter and continue this motion until Defendant responds to class discovery, grant Named Plaintiff leave to file a memorandum of law in support of class certification and subsequently an order certifying the class.

This the 14th day of March, 2017.

Respectfully submitted,

HUGHES ELLZEY, LLP

By:  /s/ Jarrett L. Ellzey
     Jarrett L. Ellzey
        Texas Bar No. 24040864
Jarrett L. Ellzey
W. Craft Hughes
Deola T. Ali

2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
E-Mail: craft@hughesellzey.com
jarrett@hughesellzey.com
Deola@hughesellzey.com

**Co-Lead Counsel For Plaintiff**

TURNER LAW OFFICES, LLC

By: /s/ Henry A. Turner
    Henry A. Turner
    Georgia Bar No. 719310
    (*pro hac vice* to be filed)

403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 378-6274
hturner@tloffices.com

**Co-Lead Counsel For Plaintiff**

[SIGNATURES CONTINUE ON NEXT PAGE]

8

SIRI & GLIMSTAD LLP


/s/ Aaron Siri
Aaron Siri
NY Bar No. 4321790
(*pro hac vice* to be filed)

/s/ Mason Barney
Aaron Siri
NY Bar No. 4405809
(*pro hac vice* to be filed)

200 Park Avenue, 17th Floor
New York, New York 10166
Tel: (212) 532-1091
E-Mail: aaron@sirillp.com

**Co-Lead Counsel For Plaintiff**

WERMAN SALAS P.C.


/s/ Douglas M. Werman
Douglas M. Werman
IL Bar No. 6204740
(*pro hac vice* to be filed)

77 West Washington, Suite 1402
Chicago, Illinois 60602
dwerman@flsalaw.com
(312) 419-1008

**Co-Counsel For Plaintiff**


[SIGNATURES CONTINUE ON NEXT PAGE]

MARK A. ALEXANDER P.C.


/s/ Mark A. Alexander
Mark A. Alexander
TX Bar No. 01007500

5080 Spectrum, Suite 850E
Addison, Texas 75001
Ph: 972.364.9700
Fax: 972. 239.2244
E-Mail: mark@markalexanderlaw.com

**Co-Counsel For Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Northern District of Texas on <u>March 14, 2017</u>, and served on all counsel of record who have appeared and consented to electronic notification *via* CM/ECF.


_____*/s/  Jarrett L. Ellzey*_____
Jarrett L. Ellzey