**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **THOMAS BUCHANAN, on behalf of himself and all others similarly situated,**  )<br><br>**Plaintiff,**  )<br><br>**v.**  )<br><br>**SIRIUS XM RADIO, INC.,**  )<br><br>**Defendant.**  ) | **Case No. 3:17-cv-00728-D** |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT SIRIUS XM RADIO INC.**

Defendant Sirius XM Radio Inc. ("SiriusXM"), by and through its undersigned counsel, hereby responds to the Original Class Action Complaint (the "Complaint") filed by Plaintiff Thomas Buchanan ("Plaintiff") as follows:

**NATURE OF ACTION**

1.     SiriusXM admits that this action is brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. (the "TCPA").  Except as specifically admitted, SiriusXM denies that Plaintiff has correctly stated the applicable principles and otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.     SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

## SUBJECT MATTER JURISDICTION AND VENUE

3.     SiriusXM admits that the Court has original jurisdiction over this action as one arising under the TCPA.  Except as specifically admitted, SiriusXM denies the allegations contained in Paragraph 3 of the Complaint.

4.     SiriusXM denies that it "victimized" Plaintiff anywhere and otherwise states that the allegations set forth in Paragraph 4 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, SiriusXM admits that the Court has original jurisdiction because the action arises under the TCPA but denies that any violations occurred and denies the remaining allegations in Paragraph 4 of the Complaint.

5.     The allegations set forth in Paragraph 5 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM admits that the Court has federal question subject matter jurisdiction because the action arises under the TCPA but denies that any violations occurred and denies the remaining allegations in Paragraph 5 of the Complaint.

## PARTIES AND PERSONAL JURISDICTION

6.     SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.     SiriusXM admits that it is a Delaware corporation.  SiriusXM denies that its corporate headquarters and principal place of business is located at 1221 Avenue of the Americas, New York, New York 10020.

8.     SiriusXM admits that it broadcasts music, sports, entertainment, comedy, talk, news, traffic and weather channels, as well as infotainment services, in the United States on a subscription fee basis and also over the Internet, including through applications for mobile

devices.  Except as specifically admitted, SiriusXM denies the allegations contained in Paragraph 8 of the Complaint.

9.    SiriusXM admits that it transacts business in various U.S. states, including Texas.  Except as specifically admitted, SiriusXM denies the allegations contained in Paragraph 9 of the Complaint.

10.    SiriusXM admits that it transacts business in Texas.   Except as specifically admitted, SiriusXM denies the allegations contained in Paragraph 10 of the Complaint.

11.    SiriusXM admits that it transacts business in Texas from which it derives revenue.  Except as specifically admitted, SiriusXM denies the allegations contained in Paragraph 11 of the Complaint.

12.    SiriusXM denies that it violated the TCPA or otherwise caused any tortious injury to Plaintiff and otherwise denies the allegations contained in Paragraph 12 of the Complaint.

13.    The allegations set forth in Paragraph 13 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM admits that personal jurisdiction may be exercised over SiriusXM in this case.

14.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intent in Paragraph 14 and therefore denies them.

15.    SiriusXM admits that it transacts business in various U.S. states and that it is engaged in interstate commerce, through the use of telephone lines and the mail.

## APPLICABLE LAW

16.    The allegations set forth in Paragraph 16 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM states that the TCPA and the regulations relating to the TCPA speak for themselves and otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17.    The allegations set forth in the first sentence of Paragraph 17 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM states that the TCPA and the regulations relating to the TCPA speak for themselves and otherwise denies the allegations contained in the first sentence of Paragraph 17 of the Complaint.  SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and denies them.

18.    The allegations set forth in Paragraph 18 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM states that the TCPA and the regulations relating to the TCPA speak for themselves and otherwise denies the allegations contained in Paragraph 18 of the Complaint.

19.    The allegations set forth in Paragraph 19 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM states that the TCPA and the regulations relating to the TCPA speak for themselves and otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20.    The allegations set forth in Paragraph 20 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM states that the TCPA and the regulations relating to the TCPA speak for themselves and otherwise denies the allegations contained in Paragraph 20 of the Complaint.

21.    SiriusXM states that the TCPA and the regulations relating to the TCPA speak for themselves and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22.    The allegations set forth in Paragraph 22 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM states that the

TCPA and the regulations relating to the TCPA speak for themselves and otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23     The allegations set forth in Paragraph 23 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM states that the TCPA and the regulations relating to the TCPA speak for themselves and otherwise denies the allegations contained in Paragraph 23 of the Complaint.

24.    The allegations set forth in Paragraph 24 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 24 of the Complaint.

25.    The allegations set forth in Paragraph 25 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 25 of the Complaint, except SiriusXM admits that the cited statutory and regulatory sections contain the quoted language.

26.    The allegations set forth in Paragraph 26 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 26 of the Complaint, except SiriusXM admits that the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995), contain the quoted language.

27.    The allegations set forth in Paragraph 27 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 27 of the Complaint, except SiriusXM admits that the Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005), contains the quoted language.

28.    The allegations set forth in Paragraph 28 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 28 of the Complaint, except SiriusXM admits that *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013), contains the quoted language.

### FACTUAL ALLEGATIONS AS TO THOMAS BUCHANAN

29.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32.    SiriusXM admits that, pursuant to established business practices, SiriusXM caused to be mailed a "Welcome Kit" to new subscribers.  SiriusXM further admits that Plaintiff received the "Welcome Kit," but otherwise denies any remaining allegations in Paragraph 32.

33.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 35 and therefore denies them. SiriusXM denies the allegations in the second sentence of Paragraph 35.

36.    SiriusXM has no record of having received the letter attached as Exhibit B to the Complaint and therefore denies the allegations in Paragraph 36 of the Complaint.

37.    SiriusXM denies the allegations contained in Paragraph 37 of the Complaint.

38.    SiriusXM denies the allegations contained in Paragraph 38 of the Complaint.

## CLASS ACTION ALLEGATIONS

39.    SiriusXM admits that Plaintiff seeks to certify a "National Do-Not-Call Registry Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the class he seeks to certify is described in Paragraph 39 of the Complaint.  SiriusXM denies that the class alleged is proper or can be certified.

40.    SiriusXM admits that Plaintiff seeks to reserve the right to modify the class definition contained in Paragraph 39.  Except as specifically admitted, SiriusXM denies the allegations contained in Paragraph 40.

41.    SiriusXM admits that Plaintiff seeks to certify an "Internal Do-Not-Call Registry Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the class he seeks to certify is described in Paragraph 41 of the Complaint.  SiriusXM denies that the class alleged is proper or can be certified.

42.    SiriusXM admits that Plaintiff seeks to reserve the right to modify the class definition contained in Paragraph 41.  Except as specifically admitted, SiriusXM denies the allegations contained in Paragraph 42.

43.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45.    SiriusXM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46.     The allegations set forth in Paragraph 46 of the Complaint are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraphs 46(a)-(f).

47.     The allegations set forth in Paragraph 47 of the Complaint are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 47.

48.     The allegations set forth in Paragraph 48 of the Complaint are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 48.

49.     The allegations set forth in Paragraph 49 of the Complaint are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, SiriusXM denies the allegations contained in Paragraph 49.

50.     SiriusXM denies the allegations contained in Paragraph 50 of the Complaint.

## CAUSES OF ACTION

### Count I

51.     SiriusXM reasserts and incorporates by reference its responses to Paragraphs 1-50 of the Complaint as if set forth fully herein.

52.     SiriusXM denies the allegations contained in Paragraph 52 of the Complaint.

53.     SiriusXM admits only that Plaintiff's wife was contacted more than one time during the course of his wife's subscription regarding SiriusXM's satellite radio services, but denies any allegation that SiriusXM violated any law in doing so.  Except as specifically admitted, SiriusXM denies the allegations in Paragraph 53 of the Complaint.

54.     SiriusXM denies the allegations contained in Paragraph 54 of the Complaint.

55.     SiriusXM denies the allegations contained in Paragraph 55 of the Complaint.

56.    SiriusXM admits that Plaintiff seeks, on behalf of himself and the alleged class, injunctive relief.  Except as specifically admitted, SiriusXM denies that Plaintiff is entitled to any relief and otherwise denies the allegations in Paragraph 56 of the Complaint.

## Count II

57.    SiriusXM reasserts and incorporates by reference its responses to Paragraphs 1-56 of the Complaint as if set forth fully herein.

58.    SiriusXM denies the allegations contained in Paragraph 58 of the Complaint.

59.    SiriusXM admits only that Plaintiff's wife was contacted during the course of his wife's subscription regarding SiriusXM's satellite radio services, but denies any allegation that SiriusXM violated any law in doing so.  Except as specifically admitted, SiriusXM denies the allegations in Paragraph 59 of the Complaint.

60.    SiriusXM denies the allegations contained in Paragraph 60 of the Complaint.

61.    SiriusXM admits that Plaintiff seeks, on behalf of himself and the alleged class, injunctive relief.  Except as specifically admitted, SiriusXM denies that Plaintiff is entitled to any relief and otherwise denies the allegations in Paragraph 61 of the Complaint.

## DEMAND FOR PRESERVATION

62.    SiriusXM states that no response is required.

63.    SiriusXM states that no response is required.

## Incorporation of Paragraphs into other Paragraphs

64.    SiriusXM reasserts and incorporates by reference its responses to Paragraphs 1-63 as if set forth fully herein.

## PRAYER FOR RELIEF

To the extent a response is required to Plaintiff's prayer for relief, SiriusXM denies that Plaintiff is entitled to the relief he seeks.

## DEMAND FOR TRIAL BY JURY

SiriusXM denies that Plaintiff is entitled to a trial by jury since he cannot state a viable claim.

## ADDITIONAL DEFENSES

SiriusXM sets forth below its additional defenses.  Each additional defense is asserted as to all claims against SiriusXM.  By setting forth these defenses, SiriusXM does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. SiriusXM reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

As separate and distinct defenses, SiriusXM alleges as follows:

### First Additional Defense

### (Failure to State a Claim)

Plaintiff fails to state a claim upon which relief may be granted.

### Second Additional Defense

### (Arbitration)

Plaintiff's claims and the claims of putative class members are subject to binding arbitration on an individual basis.

### Third Additional Defense

### (Failure to Satisfy Rule 23)

- 10 -

Plaintiff fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil

Procedure for maintaining a class action.


### Fourth Additional Defense

### (Class Action Waiver)

Plaintiff's claims are subject to a class action waiver.

### Fifth Additional Defense

### (Established Business Relationship)

Plaintiff's claims and claims by some or all putative class members are barred or limited

by the "established business relationship" exemption, 16 C.F.R. § 310.4(b)(1)(iii)(B).  The

determination of whether SiriusXM has an "established business relationship" with any or all of

the putative class members will require individualized hearings with respect to each telephone

call.  As a result, the Court will need to resolve any possible liability with respect to each

potential class member on an individualized basis.

### Sixth Additional Defense

### (Not Listed on National Do-Not-Call Registry)

Plaintiff's claims and the claims of putative class members brought under 47 U.S.C.

§ 227(c)(5) are barred to the extent that the residential telephone numbers of Plaintiff and the

putative class members were not listed on the national do-not-call registry at the time that any of

the challenged calls were made.

### Seventh Additional Defense

### (Not Listed on Internal Do-Not-Call Registry)

Plaintiff's claims and the claims of putative class members brought under 47 U.S.C. § 227(c)(5) are barred to the extent that the residential telephone numbers of Plaintiff and the putative class members were not listed on the internal do-not-call registry at the time the challenged calls were made.

## Eighth Additional Defense

### (Prior Consent)

SiriusXM cannot be liable under the TCPA where Plaintiff and the putative class members consented to receive telemarketing calls by providing their telephone phone number to SiriusXM or an agent of SiriusXM or in any other manner.  This defense is asserted in the alternative to the argument that lack of consent is an element of a TCPA claim.  The determination of whether an individual gave consent will require individualized hearings with respect to each telephone call.  As a result, the Court will need to resolve any possible liability with respect to each potential class member on an individualized basis.

## Ninth Additional Defense

### (Reasonable Procedures)

SiriusXM cannot be liable for any purported violations of 47 U.S.C. § 227(c)(5) because it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations purportedly in violation of the regulations prescribed under that subsection.

## Tenth Additional Defense

### (Reasonable Procedures)

SiriusXM cannot be liable for any purported violations of 47 C.F.R. 64.1200(c)(2) because it established and implemented, with due care, reasonable practices and procedures to

effectively prevent telephone solicitations purportedly in violation of the regulations prescribed under that subsection.

## Eleventh Additional Defense

### (Honored Do-Not-Call Requests)

SiriusXM honored Plaintiff's alleged do-not-call request within the statutory time period after which the request was made.

## Twelfth Additional Defense

### (No Injury-in-Fact)

Plaintiff lacks standing because he has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiff seeks only statutory damages.

## Thirteenth Additional Defense

### (Lack of Standing)

Plaintiff lacks standing because he was not the intended recipient of the challenged calls.

## Fourteenth Additional Defense

### (Hobbs Act)

Plaintiff's claims and the claims of putative class members are barred in whole or in part because they ask the Court to rule on validity of an FCC order, which is a matter over which the United States Circuit Courts of Appeals have exclusive original jurisdiction pursuant to the Hobbs Act. *See* 47 U.S.C. § 402(a); 28 U.S.C. § 2342.

## Fifteenth Additional Defense

### (No Willing or Knowing Violation)

SiriusXM did not knowingly or willfully cause any phone call to be made in violation of any provisions or regulation of the TCPA. Plaintiffs, therefore, and not entitled to treble damages.

- 13 -

## Sixteenth Additional Defense

### (Vicarious Liability)

Plaintiff's claims and the claims of putative class members are barred to the extent that they seek to hold SiriusXM liable for calls it did not make.

## Seventeenth Additional Defense

### (Free Speech)

Finding SiriusXM liable for calling a recipient who wished to receive the calls or did not object to receiving the calls would violate the First Amendment of the United States Constitution and similar provisions of various state constitutions.

## Eighteenth Additional Defense

### (Due Process)

Awarding statutory damages to a class under the TCPA in this case would violate the Fifth Amendment and Eighth Amendment of the United States Constitution and similar provisions of various state constitutions.

Dated:  June 15, 2017                                 Respectfully submitted,

                                                      /s/  Albert J. Rota
                                                      Albert J. Rota
                                                      Texas Bar No. 24056233
                                                      Natalia O. Delaune
                                                      Texas Bar No. 24074831
                                                      JONES DAY
                                                      2727 North Harwood Street
                                                      Dallas, Texas 75201
                                                      Phone:  (214) 220-3939
                                                      Fax:  (214) 969-5100
                                                      ajrota@jonesday.com
                                                      ndelaune@jonesday.com

                                                      *Attorneys for Sirius XM Radio, Inc.*

                                                      JONES DAY

                                                      Thomas Demitrack (admitted *pro hac vice*)
                                                      Email:  tdemitrack@jonesday.com
                                                      North Point
                                                      901 Lakeside Avenue
                                                      Cleveland, Ohio 44114
                                                      Telephone:  (216) 586-3939
                                                      Facsimile:  (216) 579-0212

                                                      Lee A. Armstrong (admitted *pro hac vice*)
                                                      Email:  laarmstrong@jonesday.com
                                                      Allison L. Waks (admitted *pro hac vice*)
                                                      Email:  awaks@jonesday.com
                                                      250 Vesey Street
                                                      New York, NY 10281
                                                      Telephone:  (212) 326-3939
                                                      Facsimile:  (212) 755-7306

## **CERTIFICATE OF SERVICE**

I certify that on June 15, 2017, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system for filing and transmittal of a Notice of Electronic

Filing to all ECF registrants in this action.


*/s/ Albert J. Rota*
Albert J. Rota