# SIRI & GLIMSTAD LLP

200 PARK AVENUE
SEVENTEENTH FLOOR
NEW YORK, NY 10166
P: (212) 532-1091
F: (646) 417-5967
WWW.SIRILLP.COM

**VIA EMAIL**                                        October 24, 2017

Allison L. Waks
JONES DAY
250 Vesey Street
New York, NY 10281
Email: awaks@jonesday.com


      Re:    <u>Buchanan v. Sirius XM Radio, Inc.</u>, Case No. 3:17-cv-728

Dear Ms. Waks:

      I write on behalf of Plaintiff to respond to your email of October 5, 2017.  In your email, you responded to our revised Requests for Production ("RFP") contained in Jarrett Ellzey's email of October 16, 2017.  We appreciate your willingness to agree to extend the deadline for our filing the motion for class certification.  The deadlines we agreed to, however, assume that we can resolve our differences regarding Sirius XM's production, and receive documents in a timely manner. To that end, I will again reply to your responses in turn:

**<u>Defendant's First Response:</u>**       **RFP No. 1.**  Although we have reached out to the vendors, not all have confirmed that we have their consent to produce our service agreements (so-called MSAs).  Those vendors that have responded have made varying demands on what must be redacted.  If you want to speed this process, you are welcome to reach out to the vendors directly.  Sirius XM will not subject itself to breach of contract claims brought by the vendors by its production of any MSAs absent written consent from the vendors and the execution of the protective order.

> *I understand Sirius XM's need to adhere to the provisions of its contracts, however, the fact that this is slowing down the production process and that you say you will need to redact certain portions of the agreements is troubling.  The existence of a private nondisclosure agreement is not a valid objection to a request for production.  See Nvision Biomedical Techs., LLC v. Jalex Med., LLC, No. 5:15-CV-284 RP, 2016 WL 8285637, at \*2 (W.D. Tex. Feb. 1, 2016) (ordering production of documents that were subject to a nondisclosure agreement with third parties); Tinkers & Chance v. Leapfrog Enterprises, Inc., No. CIV.A. 2:05-CV-349, 2006 WL 462601, at \*2 (E.D. Tex. Feb. 23, 2006) (ordering "the production of all relevant documents and evidence, without regard to any private non-disclosure agreements").  If the vendors have concerns regarding confidential or trade secret information, Sirius XM is welcome to mark the documents in*

*accordance with the confidentiality protective order we intend to enter into. See Nvision Biomedical Techs., LLC, 2016 WL 8285637, at \*3 (stating that "the existing Confidentiality and Protective Order . . . is sufficient to satisfy" any concerns over sensitive or proprietary information); Tinkers & Chance, 2006 WL 462601, at \*2 (directing that confidential information be produced under the protective order in the case). As a result, we see no valid reason why portions of the contracts need to be redacted. Plaintiff in this action is not a competitor of any of Sirius XM's vendors, thus, so long as we are prohibited by the protective order from disseminating confidential information, there is no reason to hide that information in the litigation. Given all of the above, so long as Sirius XM provided the vendors with notice and an opportunity to intervene in this action to protect their interests, I see no reason why Sirius XM is risking a breach of contract by producing the documents immediately in response to Plaintiff's request for production.*

**Defendant's Second Response:**     **RFP Nos. 2, 5**. Sirius XM's position remains that these lists, which do not capture those who ultimately received telephone calls, are irrelevant and over inclusive. Please see our response to RFP No. 3.

*Sirius XM's objection, that the lists it sent to the vendors are irrelevant, is simply wrong. As noted in my prior letter, the names, addresses and phone numbers of the individuals called are relevant to both Plaintiff's case and to the class certification motion. Gossett v. CMRE Fin. Servs., 142 F. Supp. 3d 1083, 1090 (S.D. Cal. 2015) (ordering the production of call lists provided by a company to its telephone vendor because they were relevant to class certification in a TCPA matter). As just one example of the lists' relevance, we understand that Sirius XM may assert an affirmative defense that the people called either provided consent for the calls or were in pre-existing business relationships with Sirius XM prior to the calls. If that is the case, then both the names and numbers of the people called are required so that Plaintiff can match the consent/prior relationship with the name of the person called. E.g., Mey v. Interstate Nat'l Dealer Servs., Inc., No. 1:14-CV-01846-ELR, 2015 WL 11256613, at \*4 (N.D. Ga. June 19, 2015) (ordering the defendant to produce the <u>names and numbers</u> of the individuals called if it intended to assert an affirmative defense based on consent or business relationship). Similarly, if Sirius XM intends to assert a defense to class certification based on whether the class members are ascertainable, the name, address and phone number of the individuals called will be critical to Plaintiff's response to such a defense.*

*To the extent the lists may include individuals that were not called, their presence on those lists is not a reason to withhold production of the entire lists. Sirius XM is welcome to scrub the lists to redact those individuals prior to producing the lists. Thrasher v. CMRE Fin. Servs., Inc., No. 14-CV-1540 BEN NLS, 2015 WL 1138469, at \*2 (S.D. Cal. Mar. 13, 2015) (holding that where a call list may have included certain numbers that were outside the class definition, i.e., land lines, the defendant still needed to produce the entire list, but it could "'scrub,' or, redact that information from the production"). For*

*these reasons, the customer lists are relevant and are not overly broad, therefore, we insist that you produce such customer lists as soon as possible.*

**Defendant's Third Response:** **RFP Nos. 3, 6**. Sirius XM will produce to plaintiffs a .txt file that will consist of all calls placed on its behalf by telemarketing vendors during the relevant class period. It will contain at least the telephone number called and the date and time of call. These logs, however, will not include the name and address of the consumers. This is the best and only source of call logs that Sirius XM has in its possession. For clarity, the "flatfile" to which TSD referred and the "daily report" to which Servicom referred are not separate stand alone documents that Sirius XM can produce. Rather, those are data transmissions, and the data contained within them is captured within the logs we will produce to you. Please note that Sirius XM believes that the call volumes that were provided to you by at least TSD, Servicom and MarketLink may represent more calls that can be at issue in this lawsuit. For example, TSD is Sirius XM's primary vendor for debt collection calls. TSD may have included those calls in the volume of calls it reported to you. Finally, due to the massive size of the file, we will need to make arrangements for how we can transmit this .txt file to you. We think it will be most appropriate to have an IT specialist on your end talk to an IT specialist at our e-discovery vendor.

*We appreciate your change of mind regarding the call logs. Please let us know the format of the .txt file, and confirm that it will be formatted in a manner that will make it easy for us to upload and review the data (e.g., in a csv format). As to the actual transmission of the file, we agree that we should have the IT specialist discuss the matter when the logs are ready.*

*You note that some of the calls made by your vendors may fall outside the class definition. If you intend to filter out of the logs the phone calls you claim are outside the class definition, we ask that you identify what criteria you are using to effectuate such a filter so we can understand the data we will receive and evaluate whether it is sufficient.*

*You state that the .txt file "will not include the name and address of the consumers." However, for the reasons stated above, we disagree with your refusal to provide such information. The names and addresses are directly relevant to both Plaintiff's causes of action and to the class certification motion. Furthermore, if the call logs are stored along with the names and addresses of the call recipients, then we are entitled to receive the full logs as they are maintained pursuant to Rule 34(b)(E) and our original document demands. Therefore, we must demand that you produce the names and addresses along with the phone numbers.*

*You further assert that the information in the flatfiles and daily reports Sirius XM receives from its vendors are subsumed in the database that will create the .txt file. Your email is unclear as to whether Sirius XM still maintains copies of the flatfiles and daily reports. We have no interest in duplicating work. But, those flatfiles and daily reports could be useful tools in confirming or evaluating the data you provide. Therefore, even though we are willing to forego production of such documents at this time, we cannot agree that we will never demand such documents from Sirius XM in the future. As a result, could you please confirm whether Sirius XM maintains such documents from the*

*relevant class period, and if so that it will continue to maintain such documents during the pendency of this action?*

**Defendant's Fourth Response:** **RFP No. 4**. Sirius XM is producing all of the quarterly certifications that it has received from the telemarketing vendors over the class period. The second category of documents responsive to this request are daily summaries that we receive from the vendors (although not from all vendors for the duration of the class period). As to the second category, we will be providing a sampling of these documents, and then we can meet and confer to discuss whether further production is appropriate. The reason for the initial sample is that it is highly burdensome and time consuming to locate and produce this magnitude of data. In response to your request for a list of what these reports are, please note that it would be inefficient and uninformative to provide you with a listing of what these reports are, beyond stating that they are reports on call metrics, by campaign or other grouping.

*Thank you for agreeing to produce the quarterly certifications. Furthermore, we agree with your suggestion that Sirius XM should produce samples of the daily summaries to evaluate their usefulness before we ask you to produce the remaining summaries. As to my prior request for a list of what the reports are, I asked if Sirius XM has any reports in addition to the quarterly certifications and daily summaries that it receives from its vendors, and if so I was asking for a description of those reports so we can evaluate whether they would be relevant and useful. Therefore, if Sirius XM receives any vendor reports other than the quarterly certifications and daily summaries from its vendors, please provide a list of those additional reports.*

**Defendant's Fifth Response:** **RFP No. 9 and Rog No. 15**. Sirius XM stated that calls were placed to 39.79 million unique phone numbers on behalf of Sirius XM during the relevant period. We believe that this number will be confirmed upon production of our call logs, in response to RFP No. 3.

*We look forward to receiving documents sufficient to evaluate your asserted call total.*

**Defendant's Sixth Response:** As to **RFP Nos. 7 & 8**, as mentioned, we are gathering and preparing documents for production as soon as we are able to upon the execution of a protective order.

*As noted above, these documents will presumably be important to Sirius XM's defenses in this action. Therefore, we request that you provide at least samples of the documents you intend to produce as soon as possible. It is possible, upon review of the evidence you intend to provide concerning consent/prior relationship, that we may not need the names and addresses that you are refusing to produce. But, we cannot know that until we review the consent/prior relationship documents.*

***************

We have reviewed your proposed changes to the "Stipulated Joint Protective Order." I am enclosing a red-line showing the changes we propose.

Page **4** of **6**

We are primarily concerned about your proposed addition of the "Acknowledgment and Agreement to Be Bound Regarding Private Person Information." The data Plaintiff is requesting includes names, addresses and phone numbers, all information that is freely available in phone books or through other services. We are not seeking sensitive information, such as that described in Fed. R. Civ. Pro. 5.2. As a result, we see no need for the extreme level of security that the Acknowledgment and Agreement requires. *See United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 278967, at *6 (E.D. Tex. Jan. 22, 2016) (refusing to issue a protective order requiring the Plaintiff to observe "the same privacy and data security obligations imposed on Defendants" who were debt collectors, and to "[c]omply with Texas's information security requirements," because the protections in the standard protective order were sufficient to safeguard the data).

Furthermore, the demands that the Acknowledgment and Agreement assert are unduly burdensome. For example, your demand for ISO 27001 and 27002 compliance, SSAE 16 Assessments, and encryption that meets certain NIST standards, are extremely expensive to implement, and entirely unnecessary for the type of information being exchanged here. Likewise, there is no basis for you to demand indemnification in exchange for producing documents that Plaintiff is entitled to.

We can agree to include the standard "Acknowledgment and Agreement to Be Bound" that you inserted. However, the additional requirements "Regarding Private Person Information" are unacceptable.

Again, we are committed to working with Sirius XM as part of the meet and confer process, however, as I stated in my prior letter, we need to move this litigation forward. As such, if we do not hear from you by October 31, 2017, or you continue to refuse to produce the documents responsive to our RFPs, then we will have no choice but to make a motion to compel production of same.

We look forward to hearing from you. If you would like to discuss any of the above, please feel free to contact me.

Sincerely Yours,

Mason A. Barney

*Attorney for Plaintiff*

Enclosure

CC:  Demitrack, Thomas (tdemitrack@JonesDay.com)
  Lee A. Armstrong (laarmstrong@JonesDay.com)
  Natalia O. Delaune (ndelaune@jonesday.com)

W. Craft Hughes (Craft@hughesellzey.com)
Henry Turner (hturner@tloffices.com)
Douglas M. Werman (dwerman@flsalaw.com)
Aaron Siri (aaron@sirillp.com)
Jarrett Ellzey (Jarrett@hughesellzey.com)