# SIRI & GLIMSTAD LLP

200 PARK AVENUE
SEVENTEENTH FLOOR
NEW YORK, NY 10166
P: (212) 532-1091
F: (646) 417-5967
WWW.SIRILLP.COM

**VIA EMAIL**                                November 2, 2017

Thomas Demitrack
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio  44114.1190
Email: tdemitrack@jonesday.com


Re:   *Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-728

Dear Tom:

I write on behalf of Plaintiff to respond to your email of October 30, 2017.  In this letter, I will respond to your comments regarding my prior letter.  We will respond to your claimed deficiencies in Plaintiff's production in a separate letter.

As to your suggestion that we speak this week, I am available Friday afternoon or any time on Monday.  Please let me know what time would work for you.

I will again reply to your responses in turn:

**Defendant's First Response:**    As to the vendor agreements, we will provide to you (either tomorrow or on Wednesday) versions of the agreements that contain the redactions upon which individual vendors are insisting, to the extent that we've heard back from the vendors – we haven't heard from all of them yet, but we will supplement the production as and to the extent that we do.  We will need you to agree to treat them on an outside counsel basis pending our entry into a protective order so let me know if that's OK.  Also, I realize that we'll have further discussions with you regarding those redactions, but we can at least start with giving you the redacted versions (as and once we have permission) and then  discuss with you when we speak and explain to you generally what's in the redacted sections and then address next steps to the extent you are interested in seeing what's in the redacted sections.

> *We appreciate your willingness to produce these agreements before we finalize our negotiations over the protective order, and we will agree to keep them "on an outside counsel basis pending our entry into" the protective order. Even though we stand by our position in my prior letter that we are entitled to review un-redacted versions of these agreements, we agree with you that starting with the redacted versions and then seeing if we need to have further discussions is a reasonable approach.  You stated that you have not received responses from all of the outside vendors, please confirm that you will*

> *continue to produce the redacted versions on a rolling basis as you receive the relevant responses? When you produce the initial tranche of agreements, could you please let us know approximately how many agreements are still outstanding so that we can keep track of what still needs to be produced?*

**Defendant's Second Response:** As to the lists of names that Sirius XM provided to vendors (i.e., revised document requests 2, 3), we still do not understand how those lists are relevant. As we previously explained, not all of the consumers on those lists were called so the lists are necessarily over inclusive. You say that you need to know the names of the consumers who were called. We can address that issue in the context of the text ("txt") files, though, which will provide information on calls that the vendors actually made – we will either reach an agreement or not on disclosing the names in the text files (or need court assistance in resolving that issue). In that regard, we are continuing to discuss this issue with our client and expect to have an update for you later this week. Of course, whatever happens, it will happen in the context of the text files, which contain the information (calls actually made). We don't see why you need the lists that Sirius XM provided to the vendors. Those over inclusive lists will be completely useless to the plaintiffs, and they will not resolve the issue re names, and yet they are hard for the company to access, organize and produce in a systematic way.

> *We stand by the assertions made in my prior letter that the lists of names that Sirius XM provided to its outside vendors is relevant, and that Plaintiff is entitled to review the lists. However, in the interest of moving this matter forward, if Sirius XM will agree to produce the .txt files with the individuals' names and phone numbers, then we can agree to table our request for the lists provided to the vendors. To be clear, we reserve the right to request such lists later in the litigation if we think it prudent.*

> *As to inclusion of the names in the .txt file, we believe that the names are necessary for the reasons I stated in my October 24, 2017 letter, and I look forward to discussing this issue with you when we speak.*

**Defendant's Third Response:** Regarding your question regarding the "txt" files, I am advised that your vendor should be able to convert the "txt" files into a "csv" format. If there are any issues, we can address when our technical people talk to your technical people.

> *A .csv format should be fine for us, thank you for the clarification.*

> *You did not respond to my question regarding whether Sirius XM maintains the flatfiles and daily reports, and if so whether it would continue to do so during the pendency of this action. Please let me know your client's position on this.*

> *I also note that you did not answer my question about whether Sirius XM receives any vendor reports other than the quarterly certifications and daily summaries from its vendors. If they do, please provide a list of those additional reports.*

**Defendant's Fourth Response:** With respect to your comments regarding the "Acknowledgement" in the protective order draft, we are willing to delete the reference to the

SSAE 16 audit requirement. The remaining provisions in that acknowledgement are industry standards and consistent with Sirius XM's own internal standards, and Sirius XM has also agreed with at least some OEMs to maintain their customer information consistent with these standards. Other counsel and their vendors in prior litigation have also agreed to these provisions in the past. (We will have other comments on your suggested edits to the protective order draft later this week.)

> *I received your additional comments to the protective order. As I stated in my prior letter, I do not understand the need for the extreme level of security that you are insisting on in the Acknowledgment Regarding Private Personal Information and in other sections of the Protective Order. I will address here only those suggested changes that we cannot agree to:*
>
> *Section 2.2 - You designate as private personal information "customer names, addresses, and telephone numbers." This means that such information would be covered by the heightened security procedures. In the discovery context, names and phone numbers are generally not considered confidential. See Thurby v. Encore Receivable Mgmt., Inc., 251 F.R.D. 620, 622 (D. Colo. 2008) (holding that personal contact information is not confidential); Plastic the Movie Ltd. v. John Doe Subscriber Assigned IP Address 24.0.105.163, No. CIV. 15-2446 JHR/JS, 2015 WL 4715528, at \*1 (D.N.J. Aug. 7, 2015) (holding that names, addresses and phone numbers are "not privileged or confidential" because people regularly provide such information to third parties and therefore "do not have a reasonable expectation of privacy" in such information (internal quotations omitted)). As such, we cannot agree to your change to Section 2.2, and we believe that the only information that would need a heightened protection, if any, is the information designated under Rule 5.2. To be clear, we have no objection to your designating the .txt files or others similar files that contain individuals' names and phone numbers as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in order to protect the information, but we believe that the standard protections these designations offer are all that is required in this situation.*
>
> *Section 6.3 – We don't understand why protections on names and addresses should not be waived if the designating party chooses to not make a motion. As noted, such information is not presumptively confidential in the discovery process, and thus, should be not subject to heightened protection. If you agree to limit the protected personally identifiable information to just the information protected under Rule 5.2, then we are willing to accept this change with the removal of "such as name and address."*
>
> *Section 7.1 – As discussed below, we cannot agree to the Acknowledgment Regarding Private Personal Information, therefore, we cannot agree to your change to this section.*
>
> *Section 11 – I do not understand why you removed FRE 502(d) from this section. This seems like an innocuous provision and as such I do not see the need to change it.*
>
> *Acknowledgment Regarding Private Personal Information – Even though we appreciate your willingness to waive the SSAE 16 requirement, that does not address the other*

Page **3** of **4**

*issues I raised regarding the Acknowledgment's security requirements, or its indemnification requirements. I understand that certain counsel in prior matters may have agreed to these terms, but we cannot do so here. Plaintiffs are not asking for sensitive financial information, social security numbers, or medical information, we are simply requesting names and phone numbers, information that is generally publicly available from any number of sources. As such, the provisions of the Acknowledgment are both unduly burdensome and unnecessary. These requirements may be "industry standard" for Sirius XM, but that does not mean that Plaintiff in this action is bound to the same standards. United States v. Ocwen Loan Servicing, LLC, No. 4:12-CV-543, 2016 WL 278967, at \*6 (E.D. Tex. Jan. 22, 2016) (refusing to require plaintiff to abide by defendant's industry standard data security obligations). If, as you say, certain of Sirius XM's agreements with OEM's require Sirius XM to maintain this level of security, I do not see how that requirement transfers to Plaintiff in this action where the documents are being requested as part of discovery. If you believe it does, please provide the specific language from the agreements that require such a transference so that we may evaluate it.*

As you know, the extended date for Plaintiff to file the class certification motion is January 12, 2018. Obviously, Plaintiff will need time to review the documents you produce, and as indicated above, after that review we may need to request additional documents. As a result, we need to push this matter forward expeditiously. Assuming we can work out a resolution to the issues with the Protective Order quickly, we would ask that you begin production by November 10th, and complete that production by November 17th.

We look forward to speaking with you. If you would like to discuss any of the above, please feel free to contact me.

                          Sincerely Yours,

                          Mason A. Barney

                          *Attorney for Plaintiff*

CC:    Allison L. Waks (awaks@jonesday.com)
        Lee A. Armstrong (laarmstrong@jonesday.com)
        Natalia O. Delaune (ndelaune@jonesday.com)
        W. Craft Hughes (Craft@hughesellzey.com)
        Henry Turner (hturner@tloffices.com)
        Douglas M. Werman (dwerman@flsalaw.com)
        Aaron Siri (aaron@sirillp.com)
        Jarrett Ellzey (Jarrett@hughesellzey.com)