**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | 17-cv-00728 |
| v. | |
| SIRIUS XM RADIO INC., | |
| Defendant. | |

## STIPULATED JOINT PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Named Plaintiff Thomas Buchanan ("Plaintiff") and Defendant Sirius XM Radio Inc. ("Defendant"), through their respective Attorneys of Record, as follows:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, including personally identifiable information of individual consumers, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and Order. The Parties acknowledge that this Stipulation and Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and

use extends only to the limited information that are entitled to confidential treatment under the

applicable legal principles. The Parties understand that nothing in this Stipulation and Order

changes, amends, or circumvents any court rule or local rule.

2.      **DEFINITIONS**

   2.1    **Challenging Party:** a Party or Non-Party that challenges the designation of

          information under this Stipulation and Order.

   2.2    **"CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES**

          **ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON**

          **INFORMATION" Information:** information (regardless of how it is generated,

          stored or maintained) that qualifies for protection under Federal Rule of Civil

          Procedure 26(c). The Parties agree that "Confidential Information" shall not include:

          (a) information that is or, after its production in this action, has become public as a

          result of disclosure not involving a violation of this Stipulation and Order; or (b)

          information that the Receiving Party can show was received by it from a source who

          obtained the information lawfully and under no obligation of confidentiality, provided

          that the Receiving Party treats the information as Confidential as designated until the

          Designating Party agrees to such change of designation or until resolution of any

          dispute as to designation as set out in Section 6 below. To designate information as

          "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Producing Party

          or Designating Party must reasonably and in good faith believe that the information

          meets the same requirements as those for that designated as "CONFIDENTIAL" and

in addition reflects trade secrets or information concerning confidential research and development, or other commercial information that has value from not being generally known, and the disclosure of which to the Receiving Party creates a likely and substantial risk of serious commercial or reputation harm to the Producing Party or Designating Party.  To designate information as "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION" the Producing Party or Designating Party must reasonably and in good faith believe that the information meets the same requirements as those for that designated as "CONFIDENTIAL" and in addition includes private personal information, which includes but is not limited to customer names, addresses, and/or telephone numbers which are subject to confidentiality agreements, is protected by state privacy laws or is otherwise protected by Fed. R. Civ. P. 5.2.

2.3    **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    **Designating Party:** a Party or Non-Party that designates information that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION."

2.5    **Disclosure or Discovery Material:** all information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6**     **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.7**     **House Counsel:** attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8**     **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9**     **Outside Counsel of Record:** attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**2.10**    **Party:** any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.11**    **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12**    **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13**   **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION."

**2.14**   **Receiving Party:** a Party that receives Disclosure or Discovery Material from, e.g., a Producing Party.

**3.**   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order entered by the district court in which the case is tried.

4.      **DURATION**

The provisions of this Stipulation and Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.

**DESIGNATING PROTECTED MATERIAL**

5.1     **Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information for protection under this Stipulation and Order shall limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order.  Indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.2     **Manner and Timing of Designations.** Except as otherwise provided in this Stipulation and Order (see, e.g., section 5.4 below), or as otherwise stipulated or

ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulation and Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation and Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION" legend to each page that contains Protected Material.

(b) For all testimony given in depositions, the testimony and transcript shall presumptively be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and subject to this Stipulation and Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, the Parties may designate portions of the testimony and transcript as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by letter sent to the other Parties identifying the Protected Material by page and line numbers; after the fifteen-day period, all portions of the testimony and transcript not so designated shall be considered to not contain Protected Material and shall not be subject to this Stipulation and Order.

(c) for information produced in some form other than documentary and for any other tangible or intangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION," If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3    Inadvertent Failures to Designate.**  An inadvertent failure to designate qualified information does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation and Order for such material. Upon

correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation and Order.

**5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1     Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Stipulation and Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A

Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     **Judicial Intervention.** If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality within twenty-one (21) days of written notice of the initial notice of challenge or within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within twenty-one (21) days (or fourteen (14) days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. The burden of persuasion in any such challenge proceeding shall be on the Designating Party and the Designating Party must show that the information qualifies for protection under Federal Rule of Civil Procedure 26(c). Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a

motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**6.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Order.  Additional protections, as described herein, must be taken to ensure proper storage and security of HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION, and any person who receives HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION must sign the attached "Acknowledgement and Agreement to Be Bound Regarding Private Person Information."

7.2    **Disclosure of "CONFIDENTIAL" Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Counsel to the Parties, whether House or Outside Counsel;

(b) Current officers, directors, and employees of the Parties to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Stipulation and Order) of the Parties to whom disclosure is reasonably necessary for this litigation and who have signed an "Acknowledgment and Agreement to Be Bound";

(d) the Court and its personnel, including stenographic reporters;

(e) Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions or trial, or preparation for their depositions or trial, any witness or potential witness in the action to whom disclosure is reasonably necessary and who have signed an "Acknowledgment and Agreement to Be Bound", unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Order;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed an "Acknowledgment and Agreement to Be Bound"; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3**    **Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" OR**

**"HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION"**

**Information.** Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY

CONFIDENTIAL – PRIVATE PERSON INFORMATION" only to:

(a) Counsel to the Parties, whether House or Outside Counsel;

(b) Experts (as defined in this Stipulation and Order) of the Parties to whom
disclosure is reasonably necessary for this litigation and who have signed an
"**Acknow**ledgment and Agreement to Be Bound" or an "Acknowledgment
and Agreement to Be Bound Regarding Private Person Information," as
applicable;

(c) the Court and its personnel, including stenographic reporters;

(d) Court reporters and their staff to whom disclosure is reasonably necessary for
this litigation;

(e) Professional Vendors to whom disclosure is reasonably necessary for this
litigation and who have signed an "Acknowledgment and Agreement to Be
Bound" or an "Acknowledgment and Agreement to Be Bound Regarding
Private Person Information," as applicable; and

(f) during their depositions or trial, or preparation for their depositions or trial,
any potential witness who is the author of the document or information
designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION" or is

identified as an addressee or copy recipient of the information prior to and

apart from this action, to whom disclosure is reasonably necessary and who

have signed an "Acknowledgment and Agreement to Be Bound" or an

"Acknowledgment and Agreement to Be Bound Regarding Private Person

Information," as applicable, unless otherwise agreed by the Designating Party

or ordered by the Court. Pages of transcribed deposition testimony or exhibits

to depositions that reveal Protected Material must be separately bound by the

court reporter and may not be disclosed to anyone except as permitted under

this Stipulation and Order.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
      OTHER LITIGATION**

If a Party is served with a subpoena or a Court Order issued in other litigation that

compels disclosure of any information designated in this action as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

– PRIVATE PERSON INFORMATION" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or Court Order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is

subject to this Stipulation and Order. Such notification shall include a copy of this

Stipulation and Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or Court Order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging in this action to disobey a lawful directive from another Court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Stipulation and Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON INFORMATION." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulation and Order. The protections in this Stipulation and Order are permissive: nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, from asserting that this Stipulation and Order does not provide sufficient protection, and/or from asserting that information is not relevant or otherwise not discoverable.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order, and (d) request such person or persons to execute an "Acknowledgment and Agreement to Be Bound" or an "Acknowledgment and Agreement to Be Bound Regarding Private Person Information," as applicable.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may request that this Stipulation and Order be modified consistent with their agreement.  The Parties' agreement will be effective only if the Court modifies this Stipulation and Order to incorporate their agreement.

**12.    MISCELLANEOUS**

**12.1**   **No waiver of previous designations or application of Fed. R. Evid. 408.** This
Stipulation and Order is intended to continue the protection of confidential
information notwithstanding the reproduction of materials used in any related actions.
Similarly, all information and documents exchanged previous to the effective date of
this Stipulation and Order, for purposes of compromising or settling, or negotiating or
attempting to compromise or settle this action, shall remain protected under Federal
Rule of Evidence 408. Nothing in this Stipulation and Order, nor productions/re-
productions of materials in this action, shall be considered a waiver of any earlier
designations of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS'
EYES ONLY," or "HIGHLY CONFIDENTIAL – PRIVATE PERSON
INFORMATION" information. To the extent communications, documents, and
information were exchanged for purposes of compromising or settling, or negotiating
or attempting to compromise or settle, nothing in this Stipulation and Order, nor
productions/re-productions of such communications, documents, and information in
this action shall be considered a waiver of the otherwise-applicable protection under
Federal Rule of Evidence 408.

**12.2**   **Right to Further Relief.** Nothing in this Stipulation and Order abridges the right of
any person to seek its modification by the Court in the future.

**12.3**   **Right to Assert Other Objections.** By stipulating to the entry of this Stipulation and
Order no Party waives any right it otherwise would have to object to disclosing or
producing any information or item on any ground not addressed in this Stipulation
and Order. In particular, neither the Parties nor Non-Parties waive any objection with

respect to the right to privacy of Non-Parties nor do the Parties waive the right to

challenge any objection on privacy or other grounds. Similarly, no Party waives any

right to object on any ground to use in evidence of any of the material covered by this

Stipulation and Order.

**12.4**     **Filing Protected Material.** No document shall be filed under seal unless counsel

secures a court order allowing the filing of a document under seal. An application to

file a document under seal shall be served on opposing counsel, and on the person or

entity that has custody and control of the document, if different from opposing

counsel. If opposing counsel, or the person or entity who has custody and control of

the document, wishes to oppose the application, he/she must contact the chambers of

the judge who will rule on the application, to notify the judge's staff that an

opposition to the application will be filed. Similarly, if a party other than the

Designating Party seeks to file Protected Material and the Designating Party wishes to

support an application, the Designating Party must contact the Court's chambers to

notify the judge's staff that a response in support of the application will be filed. If

the Court grants an application to file a document under seal, a redacted version of the

document shall be filed in the public record via ECF. If the Court denies an

application to file a document under seal, the Receiving Party may file the Protected

Material in the public record (unless otherwise ordered by the Court). Any Party that

reasonably believes that a filing or disclosure it intends to make in a proceeding

before the Court will contain Protected Material belonging to another Party shall

inform the Designating Party of the content and Bates-numbers of the Protected

Material it intends to file or disclose at least five (5) business days before the filing to provide an opportunity for the Designating Party to agree to disclosure or filing of the Protected Material in redacted or unredacted form and to avoid filing unnecessary applications to file a document under seal where agreement can be reached. If agreement is reached, the Party disclosing the Protected Material shall inform the Court of the agreement at time of its filing or disclosure. In the event agreement cannot be reached, any papers or material attached to a Receiving Party's application to file under seal shall be deemed timely filed with respect to any substantive deadline that applies to such material when the Receiving Party files its application prior to such deadline.

13.        **FINAL DISPOSITION.**

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials

contain Protected Material, provided that such documents or materials does not contain HIGHLY

CONFIDENTIAL – PRIVATE PERSON INFORMATION. Any such archival copies that

contain or constitute Protected Material remain subject to this Stipulation and Order as set forth

in Section 4 (DURATION). Furthermore, within sixty (60) days after the final disposition of this

action, the Parties shall move ex parte for an order authorizing the Court to destroy all

Confidential, Attorneys' Eyes Only Material, and Confidential – Private Person Information in

the Court's possession.

**14.      MODIFICATION OF THE PROTECTIVE ORDER BY THE COURT.**

The Court may modify the terms and conditions of this Stipulation and Order for good

cause, or in the interest of justice, or on its own order at any time in these proceedings.

**15.      RELATION TO ANY COURT OR LOCAL RULES.**

Without separate court order, this Stipulation and Order and the Parties' stipulation does

not change, amend, or circumvent any court rule or local rule.

AGREED TO BY

HUGHES ELLZEY, LLP

By: _____

Jarrett L. Ellzey
Texas Bar No. 24040864

W. Craft Hughes
Deola T. Ali
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335

E-Mail: craft@hughesellzey.com
jarrett@hughesellzey.com
Deola@hughesellzey.com

**Co-Lead Counsel For Plaintiff**

TURNER LAW OFFICES, LLC

By: _____
       Henry A. Turner
       Georgia Bar No. 719310
       (*pro hac vice*)

403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 378-6274
hturner@tloffices.com

**Co-Lead Counsel For Plaintiff**

SIRI & GLIMSTAD LLP

_____
Aaron Siri
NY Bar No. 4321790
(*pro hac vice* to be filed)

_____
Mason A. Barney
NY Bar No. 4405809
(*pro hac vice*)

200 Park Avenue, 17th Floor
New York, New York 10166
Tel: (212) 532-1091
E-Mail: aaron@sirillp.com

**Co-Lead Counsel For Plaintiff**

WERMAN SALAS P.C.


_____

Douglas M. Werman
IL Bar No. 6204740
(*pro hac vice*)

77 West Washington, Suite 1402
Chicago, Illinois 60602
dwerman@flsalaw.com
(312) 419-1008                                           **Co-Counsel For Plaintiff**


MARK A. ALEXANDER P.C.


_____

Mark A. Alexander
TX Bar No. 01007500

5080 Spectrum, Suite 850E
Addison, Texas 75001
Ph: 972.364.9700
Fax: 972. 239.2244
E-Mail: mark@markalexanderlaw.com

                                                        **Co-Counsel For Plaintiff**


JONES DAY


_____

Lee A. Armstrong

250 Vesey Street
New York, New York 10281-1047
Phone: 212-326-8340
E-Mail: laarmstrong@jonesday.com

                                                        **Counsel for Defendant**

**IT IS SO ORDERED.**

Dated:_____          By:   _____
                                      The Honorable Sidney A Fitzwater
                                      Judge, U.S. District Court

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SIRIUS XM RADIO, INC.,<br><br>　　　　Defendant. | Case No.:<br><br><br>17-cv-00728 |

**Acknowledgment and Agreement to Be Bound**

I, _____, declare as follows:

　　1.　My address is _____.

　　2.　My present employer is _____.

　　3.　My present occupation or job description is _____.

　　4.　I have received a copy of the Stipulation and Order entered in this action on _____, 20___.

　　5.　I have carefully read and understand the provisions of the Stipulation and Order.

　　6.　I will comply with all provisions of the Stipulation and Order.

　　7.　I will hold in confidence, and will not disclose to anyone not qualified under the Stipulation and Order, any information, documents or other materials subject to the Stipulation and Order.

　　8.　I will use such information, documents or other materials subject to the Stipulation and Order only for purposes of this present action.

9.     Upon notification of termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to the Stipulation and Order, and all documents or things which I have prepared that summarize or quote from the information, documents or other materials that are subject to the Stipulation and Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.    I hereby submit to the jurisdiction of this Court for the purposes of enforcing this acknowledgment and the Stipulation and Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 201_ at _____.

_____

QUALIFIED PERSON

**Acknowledgment and Agreement to Be Bound**
**Regarding Private Person Information**

1.     Confidentiality.  (a)  In connection with this Agreement, Disclosing Party, Sirius XM Radio Inc., shall be disclosing highly confidential information, including customer contact information ("Private Person Information"), to _____ ("Recipient"). The term "Private Person Information" does not include information that is or becomes generally available to the public through no action or inaction by (i) the Recipient or (ii) a source to which Recipient knows is bound by a duty or obligation of confidentiality (contractual, fiduciary or otherwise) with respect to such information.  Recipient shall hold Private Person Information in confidence, use such Private Person Information only for the purposes of fulfilling their obligations hereunder and/or in connection with the prosecution or defense of the action entitled *Buchanan v. Sirius XM Radio, Inc.* (N.D. Tx. 17-cv-00728) (the "Action") and in conformity with the Stipulated Joint Protective Order in the Action. Other than for these purposes, Recipient shall not copy, reproduce, sell, assign, license, market, transfer, give or otherwise disclose such information to third parties or use such information for any purposes whatsoever, without the written permission of Disclosing Party.  Recipient agrees to disclose Private Person Information only to those employees who have a legitimate reason to know, and those disclosures shall not occur until those employees are bound by restrictions on confidentiality no less restrictive than those imposed herein and Recipient has advised them of their obligations to keep such information confidential.

        (b)  All Private Person Information provided or disclosed to the Recipient shall remain the sole property of the Disclosing Party.  In the event Recipient becomes legally compelled to disclose any Private Person Information, Recipient will advise Disclosing Party as soon as possible in writing so that the Disclosing Party may either seek an appropriate remedy, including a protective order, or waive compliance with the provisions of this Agreement.  In the event that any such protective order or other remedy is not obtained, or that compliance with this Agreement is waived, the party required to disclose the Private Person Information will furnish only that portion of the Private Person Information which, in the opinion of its legal counsel, is legally required to be disclosed and will exercise reasonable efforts to obtain reliable assurances that confidential treatment will be accorded such Private Person Information.

2.     Legal Compliance.  Recipient shall maintain appropriate security measures to protect the confidentiality of personally identifying information consistent with the applicable regulations of the Commonwealth of Massachusetts (201 CMR 17.00, et. seq.), the regulations of California (Cal. Civ. Code §§ 56.06, 1785.11.2, 1798.29, 1798.82), and all other states.

3.     Subcontractors and Affiliates.  Recipient shall not share Private Person Information with any third party without Disclosing Party's written consent, other than in connection with the prosecution or defense of the Action and in conformity with the Stipulated Joint Protective Order in the Action.

- 26 -

4.     <u>Data Breach</u>.   Recipient shall immediately notify the Disclosing Party's contacts set forth below, by telephone with an immediate confirmation in writing of the facts of the call, if Recipient becomes aware of any actual or reasonably suspected unauthorized access to, use, or disclosure of Private Person Information either alone or with other information, including a notification of loss or suspected loss of data whether or not such data has been encrypted. Recipient shall cooperate with Disclosing Party in any manner reasonably requested by Disclosing Party and in accordance with applicable law and regulations, including:  conducting the investigation; and cooperating with authorities; and notifying affected persons, credit bureaus, or other persons or entities deemed appropriate by Disclosing Party.  Such cooperation shall include without limitation: (i) providing Disclosing Party access to relevant Recipient records and facilities; (ii) providing all relevant data and reports to Disclosing Party; and (iii) providing Disclosing Party the right to review and approve the content and form of any notifications to Disclosing Party affiliated impacted individuals.

Disclosing Party contacts are as follows unless otherwise updated by Disclosing Party in writing:

Mr. Patrick Donnelly, General Counsel, (212) 584-5180; Patrick.Donnelly@siriusxm.com

and

Ms. Patricia Edfors, Vice President, Information Security, Privacy and Compliance, (202) 380-1297; Patty.Edfors@siriusxm.com

5.     <u>Private Person Information Requirements</u>.  Recipient shall maintain the Disclosing Party's Private Person Information at a facility that maintains technical, organizational, administrative, and human resource security measures which utilize ISO 27001 and 27002 as a reference to protect the security of information which may be used to identify any individual (Private Person Information) from a breach resulting from or arising out of Recipient's processing, access to, or other transmission of Private Person Information.

6.     <u>Encryption</u>.  Recipient shall encrypt all Disclosing Party's Private Person Information that it transmits, stores and processes by the use of an algorithmic process to transform data into a form in which there is a low probability of assigning meaning without use of a confidential process or key and such algorithmic process meets the following requirements:

(a)     A valid encryption processes for data at rest consistent with the National Institute of Standards and Technology (NIST) Special Publication 800-111, Guide to Storage Encryption Technologies for End User Devices.

(b)     A valid encryption processes for data in motion that meets the requirements of Federal Information Processing Standards (FIPS) 140–2, Security Requirements for Cryptographic Modules.  These include, as appropriate, standards described in NIST Special Publication 800-52, Guidelines for the Selection and Use of Transport Layer Security (TLS)

Implementations;  800-77, Guide to IPsec VPNs;  or 800-113, Guide to SSL VPNs, and may include others which are FIPS 140-2 validated.

87.    <u>Indemnification</u>.  Recipient shall indemnify, defend and hold harmless Disclosing Party, its affiliates, and their respective employees, officers and directors against any and all third party claims and resulting damages, costs and other liabilities and expenses (including attorneys' fees) arising out of or related to: (i) any negligence or willful misconduct by Recipient, its affiliates, its subcontractors, or their agents; (ii) a breach or alleged breach of any of its representations, warranties or obligations of this Agreement by Recipient, its affiliates, its subcontractors, or their agents; (iii) any loss of Private Person Information by Recipient, its affiliates, its contractors, or their agents; and (iv) any failure or alleged failure by Recipient, its affiliates, its subcontractors, or their agents to comply with any applicable law, rule, and regulation with respect to its performance of this Agreement.

8.    <u>Termination</u>.  Upon termination of this Agreement, Recipient shall securely destroy (and shall cause any permitted affiliates or subcontractors, if any, to securely destroy) all of the Disclosing Party's Private Person Information made available by Disclosing Party, including any copies or derivatives thereof.

Executed this _____ day of _____, 201_ at _____.

_____