**Subject:** RE: Buchanan v. Sirius XM Radio Inc., Case No. 3:17-cv-728
From: Waks, Allison L. - To: mbarney@sirillp.com - Date: January 24, 2018 at 11:22 PM

Mason,

The production tomorrow is effectively 30 documents.  First, there are about two dozen additional "dealership" documents, all of which are substantially similar to scores of such documents that have already been produced.  Second, there are a few documents related to marketing mailings to the Buchanans. Third, we identified a White Paper in our interrogatory responses that addresses the EBR issue; you have known about this document since last fall.  Outside of these 30 documents, the remaining documents are additional copies of direct mailings to subscribers.  They are nearly identical to the hundreds of other direct mailing documents that have already been produced, but these copies were mailed in 2016 and 2017.

As for our confidential documents, it should be no surprise to you that we are withholding documents on this basis. In fact, in a December 15, 2017 email, you effectively rejected our December 13, 2017 offer to enter into a protective order to cover confidential documents while we negotiated terms for PPI.  Such confidential documents include service agreements with telemarketing vendors (a few of which have been produced under our AEO agreement; the remainder of which we explained needed to wait for a protective order) and quarterly compliance reports from those vendors, both of which were previously identified to you last October.  Additional confidential documents include customer surveys and documents related to Sirius XM's relationship with its dealerships and OEMs.

Considering the nature of tomorrow's production — documents that are substantially similar to those already produced — and that you were aware of other confidential documents that would be produced upon execution of a protective order, there is no basis to extend the deadline of your motion.

I trust this adequately responds to your email.  Let us know if you have any questions.

Allison L. Waks
Associate
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

---

**From:** Mason Barney [mailto:mbarney@sirillp.com]
**Sent:** Wednesday, January 24, 2018 7:04 PM
**To:** Waks, Allison L. <awaks@jonesday.com>
**Subject:** RE: Buchanan v. Sirius XM Radio Inc., Case No. 3:17-cv-728

Allison,
Given that you are dumping additional documents on us the day before our motion is due, and that we were just informed now that there are additional documents you are withholding due to the confidentiality issue, please let us know by 9:00 a.m. tomorrow if you will consent to the motion we plan to file tomorrow requesting an additional 60 days to file our class certification motion.

Regards,
**Mason A. Barney, Esq.**
**SIRI & GLIMSTAD LLP**
200 Park Avenue
17th Floor
New York, NY 10166
P: 212-532-1091
F: 646-417-5967
www.sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

On January 24, 2018 at 6:02:12 PM, Waks, Allison L. (awaks@jonesday.com) wrote:

> Mason,
>
> I want to give you a heads up that a production of additional non-confidential documents will be coming

tomorrow.  We of course have other documents to produce once we address/resolve confidentiality.

Allison


Allison L. Waks
Associate
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

---

**From:** Mason Barney [mailto:mbarney@sirillp.com]
**Sent:** Friday, January 19, 2018 6:25 PM
**To:** Waks, Allison L. <awaks@jonesday.com>
**Cc:** Armstrong, Lee A. <laarmstrong@JonesDay.com>; Demitrack, Thomas <tdemitrack@JonesDay.com>
**Subject:** Re: Buchanan v. Sirius XM Radio Inc., Case No. 3:17-cv-728

Allison,
Thank you for getting back to me.  We will review your response as a group and revert to you as to next steps.

**Mason A. Barney, Esq.**
**SIRI & GLIMSTAD LLP**
200 Park Avenue
17th Floor
New York, NY 10166
P: 212-532-1091
F: 646-417-5967
www.sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole
use of the intended recipient. Any review, reliance or distribution by others or forwarding without
express permission is strictly prohibited. If you are not the intended recipient, please contact the
sender and delete all copies.


On January 19, 2018 at 5:57:57 PM, Waks, Allison L. (awaks@jonesday.com) wrote:

> Mason:
>
> In response to your recent request, we have investigated whether Sirius XM is able to match names and physical addresses to phone numbers such that one would be able confidently to send mail that would reach all of the individuals who are included in plaintiff's proposed classes. We disagree that plaintiff asked for such information in his discovery requests, so we provide this information voluntarily to you.
>
> To begin, I want to dispel what may be an assumption in your inquiry on this topic: there is no pre-existing "list" containing individuals' names along with their current addresses as well as the phone numbers called by Sirius XM's vendors during the putative class period.  Sirius XM instead has a marketing database, which contains a number of fields, including the six fields relating to phone calls that Tom described to you in his recent email.  Sirius XM can extract information from its marketing database to populate those six fields and thus create a "txt" file containing phone numbers along with the dates and times of the calls.
>
> Sirius XM has a separate database that contains names and addresses along with the phone numbers, but that information to a significant extent goes back several years, and as you know the utility of name/address/phone number information over time necessarily is affected by changed circumstances, including the facts that consumers change addresses or phone numbers.
>
> So, there are two parts to the answer to your question.  First, Sirius XM would be able to add fields to the "txt" file containing the name and address information described above.  Second, Sirius XM cannot vouch for the accuracy of that information for the purpose of reaching, today, all of the individuals who are included in plaintiff's proposed classes.  As a result, Sirius XM cannot tell you whether plaintiff would be able confidently to send mail that would reach all of the individuals who are included in plaintiff's proposed classes.

Alston B. Waks
Associate
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***