**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Case No. 3:17-cv-00728-D |
| v. | § § | |
| SIRIUS XM RADIO, INC. | § § | |
| Defendant. | § § | |

**SUPPLEMENTAL DECLARATION OF JARRETT ELLZEY IN FURTHER**
**SUPPORT OF MOTION FOR SIXTY DAY EXTENSION OF THE DEADLINE TO**
**FILE MOTION FOR CLASS CERTIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.     My name is Jarrett Ellzey.

2.     I am over twenty-one years of age.

3.     I am fully competent to make the statements included in this declaration.

4.     I have personal knowledge of the statements included in this declaration.

5.     I am a partner at Hughes Ellzey, LLP ("Hughes Ellzey").

6.     I am counsel for Thomas Buchanan ("Buchanan") and the class in this matter.

7.     I submit this supplemental declaration in further support of Plaintiff's Motion For Sixty Day Extension Of The Deadline To File Motion For Class Certification (the "Motion to Extend").

8.     At the same time that Plaintiff filed its Motion to Extend, Defendant served its last-minute document production that it had previewed via email last night.  However, the documents that Defendant produced were not as described by Defendant's counsel in her email.  Given that Plaintiff's deadline to file its motion for class certification is tomorrow, I

---

write now, even before fully reviewing these documents, because I believe a brief description of the documents produced will assist the court in analyzing Plaintiff's Motion to Extend.

9.      In her email last night, Defendant's counsel stated that its production was "effectively 30 documents."   (Dkt. 39 at Ex. 6.)   Yet, Defendant actually produced *844 documents, spanning 1,167 pages*.  Given that Defendant previously produced 2,219 pages of documents, this production accounts for more than one-third of Defendant's total production.

10.      Among the hundreds of documents was the "White Paper" that Defendant claims it submitted to the New York Attorney General as part of its investigation.  This fourteen-page document describes in detail the argument that Defendant will likely use to establish that it had a prior business relationship with the people it called.  It references dozens of cases, statues and regulations, it also makes numerous factual assertions regarding Defendant's business practices.  Clearly Defendant chose to withhold this document until the last minute because its prior production would have allowed Plaintiff to better formulate its arguments in its motion for class certification concerning the prior business relationship issue.

11.      If given the opportunity, aspects of the White Paper will likely lead Plaintiff to request additional discovery to support some of the factual assertions made therein, including regarding Defendant's relationship with its customers, its relationship with dealers, and the process it engages in to determine who it should call.

12.      The last-minute production also includes, among other things:

•   Defendant's private agreement with the car dealership that sold Plaintiff his Honda Odyssey car,

- The "welcome" letter Defendant sent to Plaintiff's house, and

- A screenshot of Plaintiff's wife's name in what appears to be a call database.

13.    During discovery, Defendant frequently pushed Plaintiff to timely produce documents responsive to its requests, including those concerning the calls Plaintiff received, communications from Sirius and those dealing with his car purchase.  It is therefore telling of Defendant's bad faith motivations that it chose to withhold the above documents about Plaintiff, documents that Plaintiff believes Defendant intends to use in its opposition.  By withholding these documents until the day before the class certification motion, Defendant has intentionally prejudiced Plaintiff's ability to understand the importance of them and to incorporate them into its motion.

14.    Furthermore, the last-minute production includes other documents the importance of which and the providence of which are entirely unclear and would warrant further investigation by Plaintiff.  For example, the production includes:

- A screenshot of a "customer personalization" survey from a Honda dealership in New York,

- Several amateur photographs from what appears to be a Hyundai dealership, though it is unclear where they were taken, when they were taken, or by whom they were taken, and

- Several amateur photographs taken at a Mercedes Benz dealership, which again it is unclear where they were taken, when they were taken, or by whom they were taken.

15.    None of Defendant's prior productions included documents similar to these, and had they been produced timely Plaintiff could have attempted to gain a better

understanding of what these documents are, but absent an extension of time Plaintiff will be unable to make such inquiries.

16.     Many of the other 844 documents Defendant produced today appear to be similar to documents Defendant previously produced.  However, given the clear tactical advantage Defendant is attempting to gain by withholding the above documents until the last moment, Plaintiff has not yet had a chance to fully review all of these late served documents to ensure that there are no substantive differences that caused Defendant to delay in producing them.

17.     These documents serve to further demonstrate Defendant's mal-intent in withholding one-third of its production until the last moment.  Defendant is attempting to ambush Plaintiff and deprive him of sufficient time to conduct full discovery and then to prepare its motion for class certification based on a complete understanding of all the relevant information.  In addition, Defendant has not even indicated that these are all the responsive documents it could produce, as such there may be even more documents that Defendant has unilaterally chosen to withhold.  For these reasons, and those expressed the original Motion to Extend, I ask the court to grant Plaintiff the sixty-day extension it is seeking.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 25, 2018.


_____
        */s/ Jarrett Ellzey*
        Jarrett Ellzey