IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:17-cv-00728-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF THOMAS DEMITRACK

I, THOMAS DEMITRACK, state as follows:

1. I am a partner at the law firm of Jones Day, attorneys for defendant Sirius XM Radio Inc. ("Sirius XM").

2. I submit this declaration in response to Plaintiff Thomas Buchanan's ("Plaintiff") March 24, 2018 Motion for Sixty Day Extension of the Deadline to File Motion for Class Certification (the "Motion").

3. On March 21, 2018, I attended an in-person meet and confer with Plaintiff's counsel at the O'Hare Hilton Hotel at Chicago's O'Hare Airport. This meet and confer was ordered by Magistrate Judge Irma Carrillo Ramirez following the Court's March 8, 2018 order stating that the Court would not consider Plaintiff's March 7, 2018 Motion to Compel and Motion for Protective Order and ordering a further, in-person meet and confer conference pursuant to Local Rule 7.1(a). (*See* ECF No. 45.)

4. The meet and confer lasted for approximately two-and-a-half hours, with a break of approximately 15-20 minutes so that counsel could confer with their respective colleagues. I

attended on behalf of Sirius XM; Daniel Hutchinson and Jarrett Ellzey attended on behalf of Plaintiff.

    5.  At the meet and confer, the parties reached the following understandings:

        a.  Sirius XM will provide Plaintiff with a list of the landline telephone numbers that were called by Sirius XM's vendors during the class period and that are associated with consumers who are included in the national-do-not-call putative class definition, along with each of the calls to those numbers. (The only landline numbers during this period that will be excluded, as the parties agreed, are landline numbers that are associated with consumers who also had cell or wireless phone numbers and whose claims were released in the earlier *Hooker* settlement.) The information will also include the time of day for each call, the vendor that made each call and whether the consumer purchased a paid Sirius XM subscription during the call. I told Plaintiff's counsel that I expected that it would take approximately 1-2 weeks, and maybe longer, to provide this information.

        b.  Sirius XM will provide Plaintiff with the total number of consumers whose landline telephone numbers are included in the list set forth in a, above, as well as the total number of calls to those consumers.

        c.  The parties will execute a protective order that excludes the heightened provisions on which Sirius XM had originally insisted, but that does include additional protections offered by Plaintiff's counsel. (Since the date of the meet and confer, the parties have made progress in that regard, exchanging drafts of a proposed protective order that reflects those additional protections.)

    d.  Following the entry of an agreed-upon protective order, Sirius XM will produce the additional documents that it has not yet produced and that are subject to the protections in that protective order.

    e.  Sirius XM will not produce the names and addresses (physical and email), except to the extent that Sirius XM takes a position in its brief in opposition to Plaintiff's class certification motion that puts that information at issue, and in that case Sirius XM will provide that information when it files its response to the class certification motion.

6. During the meet and confer session, Mr. Ellzey volunteered that Plaintiff's class certification motion was done and "ready to be filed." He and his co-counsel, Mr. Hutchinson, nonetheless asked me during that session whether Sirius XM would support Plaintiff's counsel in the event that Plaintiff's counsel were to seek a "short extension" for the filing of Plaintiff's motion for class certification. I said that Sirius XM was not inclined to agree to a fifth extension of the date for the filing of Plaintiff's class certification motion, and the discovery agreements set forth in paragraph 5, above, were not conditioned on Sirius XM's agreement to an extension. Indeed, when I explained to Mr. Hutchinson during the meet and confer that Sirius XM's offer set forth in paragraph 5(a)-(d), above, had been available for several months, Mr. Hutchinson (who conceded that he was new to the case) stated that he would review the record and get back to me on whether Plaintiff's counsel would press their request for an extension. On March 22, 2018, Mr. Hutchinson then followed up by email to ask for a "brief extension." On March 23, 2018, Mr. Hutchinson added that Plaintiff would be seeking 60 days, unless Sirius XM would be "willing to make a joint request," in which case Plaintiff was "willing to discuss a shorter time period." That correspondence is attached to this declaration as Exhibits A and B.

7. I declare that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Lakewood, Ohio
Dated: March 25, 2018

_____
Thomas Demitrack