# Exhibit F
# to the Waks Declaration

**Waks, Allison L.**

| | |
|---|---|
| **From:** | Mason Barney <mbarney@sirillp.com> |
| **Sent:** | Friday, December 15, 2017 2:27 PM |
| **To:** | jarrett@hughesellzey.com; hturner@tloffices.com; Aaron Siri; craft@hughesellzey.com; Douglas M. Werman; Waks, Allison L. |
| **Cc:** | Armstrong, Lee A.; Delaune, Natalia O.; Demitrack, Thomas |
| **Subject:** | RE: Buchanan v. Sirius XM Radio, Inc., Case No. 3:17-cv-728 |

Allison,
While I continue to disagree with your client's position regarding PPI data security, we appreciate your suggestion regarding the PO without the PPI. We need to consider it on our end and will get back to you next week. Have a nice weekend.

Regards,
**Mason A. Barney, Esq.**
**SIRI & GLIMSTAD LLP**
200 Park Avenue
17th Floor
New York, NY 10166
P: 212-532-1091
F: 646-417-5967
www.sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

On December 13, 2017 at 3:40:38 PM, Waks, Allison L. (awaks@jonesday.com) wrote:

> Mason,
>
> We did not agree to these terms with the plaintiffs in a protective order in the *Hooker* matter. In fact, the *Hooker* plaintiffs never requested or were provided consumer PPI. PPI entered the picture only after we had a settlement class, and at that point, the settlement administrator was bound by our privacy terms.
>
> In order to move things along, we suggest entering into a protective order that is either silent on the issue of PPI or specifically states that the issue of sharing PPI will be addressed separately to the extent it becomes necessary. We would each reserve our respective positions and we can continue negotiating this point if needed. This should resolve the only remaining dispute on this topic.
>
> Allison

Allison L. Waks
Associate
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

---

**From:** Mason Barney [mailto:mbarney@sirillp.com]
**Sent:** Tuesday, December 12, 2017 3:50 PM
**To:** jarrett@hughesellzey.com; hturner@tloffices.com; Aaron Siri <aaron@sirillp.com>; craft@hughesellzey.com; Douglas M. Werman <dwerman@flsalaw.com>; Waks, Allison L. <awaks@jonesday.com>
**Cc:** Armstrong, Lee A. <laarmstrong@JonesDay.com>; Delaune, Natalia O. <ndelaune@jonesday.com>; Demitrack, Thomas <tdemitrack@JonesDay.com>
**Subject:** Re: Buchanan v. Sirius XM Radio, Inc., Case No. 3:17-cv-728


Allison,

Just to clarify, were each of these conditions mutually agreed to in the *Hooker* Litigation? If not, why not?


**Mason A. Barney, Esq.**

**SIRI & GLIMSTAD LLP**

200 Park Avenue

17th Floor

New York, NY 10166

P: 212-532-1091

F: 646-417-5967

www.sirillp.com

```
This email may contain material that is confidential, privileged and/or attorney work product for the
sole use of the intended recipient. Any review, reliance or distribution by others or forwarding
without express permission is strictly prohibited. If you are not the intended recipient, please
contact the sender and delete all copies.
```

On December 12, 2017 at 3:19:25 PM, Waks, Allison L. (awaks@jonesday.com) wrote:

> Mason,

In regard to the 3 issues you raised yesterday with the addendum to the protective order, below please find our client's response.

Addendum Paragraph 2.  We propose the bolded language:

Legal Compliance.  Recipient shall maintain appropriate security measures to protect the confidentiality of personally identifying information consistent with the applicable regulations of the Commonwealth of Massachusetts (201 CMR 17.00, et. seq.), the regulations of California (Cal. Civ. Code §§ 56.06, 1785.11.2, 1798.29, 1798.82)**, and any other States that the Disclosing Party identifies in writing to Recipient as having statutes, rules and/or regulations requiring security measures to protect the confidentiality of personally identifying information.**

Addendum Paragraph 4**:**  Notwithstanding your contention regarding the perceived cost of compliance, what we are proposing is the law in several States.  From a simple risk allocation perspective, it is unfair for you to suffer a data breach and then impose the costs upon Sirius XM.  Any reputable vendor should be willing to accept this obligation, which requires a modicum of protection to Sirius XM in today's environment.  We propose the following edit, below:

Data Breach.  Recipient shall immediately notify the Disclosing Party's contacts set forth below, by telephone with an immediate confirmation in writing of the facts of the call, if Recipient becomes aware of any actual or reasonably suspected unauthorized access to, use, or disclosure of Private Person Information either alone or with other information, including a notification of loss or suspected loss of data whether or not such data has been encrypted.  **Recipient shall cooperate with Disclosing Party in any manner reasonably requested by Disclosing Party and in accordance with applicable law and regulations, including:  cooperating in Disclosing Party's investigation; and cooperating with authorities; and notifying affected persons, credit bureaus, or other persons or entities <u>as required by law</u>**.  ~~deemed appropriate by Disclosing Party.~~  Such cooperation shall include without limitation: (i) providing Disclosing Party access to relevant Recipient records and facilities; (ii) providing all relevant data and reports to Disclosing Party; and (iii) providing Disclosing Party the right to review and approve the content and form of any notifications to Disclosing Party affiliated impacted individuals.

Addendum Paragraph 7, Indemnification.  Sirius XM requires an indemnification from anyone to whom it releases personally identifiable information in the ordinary course of business.  And many of the OEMs with which Sirius XM has relationships require the appropriate protection of consumer data.  It is not an unreasonable request, and one that you, as plaintiffs' counsel, should have expected and anticipated.  It will encourage and incentivize plaintiff's counsel and their vendor to adopt the appropriate level of protection.  Security breaches and data hacks unfortunately are a feature of today's world, and again this is risk allocation between Sirius XM and its shareholders, on the

3

one hand, and the plaintiff (and his counsel) who chose to sue Sirius XM, on the other.  It is the simple care that Sirius XM's stockholders would insist upon.


Sincerely,

Allison



Allison L. Waks
Associate
[JONES DAY® - One Firm Worldwide℠](#)
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
[awaks@jonesday.com](mailto:awaks@jonesday.com)



***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***