IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THOMAS BUCHANAN, on behalf of §
himself and all others similarly §
situated, §
§
Plaintiff, §
§ Civil Action No. 3:17-CV-0728-D
VS. §
§
SIRIUS XM RADIO, INC., §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this putative class action by plaintiff Thomas Buchanan ("Buchanan"), on behalf of himself and all others similarly situated, against defendant Sirius XM Radio, Inc. ("Sirius XM"), Buchanan moves for a 60 day extension of the deadline to file a motion for class certification, which expired on March 27, 2018. Sirius XM moves the court to order Buchanan to serve Sirius XM with his class certification motion. For the reasons that follow, the court grants Buchanan's motion and denies Sirius XM's motion as moot.

I

Buchanan sues Sirius XM, alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, by placing telemarketing calls to individuals who had registered either with the National Do Not Call Registry or Sirius XM's internal do-not-call list. The court entered a scheduling order that set October 16, 2017 as the deadline for filing a motion for class certification. This deadline has been extended four times.

First, the court granted the parties' agreed motion to extend the class certification motion deadline to October 23, 2017 based on Sirius XM's need for an additional week to respond to discovery requests. Second, the court granted the parties' October 20, 2017 agreed motion to extend the deadline to January 12, 2018. The motion stated that the parties had not yet negotiated the documents to exchange, and the parties therefore needed additional time for discovery. The parties proceeded with discovery, but they encountered disputes about certain documents, which delayed the process. The parties filed a third agreed motion for an extension of the deadline until January 26, 2018, which the court granted on January 9, 2018. Due to Sirius XM's intention to soon produce additional relevant documents, Buchanan filed a fourth request for an extension of the deadline. In response, although Sirius XM contested the factual basis for Buchanan's motion, it stated that it "[did] not oppose an extension." D. 1/26/18 Resp. 1-2. The court treated the motion as unopposed, granted the request, and extended the deadline to March 27, 2018.

On March 7, 2018 Buchanan filed a motion to compel and a motion for protective order. Buchanan asked the court to compel Sirius XM to produce its internal do-not-call list and its call log, including call recipients' telephone numbers, names, and addresses. The magistrate judge ordered the parties to meet and confer about each disputed item. After the parties met, they submitted their memorialized agreements to the court on March 28, 2018. They agreed, *inter alia*, that Sirius XM would produce its call log, without names and addresses of the call recipients, as well as additional documents, including vendor agreements that Sirius XM had withheld pending entry of a protective order.

On March 24, 2018 Buchanan filed the instant motion for a 60 day extension of the deadline to file a motion for class certification, in which it asks the court to extend the deadline to May 29, 2018.[1]  Sirius XM opposes the motion.  Because Buchanan's motion was still pending on March 27, 2018—the current deadline for filing the class certification motion—Buchanan submitted a paper copy of the motion for class certification to the court's chambers.[2]  Sirius XM then moved the court to order Buchanan to serve the class certification motion on Sirius XM.  The court now decides both motions.

II

A

To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent.  *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.).  The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

---

[1]Buchanan actually moves to extend the deadline to May 28, 2018, which is a federal holiday.  Therefore, the court treats the motion as seeking an extension through the first day thereafter that is not a holiday.

[2]The court does not suggest that this procedure is proper.

> In determining whether the movant has met its burden under [Fed. R. Civ. P.] 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice.

*Cartier*, 2009 WL 614820, at *3 (citing *S & W Enters.*, 315 F. 3d at 536). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps.*, Inc., 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

Buchanan does not cite Rule 16(b)(4) in his brief,[3] but the court will not deny his motion on this basis because the grounds on which he relies enable the court to apply the pertinent four-factor test. *See, e.g.*, *Cartier*, 2009 WL 614820 at *2 ("Cartier does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear.").

Considering the four factors holistically, the court concludes that Buchanan has met the good cause standard of Rule 16(b)(4) for modifying the amended scheduling order. Buchanan has offered a legitimate explanation—that a significant amount of discovery is taking place within the 60 day period—for his need to delay the deadline for filing a motion for class certification.

---

[3]Buchanan refers to the scheduling order, which allows the court to modify discovery deadlines upon a showing of good cause. But Buchanan neither cites Rule 16(b)(4) nor includes the four-factor test in his brief.

First, Buchanan points to three depositions—the deposition of Buchanan and his wife on April 11, 2018 and the deposition of Sirius XM in late April or May. Buchanan expects that information from Sirius XM's deposition, including, *inter alia*, information regarding Sirius XM's policies and practices concerning call information, will pertain to the class certification motion. Second, Buchanan states that he is still reviewing the additional 26 persons with relevant knowledge included in Sirius XM's March 19, 2018 amendment of its Rule 26 disclosures. Third, Buchanan points to Sirius XM's recent agreement to produce call logs and agreements that Sirius XM withheld pending entry of a protective order.

Sirius XM responds that Buchanan knew of, but never sought, any confidential documents, and that Buchanan waited until late in the prior 60 day extension period that the court granted to file its motion to compel the call log data. Sirius XM also maintains that Buchanan could have noticed Sirius XM's deposition at any time since September 2017, and that the discovery schedule accounts for depositions occurring after Buchanan filed his motion for class certification. Sirius XM finally contends that Buchanan's last motion to extend the deadline to file a motion for class certification was unjustified because Sirius XM's document production did not produce substantially new information. The court holds that inferring a lack of diligence on Buchanan's part based on such facts is speculative, and it finds Buchanan's explanation to be adequate.

Regarding the second factor, the court concludes that the extension is important because call log information and Sirius XM's policies and practices are foundational to Buchanan's class certification motion.

As for the third factor, Sirius XM does not assert that it will be prejudiced if an extension of the deadline to file the motion for class certification is granted. The court holds that no discernable prejudice will result from the nature and circumstances of Buchanan's request.

The fourth factor also weighs in favor of Buchanan. Because the trial is scheduled for February 19, 2019—about ten months away—the court can cure any unforeseen prejudice to Sirius XM by continuing the trial.

The court concludes that Buchanan has satisfied the requirements under Rule 16(b)(4) for modifying the amended scheduling order. Accordingly, the court grants Buchanan's motion for a 60 day extension of the deadline to file a motion for class certification and extends the deadline until May 29, 2018.

### III

Because the court is granting Buchanan's motion, it denies as moot Sirius XM's motion to order Buchanan to serve Sirius XM with the class certification motion that Buchanan delivered to the court's chambers.

* * *

Accordingly, the court grants Buchanan's motion and extends the deadline to file a class certification motion through May 29, 2018. The court denies as moot Sirius XM's motion to order Buchanan to serve Sirius XM with his class certification motion.

**SO ORDERED**.

April 24, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE