# EXHIBIT 4

**Subject:** Re: Case No. 3:17-cv-728; Buchanan v. Sirius XM Radio, Inc.
**Date:** Monday, October 16, 2017 at 5:43:22 PM Central Daylight Time
**From:** Allison L Waks
**To:** Mason Barney
**CC:** Aaron Siri, W. Craft Hughes, Douglas M. Werman, TURNER LAW OFFICES, LLC, Jarrett Ellzey, Lee A. Armstrong, Delaune, Natalia O., Demitrack, Thomas

Mason,

The response to your October 10 letter and email today.

First, we are generally fine with your request for a 60 day extension of the briefing schedule (which would bring your deadline to December 22) but propose a slight modification in light of the holidays. We propose January 2, 2018 for your motion for class certification and our opposition will be due March 5. Our position is contingent on this being a neutral request to the Court, based on the parties' best estimate in view of the nature/extent of discovery on both sides.

Second, regarding the protective order, there are no documents that we can produce without at least a confidential designation. Therefore, until the protective order is entered, we cannot make any production.

Outstanding discovery issues:

**RFP No. 1.** Although we have reached out to the vendors, not all have confirmed that we have their consent to produce our service agreements (so-called MSAs). Those vendors that have responded have made varying demands on what must be redacted. If you want to speed this process, you are welcome to reach out to the vendors directly. Sirius XM will not subject itself to breach of contract claims brought by the vendors by its production of any MSAs absent written consent from the vendors and the execution of the protective order.

**RFP Nos. 2, 5**. Sirius XM's position remains that these lists, which do not capture those who ultimately received telephone calls, are irrelevant and over inclusive. Please see our response to RFP No. 3.

**RFP Nos. 3, 6**. Sirius XM will produce to plaintiffs a .txt file that will consist of all calls placed on its behalf by telemarketing vendors during the relevant class period. It will contain at least the telephone number called and the date and time of call. These logs, however, will not include the name and address of the consumers. This is the best and only source of call logs that Sirius XM has in its possession. For clarity, the "flatfile" to which TSD referred and the "daily report" to which Servicom referred are not separate stand alone documents that Sirius XM can produce. Rather, those are data transmissions, and the data contained within them is captured within the logs we will produce to you. Please note that Sirius XM believes that the call volumes that were provided to you by at least TSD, Servicom and MarketLink may represent more calls that can be at issue in this lawsuit. For example, TSD is Sirius XM's primary vendor for debt collection calls. TSD may have included those calls in the volume of calls it reported to you. Finally, due to the massive size of the file, we will need to make arrangements for how we can transmit this .txt file to you. We think it will be most appropriate to have an IT specialist on your end talk to an IT specialist at our e-discovery vendor.

**RFP No. 4**. Sirius XM is producing all of the quarterly certifications that it has received from the telemarketing vendors over the class period. The second category of documents responsive to this request are daily summaries that we receive from the vendors (although not from all vendors for the duration of the class period). As to the second category, we will be providing a sampling of these documents, and then we can meet and confer to discuss whether further production is appropriate. The reason for the initial sample is that it is highly burdensome and time consuming to locate and produce this magnitude of data. In response to your request for a list of what these reports are, please note that it would be inefficient and uninformative to provide you with a listing of what these reports are, beyond stating that they are reports on call metrics, by campaign or other grouping.

**RFP No. 9 and Rog No. 15**. Sirius XM stated that calls were placed to 39.79 million unique phone numbers on behalf of Sirius XM during the relevant period. We believe that this number will be confirmed upon production of our call logs, in response to RFP No. 3.

As to **RFP Nos. 7 & 8**, as mentioned, we are gathering and preparing documents for production as soon as we are able to upon the execution of a protective order.

Allison L. Waks
Associate
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

| | |
|---|---|
| From: | Mason Barney <mbarney@sirillp.com> |
| To: | Allison L Waks <awaks@jonesday.com> |
| Cc: | "Delaune, Natalia O." <ndelaune@jonesday.com>, Jarrett Ellzey <jarrett@hughesellzey.com>, "Douglas M. Werman" <dwerman@flsalaw.com>, "Aaron Siri" <aaron@sirillp.com>, "TURNER LAW OFFICES, LLC" <hturner@tloffices.com>, "Lee A. Armstrong" <laarmstrong@jonesday.com>, "W. Craft Hughes" <craft@hughesellzey.com>, "Demitrack, Thomas" <tdemitrack@jonesday.com> |
| Date: | 10/16/2017 01:59 PM |
| Subject: | Re: Case No. 3:17-cv-728; Buchanan v. Sirius XM Radio, Inc. |

Allison,

Given that we have not received any discovery from you, we are still going back and forth regarding the scope of discovery, and you are saying you will not produce without a protective order, we are asking for a 60 day extension on the class certification motion. This should provide sufficient time for you to produce the required information, for us to review and analyze them, and then to draft the necessary motion papers.

As to the protective order, we will get back to you as soon as we can. However, at least some of the documents we have requested do not require the AEO or other highly protected designation, and therefore, we believe you can start producing such documents immediately. Please confirm your agreement to do so.

I look forward to your response regarding our outstanding discovery requests today.

Regards,

Mason A. Barney, Esq.
**SIRI & GLIMSTAD LLP**
200 Park Avenue
17th Floor
New York, NY 10166
P: 212-532-1091
F: 646-417-5967

www.sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

On October 13, 2017 at 3:45:34 PM, Allison L Waks (awaks@jonesday.com) wrote:

Mason,

  We received your letter dated October 10. We are in the process of discussing with our client, and we are not able to respond today, but we will on Monday. We are preparing documents for production, but nothing can be produced until we have a signed protective order. We responded with comments on October 5, but we have not heard back from you. Finally, as to your motion for class certification, please advise how long of an extension you plan to request from the court so we can give you our position.

Sincerely,
Allison

Allison L. Waks
Associate
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

From: Mason Barney <mbarney@sirillp.com>
To: Jarrett Ellzey <jarrett@hughesellzey.com>, Allison L Waks <awaks@jonesday.com>
Cc: "Delaune, Natalia O." <ndelaune@jonesday.com>, "Douglas M. Werman" <dwerman@flsalaw.com>, Aaron Siri <aaron@sirillp.com>, "TURNER LAW OFFICES, LLC" <hturner@tloffices.com>, "Demitrack, Thomas" <tdemitrack@jonesday.com>, "W. Craft Hughes" <craft@hughesellzey.com>, "Lee A. Armstrong" <laarmstrong@jonesday.com>
Date: 10/10/2017 03:39 PM
Subject: Re: Case No. 3:17-cv-728; Buchanan v. Sirius XM Radio, Inc.

Allison,
Please see the attached letter regarding the above referenced matter.

Regards,
Mason A. Barney, Esq.
**SIRI & GLIMSTAD LLP**
200 Park Avenue
17th Floor
New York, NY 10166
P: 212-532-1091
F: 646-417-5967
www.sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

On October 5, 2017 at 4:57:11 PM, Allison L Waks (awaks@jonesday.com) wrote:

Jarrett,

We have reviewed your revised document requests 1-9.

Regarding RFP No. 1, Sirius XM will agree to produce its service agreements with each of its outbound telemarketers between October 2013 and 2017. Sirius XM is in the process of compiling them. Because these documents are subject to confidentiality agreements with the telemarketing vendors, Sirius XM will first need consent to produce them, and we are contacting those vendors to obtain such permission.

RFP Nos. 2 and 5 both request customer lists that Sirius XM provided to its telemarketing vendors. You indicated to us during our telephonic meet and confer on September 25 that you were not interested in these lists, recognizing that they are over-inclusive, including consumers who may never have been called. For these reasons, Sirius XM will not produce lists that were provided to the telemarketing vendors. In any event, with respect to RFP No. 5, which specifically requests consumer information, Sirius XM will not provide any detailed consumer information at this stage of the litigation. Such information is not relevant before class certification. Other information that Sirius XM or the telemarketing vendors will provide is sufficient information to identify the number of putative class members for class certification purposes; at this point, consumer identities (beyond telephone numbers which can be provided by the vendors) are not relevant or necessary. Moreover, while Sirius XM does possess some of these lists, it does not have such documents for the entire relevant period; its data extends only back to 2015.

RFP Nos. 3 and 4 seek logs and other information provided by the telemarketing vendors to Sirius XM. In response to these requests, Sirius XM can provide the following documents within its possession, custody and control: (1) all quarterly compliance reports that it receives from the telemarketing vendors, and (2) a sample of the summary reports that the vendors provide to Sirius XM on a daily basis. If, upon a review of the sample, you believe that these reports are relevant and all of them are needed to litigate this case, we can discuss a way forward that is workable for both sides, considering the burden involved in compiling what is a massive amount of data.

RFP No. 9 and Interrogatory No. 15 essentially ask for the same information: the total number of individuals contacted during the class period. Sirius XM will not produce documents responsive to this request (see responses to RFP Nos. 1, 5, 6, and 9). However, Sirius XM states that 39.79 million unique phone numbers received calls on behalf of Sirius XM from October 16, 2013 until the present. We will follow up with an amended response to Interrogatory No. 15 and a verification from the company.

RFP Nos. 5, 6, and 9 seek information on the consumers who were called. Although Sirius XM receives lists of consumers that the telemarketing vendors calls, Sirius XM does not know if those records are accurate, and maintains that such information is best sought directly from the vendors who created the documents in the first instance.

RFP Nos. 7 and 8 seek documents evidencing consent and authorization to call Mr. Buchanan and those in the DNC class. As to Mr. Buchanan, we will provide all documents in Sirius XM's possession, custody and control. As to the DNC class, we are still looking into this because it implicates a vast universe of data. We are also looking into producing samples of calls with consumers. We will respond to this with more detail as soon as we can.

Of course, before any documents are produced, we will need to have our protective order entered. At this time, we cannot guarantee that all documents as described above can be produced by October 10, but we are confident we can begin production shortly after entry of the protective order, and continue with production on a rolling basis.

Allison

Allison L. Waks
Associate
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

From: Jarrett Ellzey <Jarrett@hughesellzey.com>
To: "Demitrack, Thomas" <tdemitrack@JonesDay.com>, "Lee A. Armstrong" <laarmstrong@JonesDay.com>
Cc: "Delaune, Natalia O." <ndelaune@jonesday.com>, "Waks, Allison L." <awaks@jonesday.com>, "W. Craft Hughes" <Craft@hughesellzey.com>, "TURNER LAW OFFICES, LLC" <hturner@tloffices.com>, "Douglas M. Werman" <dwerman@flsalaw.com>, Aaron Siri <aaron@sirillp.com>, Mason Barney <mbarney@sirillp.com>
Date: 09/29/2017 07:40 AM
Subject: Case No. 3:17-cv-728; Buchanan v. Sirius XM Radio, Inc.

Dear Tom and Lee,

Thank you for taking the time to speak with me about your outstanding document production and various discovery responses. We look forward to working with you so we can obtain the requested information in an efficient and minimally burdensome manner. We have discussed streamlining our document requests and are willing to narrow them as outlined below, while still preserving our right to seek discovery of information not covered in these topics:

**REQUEST FOR PRODUCTION NO. 1:**   Produce all DOCUMENTS, ESI, agreements and/or contracts between SIRIUS and any third-party call center or telemarketer relating to TELEPHONE SOLICITATIONS from October 16, 2013 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   Produce all DOCUMENTS, ESI, spreadsheets, databases, and customer lists that YOU provided to any third-party call center or telemarketerrelating TELEPHONE SOLICITATIONS from October 16, 2013 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   Produce all DOCUMENTS, ESI, spreadsheets, databases, and/or call logs that any third-party call center or telemarketer provided you relating TELEPHONE SOLICITATIONS it made on behalf of SIRIUS from October 16, 2013 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   Produce all DOCUMENTS, ESI, summaries, and/or reports that any third-party call center or telemarketer provided you relating to TELEPHONE SOLICITATIONS it made on behalf of SIRIUS from October 16, 2013 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   Produce all DOCUMENTS, ESI, spreadsheets, databases, and customer lists containing the names, mailing addresses, e-mail addresses, and total number of names and telephone numbers that SIRIUS provided any third-party call center or telemarketer, from October 16, 2013 through the present for TELEPHONE SOLICITATION purposes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   Produce all DOCUMENTS, ESI, spreadsheets, COMMUNICATIONS, databases, and reports containing or referencing the names and/or telephone numbers of PERSONS that any third-party call center or telemarketer called from October 16, 2013 through the present for TELEPHONE SOLICITATION purposes on behalf of SIRIUS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   Produce all DOCUMENTS evidencing CONSENT or authorization to call PLAINTIFF'S telephone number.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   Produce all DOCUMENTS evidencing CONSENT or authorization to call any member of the DNC class as defined in Plaintiff's Original Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   Produce all DOCUMENTS evidencing the total number of individuals YOU or any third-party on your behalf called for TELEPHONE SOLICITATION PURPOSES from October 16, 2013 to the present.

**RESPONSE:**

In addition to the document requests above, you stated you can and will provide a complete response to INTERROGATORY NO. 15, which asks for the total number of individuals contacted during the class period. Please provide that response in the form of a supplement to your First Interrogatory responses.

With respect to the timing of your production/responses, Plaintiff's current (and already extended) deadline to file his motion for class certification is October 23, 2017. I'm sure you recognize these streamlined requests are our best efforts to seek documents and information that are critical to that motion. Therefore, in consideration of our time constraints, we are willing to allow Sirius until October 10, 2017 to produce the above requested documents and supplement its interrogatory 16 response. If we do not receive responses by this date, we will be forced to seek an order compelling production and extending the motion deadline. If unforeseen circumstances arise that will prevent Sirius from providing everything before October 10, we may be willing to work with you on seeking a second extension of the class cert deadline, depending on what the circumstances are.

Finally, you briefly mentioned the possibility of Sirius withholding documents to prevent disclosure of customer contact information. As we discussed, Plaintiff's counsel provided a draft Protective Order for your review, which we believe covers disclosure of customer data. We are happy to agree that customer data cannot be used outside of this litigation, and may only be provided to a third-party class administrator in the even a compromise is reached in this case. Please edit the draft protective order and send it for our review, so we can file in advance of the document production.

As a separate matter, Plaintiff's responses to Defendant's discovery requests are currently due October 2, 2017. While we are near completing the responses, we would appreciate the courtesy of a one-week extension to October 9, 2017.

Please let us know if the arrangement outlined above, as well as our request for an extension of Plaintiff's discovery response deadline, is acceptable. Thank you for your cooperation in this matter.

Jarrett L. Ellzey
Hughes Ellzey, LLP
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
(713) 554-2377
(713) 554-2376 – Direct Line

www.hughesellzey.com

==========

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========
[attachment "2017-10-10 - Letter from M. Barney to A. Waks.pdf" deleted by Allison L Waks/JonesDay]


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========



==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

.