# EXHIBIT 6

**Subject:** RE: Buchanan v. Sirius XM Radio, Inc., Case No. 3:17-cv-728
**Date:** Tuesday, January 2, 2018 at 6:15:56 PM Central Standard Time
**From:** Waks, Allison L.
**To:** Mason Barney
**CC:** Delaune, Natalia O., jarrett@hughesellzey.com, Douglas M. Werman, Aaron Siri, hturner@tloffices.com, Armstrong, Lee A., craft@hughesellzey.com, Demitrack, Thomas

Mason,

There is no disagreement between the parties on any of the reasons for which you claim you need the lists, so we do not understand the need to bother the court with an unnecessary discovery motion: (1) we have stipulated to numerosity; (2) we have told you that the federal DNC list contains 10-digit phone numbers and dates of calls, so there is nothing for you to confirm in view of that stipulation; (3) Sirius XM has told you in its interrogatory answers that Sirius XM made phone calls to the names on the federal DNC list, so your professed need for the federal list to address commonality makes no sense; and (4) we confirm that the internal DNC lists contain phone numbers and the dates on which those phone numbers were placed on Sirius XM's internal DNC lists.

In the end, this appears to a manufactured dispute in order to obtain a second, lengthy extension of the class briefing schedule. We have already agreed to a 3 month extension for your class certification motion, and there is no reason for another lengthy extension.

Allison L. Waks
Associate
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

**From:** Mason Barney [mailto:mbarney@sirillp.com]
**Sent:** Tuesday, January 2, 2018 5:22 PM
**To:** Waks, Allison L. <awaks@jonesday.com>
**Cc:** Delaune, Natalia O. <ndelaune@jonesday.com>; jarrett@hughesellzey.com; Douglas M. Werman <dwerman@flsalaw.com>; Aaron Siri <aaron@sirillp.com>; hturner@tloffices.com; Armstrong, Lee A. <laarmstrong@JonesDay.com>; craft@hughesellzey.com; Demitrack, Thomas <tdemitrack@JonesDay.com>
**Subject:** Re: Buchanan v. Sirius XM Radio, Inc., Case No. 3:17-cv-728

Allison,
Below please find my responses to your email.

1. We obviously disagree with you regarding class certification, but given that you have not provided any of the specific reasons, I cannot now respond to this point in a substantive way.

2. On numerosity, to be clear, you are saying that you disagree that there are any members of the internal DNC class, but you are still willing to stipulate to that class' numerosity, is that correct?  Can you please also explain why you believe Mr. Buchanan lacks standing.

3. I am unclear on this point.  You say that we do not require the logs to prove ascertainability because we already know that the dates and numbers are in the logs, but you do not state that you are willing to stipulate to this point.  Are you willing to stipulate to acertainability?  If not, then we require the logs with the name, address and numbers called, as we have said.  As the very least, none of Plaintiff's counsel have seen the logs, therefore we cannot attest to there contents in a motion, essentially voiding your point.

4. The common issue of law is that each class members that was called had previously put his or her name and telephone number on either the national or Sirius' internal do-not-call list.  We require the log to show that the prohibited calls were made.  Whether there is some overlap between commonality and numerosity is not a reason to deny production of the call log.

5. On the question of the data security, we have tried to work with you to fashion a reasonable set of requirements, but we do not see eye to eye on this.  You are asking for unlimited personal indemnification from plaintiff's counsel, data vendor, and any experts, that is simply not reasonable as I have said many times.  In fact, one of our vendors has already made clear that he cannot work with us if your indemnification provision is included.

6. We asked for the internal do-not-call list in our initial requests and then again in several emails Jarret sent in September.  I re-raised the issue with you during our call on December 20th, and you responded that Sirius XM is objecting to producing the internal DNC for the same reasons it is objecting to producing the call logs.  If this is not correct, please let me know.

7. We have a disagreement regarding the production and the data security requirements, we collectively have tried to explore all options to avoid making a motion to the court on the call logs, internal do-not-call list, and the protective order, but we have been unable to reach an agreement.  While you disagree with our position, I believe that both sides present a reasonable disagreement that will require the court to resolve.  I would have expected as a professional courtesy for you to agree to the extension so that we can make our motion and get a resolution.  Now you are going to force us to move for an extension, thereby wasting our time and that of the court on an issue that should be resolved by stipulation.  I would also note that we provided an extensive adjournment for Sirius' time to answer.

Regards,
Mason A. Barney, Esq.
**SIRI & GLIMSTAD LLP**
200 Park Avenue
17th Floor
New York, NY 10166
P: 212-532-1091
F: 646-417-5967
www.sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

On January 2, 2018 at 2:41:56 PM, Waks, Allison L. (awaks@jonesday.com) wrote:

Mason:

Here is Sirius XM's position:

1. Class certification is inappropriate in this case for multiple reasons.

2. Nonetheless, to resolve the issues raised in your various emails, Sirius XM will agree not to dispute the numerosity element of either of the proposed classes (although it disagrees that Buchanan has standing to pursue claims on behalf of the proposed internal DNC class and it further disagrees that there are any members in that proposed class in the first place).

3. You have also asserted that you need the class lists for purposes of ascertainability, but the element of ascertainability does not require the identification of every class member at the class briefing stage. It instead requires only proof that a method exists to ascertain the identities of putative class members. Actual call logs (which contain the personal identifying information of Sirius XM subscribers and potential subscribers) are not necessary for plaintiff to show how he will address ascertainability—those logs contain information from which plaintiff can identify phone numbers and dates of calls, but the lists do not identify whether phone numbers that were called were on the federal DNC list. You seem to acknowledge that fact, because you previously said that you plan to use federal DNC lists (which you say you can obtain from other sources and which you say will allow you to determine, on a day-by-day basis, who is on the federal DNC list) to meet your ascertainability burden. You have not explained why you need the actual call logs at this time in order to meet that burden, as long as you know that you can determine from those logs the numbers called along with the dates of the calls.

Sirius XM's position goes beyond its concerns regarding relevance, moreover. We have also explained to you that, in view of the parties' disagreement on the appropriate protection for the personal identifying information in those logs (addressed further in #5, below), it made sense to defer the Court's need to resolve that disagreement unless plaintiff is able to sustain its class certification burden. If plaintiff cannot sustain that burden, it will not be necessary for the Court to address what would then be an irrelevant issue (i.e., the protective order disagreement).

For these two reasons, production of the actual call logs is not necessary for purposes of ascertainability.

4. As to commonality, you have not explained how the actual call logs will allow you to meet that element of your Rule 23 burden – the logs contain personal identifying information, and nothing that is relevant to that element of your case. You say only that, by using the call logs, you "will be able to show that there are a number of individuals on either of those lists who Sirius called." That is not commonality, but numerosity, and you have already said that you do not need the logs for numerosity purposes as long as Sirius XM will not dispute that Rule 23(a) element, which Sirius XM has confirmed in #2, above.

5. Even assuming the relevance of any of the call logs, plaintiffs have still refused to agree to sufficient protections in the protective order to address the personal identifying information in those logs. Sirius XM requires only that plaintiff's counsel, data vendor, and any experts agree to those protections as well as an indemnity in the event of a breach. Sirius XM will not require such protections or an indemnification from court reporters, jury consultants and other parties that may have incidental access to the lists, but that would not retain them.

We have previously explained our position to you. Sirius XM requires sufficient protections and an indemnification from anyone to whom it releases personally identifiable information of its subscribers and potential subscribers in the ordinary course of business. And many of the OEMs with which Sirius XM has relationships require similar protections. It is not an unreasonable request, and will encourage and incentivize plaintiff's counsel and any vendor or expert retained by plaintiff's counsel to adopt the appropriate level of protection. Data breaches and data hacks unfortunately happen, and Sirius XM needs comfort that plaintiff and his counsel will take commercially-sensible and industry-standard steps to protect the personal identifying information of Sirius XM's subscribers and potential subscribers, and accept responsibility in the event of a breach.

6. Early this morning, one of your co-counsel sent an email pressing for Sirius XM's position with respect to Sirius XM's internal DNC list. You subsequently asked us to ignore that email, presumably because plaintiff did not include a request for that list in its amended document requests (see J. Ellzey's email dated September 29, 2017). We therefore do not address that topic in this email.

7. For all of these reasons, we cannot agree to a further extension of the date for the filing of plaintiff's class certification motion.

Allison L. Waks
Associate
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY 10281
Office: +1.212.326.7808
awaks@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***