IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>SIRIUS XM RADIO INC.,<br><br>        Defendant. | Civil Action No. 3:17-cv-00728-D |

**DEFENDANT SIRIUS XM RADIO INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR PARTIAL SUMMARY JUDGMENT**

Albert J. Rota
 Texas Bar No. 24056233
Sidney S. McClung
 Texas Bar No. 24083880
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Tel: (214) 969-3698
Fax: (214) 969-5100
Email: ajrota@jonesday.com
Email: smcclung@jonesday.com

Thomas Demitrack (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Fax: (216) 579-0212
Email: tdemitrack@jonesday.com

Lee A. Armstrong (admitted *pro hac vice*)
Allison L. Waks (admitted *pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: laarmstrong@jonesday.com
Email: awaks@jonesday.com

*Counsel for Defendant Sirius XM Radio Inc.*

**I.     INTRODUCTION**

Buchanan's claim under 47 C.F.R. § 64.1200(d)(3), a regulation promulgated pursuant to the Telephone Consumer Protection Act, fails on multiple fronts. For one, Buchanan does not even plead the necessary facts in his complaint. The regulation under which he sues prohibits companies from making telemarketing calls without first implementing procedures for honoring—within a reasonable time—requests by consumers not to receive more calls. But Buchanan's complaint says nothing about Sirius XM's failure to implement the necessary procedures. Not only that, but the record evidence confirms that Sirius XM had robust policies and procedures in place for honoring do-not-call requests when it placed the calls to Buchanan.

Buchanan's only response is to claim that he pleaded things he didn't, that the record shows things it doesn't, and that the cases stand for things they don't. Shorn of those mischaracterizations, Buchanan's opposition relies on only an expert report that does not touch on the relevant inquiry and on his own contradictory testimony about his individual do-not-call request. Neither of those sources can create a triable dispute of fact about his § 64.1200(d)(3) claim.

**II.    ARGUMENT**

**A.     Sirius XM Is Entitled To Judgment On The Pleadings Because Buchanan's Complaint Contains No Allegations Regarding Sirius XM's Do-Not-Call Procedures**

Buchanan cannot evade judgment on the pleadings because his complaint does not even mention Sirius XM's procedures for honoring do-not-call requests within a reasonable time, let alone any failure to implement those procedures. The regulation under which Buchanan sues, 47 C.F.R. § 64.1200(d)(3), "simply requires the institution of certain procedures prior to the initiation of telemarketing calls." *Simmons* v. *Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 131 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017). In other words, the regulation does not target "single violations of an entity's otherwise proper procedures"—indeed, "[n]o authority [so] holds." *Id.* at 141. Instead, the

regulation forbids only making calls "without having implemented the minimum procedures." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 632 (6th Cir. 2009); *see also, e.g., Simmons*, 222 F. Supp. 3d at 131 ("A telemarketer violates this subsection not by placing the calls themselves, but by failing to have the required procedures in place prior to the initiation of the calls."); *Charvat v. DFS Servs. LLC*, 781 F. Supp. 2d 588, 592 (S.D. Ohio 2011) ("The regulations do not specifically proscribe actually calling an individual after the individual has requested placement on a do-not-call list."). The failure to implement minimum procedures is an "essential element" of a plaintiff's case, *Simmons*, 222 F. Supp. 3d at 131, and so the absence of allegations about such procedures dooms a complaint, *Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2014 WL 11531368, at *5 (S.D. Fla. Jan. 17, 2014) (dismissing a subsection (d)(3) claim for deficient allegations about defendant's lack of procedures).

Buchanan's complaint does not state a claim for violating subsection (d)(3) because it nowhere pleads that Sirius XM failed to implement minimum procedures. To the contrary, Buchanan admits that the only allegations supporting his claim involve (1) the circumstances surrounding his specific do-not-call request, and (2) that some unspecified number of putative class members were called at some undefined time after they asked to be placed on Sirius XM's internal do-not-call list. Opp'n at 11-12.[1]

Buchanan makes two attempts to mitigate his failure to plead this crucial allegation. Both are meritless.

---

[1] "Opp'n" refers to Plaintiff's Response In Opposition To Defendant's Motion For Judgment On The Pleadings And For Partial Summary Judgment, ECF No. 94. "Mot." refers to Defendant Sirius XM Radio Inc.'s Memorandum In Support Of Its Motion For Judgment On The Pleadings And For Partial Summary Judgment, ECF No. 92. "A." refers to the Appendix In Support Of Defendant Sirius XM Radio Inc.'s Memorandum In Support Of Its Motion For Judgment On The Pleadings And For Partial Summary Judgment, ECF No. 93.

*First*, Buchanan advocates the wrong pleading standard. He claims that "[t]he court may dismiss a claim [only] when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Opp'n at 7 (quoting *Jones* v. *Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But the "no set of facts" pleading standard is no longer good law. *See Doe* v. *Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) ("[W]e cannot accept Plaintiffs' invitation to apply the 'no set of facts' test, which the Supreme Court has firmly rejected."). Instead, the Complaint must contain "well pleaded facts" that "permit the court to infer more than [a] mere possibility" that the defendant violated the law. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009); *see, e.g.*, *Gentilello* v. *Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010) ("We evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim"—so a plaintiff "must plead sufficient facts to 'state a claim to relief that is plausible on its face,'" and "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." (quoting *Iqbal*, 556 U.S. at 678)). As explained above, those well-pleaded facts are missing here.

*Second*, Buchanan claims that he "alleges" that "while Sirius purports to have an internal do-not-call policy, ███████████████████████████████████, despite Sirius's ability to honor those do-not-call requests immediately." Opp'n at 10-11. But he cites no such allegations—because those contentions in fact appear nowhere in the complaint (and, as explained below, *infra* at 5–6, they would fail even if they did). Buchanan cannot now amend his complaint through his briefing here. *E.g.*, *GeorgiaCarry.Org, Inc.* v. *Georgia*, 687 F.3d 1244, 1258 n.27 (11th Cir. 2012); Mot. at 9. He has therefore failed to plead a claim under 47 C.F.R. § 64.1200(d)(3).

**B. Sirius XM Is Entitled To Summary Judgment Because Buchanan Has Not Created A Material Dispute Regarding Sirius XM's Failure To Implement Do-Not-Call Procedures**

The insufficiency of his complaint aside, Buchanan has adduced no evidence that Sirius XM failed to "institute[] procedures for maintaining a list of persons who request not to receive

3

telemarketing calls." 47 C.F.R. § 64.1200(d). The regulation addresses a company's failure to institute procedures meeting certain "minimum standards." *Id.*; *see supra* Part II.A. The relevant criterion here is the implementation of a procedure for honoring do-not-call requests "within a reasonable time . . . not [to] exceed thirty days." 47 C.F.R. § 64.1200(d)(3). But there is no triable dispute on that issue. As demonstrated by the body of evidence submitted in support of its motion, Sirius XM *has* implemented robust policies and procedures for honoring do-not-call requests within a reasonable time. Mot. at 2–4, 10–11. Buchanan's response to this evidence is unavailing.

1. **Buchanan Offers No Evidence That Sirius XM Failed To Implement Procedures For Honoring Do-Not-Call Requests Within A Reasonable Time**

To prevail, Buchanan must prove that Sirius XM's do-not-call policy was "not fully implemented." *Simmons*, 222 F. Supp. 3d at 139. Or, as Buchanan puts it, he must provide "proof of [a] failure to implement [an] existing plan [to] support [a] TCPA violation for failure to have a proper procedure." Opp'n at 11 (citing *In re Dynasty Mortg., L.L.C.*, 22 FCC Rcd. 9453, 9466 (2007)).[2] The problem for Buchanan is that he *has not* proved a failure to implement procedures for honoring do-not-call requests within a reasonable time. *See* Mot. at 10–11; *infra* at 5–6.

---

[2] The section of the *Dynasty* decision cited by Buchanan addresses an *affirmative defense* under an *entirely separate* section of the regulation, § 64.1200(c)(2)(i), which concerns calls made to individuals on the national do-not-call list. 22 FCC Rcd. at 9465–66 (discussing § 64.1200(c)(2)(i)(A), not § 64.1200(d)); *see also Simmons*, 222 F. Supp. 3d at 131 (explaining the difference between § 64.1200(c)(2)(i) and § 64.1200(d)).

Buchanan claims that Sirius XM's argument is that "it would suffice to have an internal do-not-call policy regardless of whether the company effectively implemented the policy to honor consumers' requests in a reasonable time." Opp'n at 10. That is not so. *See* Mot. at 7 ("Buchanan's Company-Specific Do-Not-Call List Claim Fails Because Sirius XM *Implemented* Do-Not-Call Procedures Prior To Placing The Calls" (emphasis added)); *id.* at 10 ("The Record Shows That Sirius XM Had *Implemented* Procedures for Honoring Do-Not-Call Requests At The Time Its Vendor Called Buchanan" (emphasis added)); *see also, e.g., id.* at 11 ("[Buchanan] has not paired the facts surrounding his request with evidence showing a general breakdown in policy implementation."). Buchanan's claim fails, as described below, because he has produced no evidence of a breakdown in the implementation of the policy.

4

In response to Sirius XM's swath of evidence about its do-not-call procedures, Buchanan hangs his hat on an expert report to support the proposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Opp'n at 2. But that assertion does not speak to the relevant inquiry. Again, the regulation does not forbid placing the calls; it instead requires implementation of procedures for honoring do-not-call requests *within a reasonable time. Supra* Part II.A. The cited report says nothing about the time it took to honor any individual's do-not-call request. ECF No. 94-1. Put another way, that some individuals were called at some unspecified time after they made a do-not-call request is not evidence of a failure to implement a policy for honoring do-not-call requests within a reasonable time.

The regulation's built-in flexibility recognizes that some individuals will be called after they have lodged do-not-call requests, and it permits those calls so long as they cease within a reasonable time. The process used by Sirius XM—a process that Buchanan declines to attack substantively— shows as much. Sirius XM uses twelve different vendors to place calls to consumers all around the country, *see* ECF No. 60-1 at 10, and so, naturally, it will take at least some time for a do-not-call request received by one vendor to make its way into the files of every other vendor engaged in active call campaigns, Mot. 3–4. In short, because the expert report does not address the relevant question— whether there was a policy breakdown about honoring requests within a reasonable time—it cannot create an issue of fact for purposes of subsection (d)(3).[3]

---

[3] Even if the report did address the relevant question, it would not generate a dispute of material fact. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 17. These numbers are not enough to get to a jury on whether Buchanan has "establish[ed] a complete failure to implement [the required] policy." *Simmons*, 222 F. Supp. 3d at 140.

5

Buchanan also claims that Sirius XM must "honor do-not-call requests immediately" because it is able to do so. Opp'n at 4. But Buchanan is wrong on both the law and the facts. As a matter of law, the regulations do not "require an immediate stop." *Wolfkiel* v. *Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014). The FCC order Buchanan quotes doesn't provide otherwise. It merely states that "telemarketers with the capability to honor . . . company-specific do-not-call requests *in less than thirty days* must do so." Opp'n at 4 (emphasis added) (quoting *In Re Rules & Regs. Implementing the TCPA*, 18 FCC Rcd. 14,014, 14,069 (2003)).

For his factual argument, Buchanan relies on the deposition testimony of Sirius XM's 30(b)(6) witness, Sally McMahon, who, he says, "confirmed that [Sirius XM] can honor do-not-call requests immediately." Opp'n at 4. But that is not what she said. Instead, she outlined the same process that she described in her declaration in support of summary judgment:



ECF No. 60-20 at 113:13–20; A.7–8. With various ongoing call campaigns involving numerous different vendors, honoring a do-no-call request communicated to one vendor instantaneously to every other vendor would be impossible and, as noted, is not required by the regulation anyway. Buchanan admits as much. *See* A.311 (Buchanan stating in his deposition that no one would "expect th[e] phone calls to cease overnight"). Thus, Buchanan's claim that Sirius XM can honor do-not-call requests immediately is mistaken at best. Because he otherwise leaves unchallenged Sirius XM's procedures for honoring do-not-call requests, no question of fact persists for trial.

### 2. Buchanan Has No Evidence That Sirius XM Failed To Honor Even His Request Within A Reasonable Time

Even if a single telephone call could violate § 64.1200(d)(3), Buchanan has identified no genuine factual dispute as to whether Sirius XM honored *his* request within a reasonable time. As Sirius XM observed in its motion (at 5, 12–13), Sirius XM placed Buchanan on its do-not-call list on August 4, 2016, just three days after Buchanan mailed his letter.

Now, at the summary judgment stage, Buchanan insists that Sirius XM *did not* stop calling him on August 4th. Opp'n at 2. But none of those supposed later calls made their way into his complaint (or his two prior Texas petitions). A.258–80. To the contrary, Buchanan alleges in his complaint that "*a total* of sixteen (16) telemarketing calls were received on Plaintiff's Residential Land Line" and then proceeds to list the sixteen calls, with the last one dated August 4th. Compl. ¶ 34 (emphasis added). Indeed, Buchanan's call records for the time period of October 1, 2014, and October 31, 2016, show sixteen calls from the number associated with Sirius XM. ECF No. 60-9 at 69:19-79:10. Thus, Buchanan's claim that Sirius XM called him after August 4, 2016, not only lacks record support, it also *conflicts* with three of Buchanan's own court filings and all the record evidence.

Buchanan also falls back on his own contradictory testimony about the date he mailed Sirius XM a do-not-call request. He claims that "[t]he parties disagree about a key fact and offer conflicting evidence in support of their positions." Opp'n at 14. But Buchanan alone is the source of the conflicting testimony about the date of his do-not-call request, and he cannot create an issue of fact on summary judgment by contradicting himself. *See* Mot. at 12–13. Nor has he offered any explanation for how he could have sent Sirius XM a do-not-call request *before* he discovered that it was Sirius XM that had been calling him. *See* Mot. at 12.

The record shows that the only request that made its way to Sirius XM was received on August 4, 2013, and that Sirius XM's calls stopped that same day. *See* Mot. at 13. Certainly, honoring a request within one day is reasonable as a matter of law. *See Wolfkiel*, 303 F.R.D. at 292 (one day reasonable as

a matter of law). And even if Buchanan did send a letter on July 24th, that letter would not have arrived until July 28th. *See* Mot. 13–14. But that would mean that Sirius XM stopped calling Buchanan in a week's time—far too short a window to get to a jury. *See Simmons*, 222 F. Supp. 3d at 140 n.14 (honoring request in fifteen days reasonable as a matter of law); *Orsatti* v. *Quicken Loans, Inc.*, No. 2:15-cv-9380, 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016) (honoring request within the same month reasonable as a matter of law).

In a last-ditch attempt to save his claim, Buchanan relies on a hodgepodge of case law he claims supports the rule that reasonableness under the regulation is a question of fact for the jury. Opp'n 2, 9, 10–14. But most of the cases he cites have nothing to do with the TCPA. *See Body By Cook* v. *Ingersoll-Rand Co.*, 39 F. Supp. 3d 827, 830 (E.D. La. 2014) (denying a Rule 50 motion for a new trial on the plaintiff's negligence claims under Louisiana law); *Nunez* v. *Superior Oil Co.*, 572 F.2d 1119, 1126–27 (5th Cir. 1978) (denying summary judgment in a breach-of-contract case where "fair-minded men [could] honestly draw different conclusions" from the evidence in the record); *Akalwadi* v. *Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 505–06 (D. Md. 2004) (holding that, pursuant to the facts of that case, there was a material dispute as to whether the defendant debt collector called the plaintiff "repeatedly or continuously with intent to annoy, abuse or harass any person at the called number" in violation of the Fair Debt Collection Practices Act).

Buchanan fares no better with the cases that *do* concern the TCPA. He cites a district court opinion that granted class certification on an internal do-not-call list claim; but nowhere did that court confront any argument about the defendant's procedures for honoring do-not-call requests. *Krakauer* v. *Dish Network L.L.C.*, 311 F.R.D. 384 (M.D.N.C. 2015). Instead, the court considered and rejected the defendant's argument that the named class member "ha[d] not provided sufficient evidence 'that he made an affirmative request not to receive future calls'" because the evidence showed that he did unequivocally ask the defendant to "stop" calling him. *Id.* at 389–90. Here, Sirius XM is not contesting

8

whether Buchanan's letter counted as an affirmative do-not-call request, and so the class certification decision in *Krakauer* is inapposite.

Equally unhelpful to Buchanan is *Martin* v. *Comcast Corp.*, No. 12-6421, 2013 WL 6229934 (N.D. Ill. Nov. 26, 2013). There, the defendant moved to dismiss a subsection (d) claim on the ground that the defendant honored the plaintiff's individual do-not-call request within a reasonable time. Memo. Supp. Deft.'s Mot. Dismiss, No. 12-cv-6421, ECF No. 15 at 9-10. The defendant did not attack the complaint on the grounds that it lacked allegations about do-not-call procedures. *Id.* Accordingly, the court did not address that issue in denying the motion to dismiss. Instead, the court simply held that reasonableness had to be addressed "after the facts ha[d] been pinned down through discovery," because there was not yet evidence as to "when the letter was actually sent, by what method, and when it was received." *Martin*, 2013 WL 6229934, at *6. Here, by contrast, over a year of discovery has laid bare Buchanan's failure to support his subsection (d)(3) claim.

Finally, Buchanan can get no mileage out of *Nece* v. *Quicken Loans, Inc.*, No. 8:16-cv-2605, 2018 WL 1326885 (M.D. Fla. Mar. 15, 2018). First, the court there *granted* the defendant summary judgment on the plaintiff's § 64.1200(d) claim—the very type of claim at issue in this motion. *Id.* at *7–9. The court explained that even if a dispute of fact existed as to when the plaintiff made the do-not-call request, "[a]n isolated failure to timely record a do-not-call request establishes no genuine dispute whether [the defendant] called [the plaintiff] before instituting a sufficient do-not-call policy." *Id.* at *8. "Unlike Section 64.1200(c)(2), which establishes liability for a 'telephone solicitation' to a person on the national do-not-call registry," the court explained, "success on a claim under Section 64.1200(d)(3) requires proof that the company called before 'institut[ing] procedures' to add a number to the do-not-call registry and to honor the do-not-call request." *Id.* Summary judgment was appropriate because the plaintiff had "uncovered no evidence that Quicken failed to implement a do-

9

not-call procedure compliant with Section 64.1200(d)(3)." *Id.* Thus, far from saving Buchanan's subsection (d)(3) claim from summary judgment, *Nece*'s holding in fact compels its dismissal.

Despite *Nece*'s clear command, Buchanan spills much ink quoting a paragraph of the *Nece* opinion. Opp'n at 13. He fails to mention, however, that the quoted portion appears in the court's discussion of a claim under a *different* section of the regulation, § 64.1200(c), which, as the court explained, concerns calls made to those on the national do-not-call list. *Nece*, 2018 WL 1326885, at *7. The *Nece* court's ruling that an issue of fact remained with respect to the plaintiff's provision of consent to be called (a defense to a claim under § 64.1200(c)), *id.* at *5–6, has no bearing on this case.

### III. CONCLUSION

Sirius XM respectfully requests that this Court grant its Motion for Judgment on the Pleadings or, in the alternative, grant its Motion for Partial Summary Judgment, and enter judgment for Sirius XM on Buchanan's claim for violation of 47 C.F.R. § 64.1200(d)(3).

Respectfully submitted,

   */s/ Lee A. Armstrong*
Lee A. Armstrong
  (admitted *pro hac vice*)
  New York Attorney No. 2580793
JONES DAY
250 Vesey Street
New York, New York
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: laarmstrong@jonesday.com

*Counsel for Defendant Sirius XM Radio Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on this 26th day of November, 2018, a true and correct copy of the foregoing Sirius XM's Memorandum in Support of Its Motion for Judgement on the Pleadings and for Partial Summary Judgment was served via the CM/ECF system, which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Lee A. Armstrong