**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Thomas Buchanan, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>SIRIUS XM Radio Inc.,<br><br>          Defendant. | Case No. 17-cv-00728-D |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (this "Agreement" or this "Settlement Agreement") is made and entered into as of this 26th day of April 2019 by and between Plaintiff Thomas Buchanan  ("Named Plaintiff"), individually and on behalf of the Class (as defined below), and Defendant Sirius XM Radio Inc. ("Sirius XM") (Named Plaintiff and Sirius XM, collectively, the "Parties").

1.     **Recitals.**

WHEREAS, on March 13, 2017, Thomas Buchanan filed a putative class action complaint in the United Stated District Court for the Northern District of Texas, Dallas Division (the "Court"), against Sirius XM alleging claims for purported violations of the Telephone Consumer Protection Act of 1991 (the "TCPA") (*Thomas Buchanan v. Sirius XM Radio Inc.*, No. 17-cv-728 (N. D. Tex.), hereinafter the "*Buchanan* Case"); and

WHEREAS, the *Buchanan* Case has been actively litigated; and

WHEREAS, on March 7, 2018, Named Plaintiff filed a Motion to Compel and Motion for Protective Order, which was thereafter referred to the Magistrate Judge, who ordered the Parties' counsel to meet face-to-face to fully confer; and on March 28, 2018, the Magistrate

Judge so-ordered the Parties' memorialized agreement addressing issues raised by Named Plaintiff; and

WHEREAS, on October 9, 2018, the Parties completed all class certification briefing; and

WHEREAS, the Parties have conducted extensive discovery and completed it by the November 9, 2018 fact discovery cutoff; and

WHEREAS, Named Plaintiff conducted significant expert discovery, retained two expert witnesses, and produced three expert reports; and

WHEREAS, the Parties were prepared to litigate the *Buchanan* Case through trial and on November 9, 2018, submitted their Joint Status Report, including a joint estimate of trial length; and

WHEREAS, on November 26, 2018, the Parties completed all briefing on Sirius XM's motion for judgment on the pleadings or, in the alternative, for partial summary judgment respecting Named Plaintiff's claim of an individual do-not-call violation; and

WHEREAS, beginning in March 2018, the Parties had prefatory discussions regarding whether a mediation might lead to a resolution of the *Buchanan* Case; and

WHEREAS, the Parties agreed to a mediation and advised the Court, which on November 13, 2018 entered an order staying this case while the parties participated in a mediation; and

WHEREAS, Sirius XM denies each and every one of Named Plaintiff's allegations of unlawful or wrongful conduct and does not concede or admit any liability whatsoever, and in particular denies any violation of any do-not-call law or regulations; Sirius XM asserts a defense of "established business relationship," or "EBR," and has asserted various other defenses; and

2

further denies that any of the challenged conduct caused Named Plaintiff or any putative class member any injury or damage; and

WHEREAS, this Settlement Agreement resulted from good faith, arm's-length settlement negotiations over many months, including an in-person mediation session before Randall W. Wulff, an experienced and well-regarded mediator chosen by the Parties; the Parties submitted detailed mediation memoranda to Mr. Wulff setting forth their respective views as to the strengths of their cases; and on January 31, 2019, Class Counsel (as defined below) as well as Sirius XM and its counsel engaged in an all-day mediation before Mr. Wulff, at the conclusion of which they entered into a Memorandum of Understanding relating to the settlement of Named Plaintiff's individual and class claims against Sirius XM ("Settlement"); and

WHEREAS, Named Plaintiff and his counsel have concluded, after extensive fact discovery, expert discovery, motion practice, and trial preparation, and after carefully considering the applicable legal principles and all of the circumstances of the *Buchanan* Case, that it would be in the best interests of the Settlement Class (as defined below) to enter into this Agreement in order to avoid the risks and uncertainties of, and delays associated with the outcome of, the pending class certification motion and the motion for judgment on the pleadings or, in the alternative, for partial summary judgment, as well as any trial and any subsequent appeals in the *Buchanan* Case, and to assure a benefit to the Settlement Class; and

WHEREAS, Class Counsel consider the Settlement (as reflected in this Agreement) to be fair, reasonable, and adequate and in the best interests of the Settlement Class; and

WHEREAS, Named Plaintiff and Class Counsel, on behalf of the Settlement Class, have agreed to have judgment entered pursuant to this Agreement without trial or adjudication of any issue of fact or law and without this Agreement, including exhibits, constituting any evidence

against, or admission by, Sirius XM with respect to liability, fault, or any other issue raised in the *Buchanan* Case; and

WHEREAS, Sirius XM has concluded, despite its belief that it is not liable for the claims asserted in the *Buchanan* Case and that it has good defenses thereto, as well as meritorious positions in its class certification opposition and its motion for judgment on the pleadings or, in the alternative, for partial summary judgment in the *Buchanan* Case, that it is in Sirius XM's best interests to enter into this Agreement to avoid further expense and burden, along with the distraction and uncertainty, of continuing protracted litigation, and thereby to resolve this controversy; and

WHEREAS, this Agreement embodies all of the terms and conditions of the Settlement between Named Plaintiff, both individually and on behalf of the Settlement Class, and Sirius XM, subject to final approval of the Court; and

WHEREAS, Named Plaintiff and Sirius XM agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability, wrongdoing or injury by Sirius XM or of the truth of any claim or allegation or a waiver of any defenses thereto, including Sirius XM's opposition to the motion for class certification and its motion for judgment on the pleadings or, in the alternative, for partial summary judgment;

NOW THEREFORE, it is agreed by the undersigned, on behalf of Named Plaintiff and the Settlement Class, as well as Sirius XM, that the *Buchanan* Case be settled and dismissed with prejudice, and without the award of any costs (except to the extent and on the basis set forth in this Agreement), subject to the approval of the Court, on the following terms and conditions:

## 2.    **Definitions**.

2.1    "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release among Named Plaintiff, the Settlement Class Members, and Sirius XM.

2.2    The "*Buchanan* Case" means the class action filed by Named Plaintiff in the Northern District of Texas against Sirius XM captioned *Buchanan v. Sirius XM Radio Inc.*, No. 17-cv-728 (N. D. Tex.).

2.3    "CAFA Notice" refers to the notice of the Settlement to appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), addressed in Section 8.b of this Agreement.

2.4    "Class Counsel" means the following law firms and the attorneys associated with those law firms:

    a.    Hughes Ellzey, LLP;

    b.    Mark A. Alexander P.C.;

    c.    Siri & Glimstad LLP;

    d.    Turner Law Offices, LLC;

    e.    Werman Salas P.C.; and

    f.    Lieff Cabraser Heimann & Bernstein, LLP.

2.5    "Class Member" means any person who is included in the Settlement Class.

2.6    "Class Notice" means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court.

2.7    "Class Period" means the period of time from October 16, 2013 to April 26, 2019, the date of this Agreement.

2.8    "Court" means the United States District Court for the Northern District of Texas.

2.9     "Effective Date" means the date on which the Settlement shall become final as provided in Section 15 of this Agreement.

2.10    "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the settlement set forth in this Agreement as fair, reasonable, and adequate.

2.11    "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing.

2.12    "Named Plaintiff" has the meaning defined in the first paragraph of this Agreement.

2.13    "Preliminary Approval Order" means the order the Court enters in connection with the Motion for Preliminary Approval.

2.14    "Released Claims" means the claims released in Section 5.a of this Agreement.

2.15    "Released Parties" means the parties released in Section 5.a of this Agreement.

2.16    "Settlement Administrator" means Class Experts Group, LLC, subject to approval by the Court.

2.17    "Settlement Class" means and includes:

> All natural persons in the United States who, from October 16, 2013 to the date of this Agreement: (a) received more than one telephone solicitation call in a 12-month period made by or on behalf of Sirius XM more than 31 days after registering the landline, wireless, cell or mobile telephone number on which they received those calls with the National Do-Not-Call Registry, or (b) received one or more calls after registering the landline, wireless, cell, or mobile telephone number on which they received the calls with Sirius XM's internal Do-Not-Call list.

> Excluded from the class definition are: (a) natural persons who were or had been paid subscribers to Sirius XM's service at the time of the first call; (b) natural persons who were members of the class settled in *Hooker v. Sirius XM Radio Inc.,* Civil Action No. 4:13-cv-00003 (E.D. Va. 2013), who did not exclude themselves from that class, and who did not receive more than one telephone solicitation call

after July 5, 2016, the date of the *Hooker* settlement;[1] and (c) any employees, officers, directors of Sirius XM, and attorneys appearing in this case, and any judge assigned to hear this case as well as their immediate family and staff.

2.18   "Settlement Class Members" means Named Plaintiff and all other persons who are members of the Settlement Class and who do not submit a Successful Opt-Out, as defined in Section 11 of this Agreement.

2.19   "Settlement Fund" is described in Section 3.a of this Agreement.

2.20   "Settlement Website" means the website operated by the Settlement Administrator as described in Section 6.a. of this Agreement.

3.   **Settlement Consideration**.  In full and final settlement of the claims of the Settlement Class, and in consideration for the release of the Released Claims:

a.   Sirius XM shall pay a non-reversionary sum of $25,000,000.00 (the "Settlement Fund"), from which cash to members of the Settlement Class, notice, administrative costs, attorneys' fees, costs, and other expenses shall be paid.  Ten (10) days following the Court's entry of the Preliminary Approval Order (as contemplated by Section 9 below), Sirius XM shall deposit the Settlement Fund into the Escrow Account to be arranged by Class Counsel. The Settlement Fund shall constitute Sirius XM's exclusive payment obligation under this Settlement Agreement.

---

[1] For convenience purposes, the following is the class definition in the *Hooker* settlement:

"All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who (a) received programming on a promotional basis from Sirius XM in connection with the purchase or lease of a new or used vehicle that ended no later than April 5, 2016; (b) were the recipients of one or more telephone calls made by or on behalf of Sirius XM to their wireless, cell or mobile phone numbers after February 15, 2008 and before July 5, 2016; and (c) never were or became paying subscribers between February 15, 2008 and July 5, 2016."

b.      Sirius XM shall provide three (3) months of free access to Sirius XM's All Access Subscription package (or any subsequently-named satellite radio service that contains substantially the same programming as such All Access package) (the "Free Service") to each Class Member who elects to receive it, in lieu of cash (and thus who does not receive a cash distribution from the Settlement Fund), who is not an active subscriber at the time of distribution, and who complies with the requirements of this Agreement to receive the Free Service.  The monthly retail price of Sirius XM's All Access Subscription package, including taxes and fees, is currently approximately $27.00.  Class counsel reasonably estimate the fair market value of the Free Service to be at a minimum $32,000,000.  The availability of the Free Service option shall not diminish the $25,000,000.00 Settlement Fund.

**4.      <u>Changed Business Practices</u>.**  Sirius XM shall implement the following changed business practices:

a.      Sirius XM shall ensure its outbound dialing practices incorporate a pre-dial check for internal Do-Not-Call ("DNC") status just prior to dialing, and neither Sirius XM nor its vendors or agents will dial any number found to be on the internal DNC list.

b.      Sirius XM shall, twice annually, train its vendor personnel on proper DNC practices.

c.      Sirius XM shall regularly audit its outbound telemarketing vendors and internal data management practices to ensure proper management of internal DNC requests.

d.      Sirius XM shall ensure that its Customer Agreement has an easily visible and clear explanation that trial subscribers have a business relationship with Sirius XM that may result in Sirius XM calling them; the Customer Agreement shall also provide an explanation of how Sirius XM communicates with consumers, and shall provide notice to consumers that Sirius XM may call them regarding their service and trial or other subscription, a URL where consumers may manage their contact preferences and an 800 number they may call for customer service.

e.      Sirius XM shall modify the timing of its telemarketing calls to ensure that Sirius XM does not make calls to trial subscribers until a reasonable period of time after the mailing of the welcome kit (which shall include a copy of the Customer Agreement or, if the welcome kit is delivered electronically, a link to the Customer Agreement).

   f.  Sirius XM shall, wherever possible, include in vehicle material that provides subscription details an explanation of how Sirius XM communicates with consumers, and shall provide notice that Sirius XM may call them regarding their service and trial or other subscription, a URL where they may manage their contact preferences and an 800 number they may call for customer service.

**5.**  **Release.**

   a.  In addition to the effect of any orders and final judgments entered in accordance with this Agreement, Named Plaintiff and any Class Member who has not timely excluded himself or herself as provided below (individually, a "Releasing Party," and collectively, the "Releasing Parties"), whether or not that Class Member objects to the Settlement, shall be bound by this Agreement and shall have recourse only to the benefits, rights and remedies provided hereunder.  The Releasing Parties shall release and forever discharge Sirius XM, and each of its past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, telemarketing vendors, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, heirs, executors, administrators, purchasers, predecessors, successors and assigns (collectively, the "Released Parties") from any and all claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable or not capable of being known, (ii) those which are unknown but might be discovered or discoverable, and (iii) those accrued or unaccrued, matured or not matured, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, all from the beginning of the world until today, that arise out of or in any way relate or pertain to claims, no matter how styled, (a) that were asserted, or attempted to be asserted, or that could have been asserted in the *Buchanan* Case, or (b) alleging a call to any landline, wireless, cell or mobile

phone in violation of any DNC law, whether as a result of a request not to be called or otherwise, including but not limited to claims arising under or relating to (i) the TCPA or any similar state or federal law, (ii) statutory or common law claims predicated upon any alleged violations of the TCPA or any similar state or federal law, and (iii) statutory or common law claims predicated upon and/or arising from any call to any landline, wireless, cell or mobile phone by any or all of the Released Parties, including by any vendor retained by any of the Released Parties, following any request not to receive such a call (collectively, the "Released Claims").  The Release in this Section shall be included as part of any judgment, so that all Released Claims shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

b.      Each Releasing Party hereby covenants and agrees that he, she or it shall not hereafter seek to establish liability against any of the Released Parties based, in whole or in part, upon any of the Released Claims and further covenants not to sue, institute, cause to be instituted, permit to be instituted on their behalf, or assist in instituting or prosecuting any proceeding, or otherwise assert any Released Claims against any Released Parties.

c.      The Parties intend that there will be entries of final judgment with prejudice in the *Buchanan* Case respecting all claims that are or could have been brought in the *Buchanan* Case consistent with the broadest principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

**6.      Claims Procedure for Class Members.**

a.      Settlement Website.  The Settlement Administrator shall establish, administer and maintain a website (the "Settlement Website") for Class Members who have not opted out of the Settlement (pursuant to the opt out procedure in Section 11 below).  Class Members may visit the Settlement Website for purposes of (i) confirming and/or updating their

contact information, including an email address, to be used in connection with notifications, or (ii) electing whether to receive, at the option of said participating Class Members, a cash distribution from the Escrow Account or Free Service.  The Settlement Website shall be available for viewing no later than ten (10) days after the issuance of the Preliminary Approval Order, and the Settlement Administrator shall administer and maintain the website at least until two hundred and seventy (270) days after the Effective Date.  The Settlement Administrator shall provide Sirius XM with such information as Sirius XM requests in order to ensure that Sirius XM can provide the Free Service to Class Members who wish to receive that consideration, including the information that the Class Members requesting Free Service are required to provide as set forth in Section 6.d below and the list of such Class members as provided in Sections 6.h-i below.

      b.    The Parties have selected [www.SiriusXMdncTCPAsettlement.com](www.SiriusXMdncTCPAsettlement.com) as the name of the Settlement Website.  Class Counsel shall provide Sirius XM with an adequate opportunity to review and comment on the text viewable at or available via links from the Settlement Website (other than publicly available documents available at or via such links) prior to the availability for viewing of such Settlement Website or the posting of any such text on the Settlement Website once the Settlement Website is available for viewing.

      c.    <u>The Settlement Options</u>.  A participating Class Member may receive only one of the two consideration options, either the cash option described in Section 6.a(ii) or the Free Service described in Sections 3.b and 6.a(ii), and each participating Class Member may receive only one consideration option regardless of the number of calls he or she may have received on his or her landline, wireless, cell or mobile phone during the period covered by the definition of the Settlement Class.

d.     The Free Service Option.

(i)     Class Members may receive the Free Service for one (1) Sirius

XM equipped vehicle owned or leased by the Class Member or his/her immediate family

member.  Class Members may elect the Free Service by visiting the Settlement Website

or mailing a claim form, each of which shall provide instructions for Class Members on

how to enter the following information for purposes of receiving the Free Service:  first

and last name, vehicle identification number ("VIN") of a Sirius XM equipped vehicle

and/or electronic serial number ("ESN") of the vehicle's Sirius XM Radio, current

mailing address (including apartment number, city, state and zip code), current email

address, and current telephone number.  To the extent that the Settlement Administrator

determines that a person electing the Free Service option at the Settlement Website did

not receive email or individual mailed notice of the Settlement, the Settlement Website

shall also require such person to (1) identify, if different than his or her current telephone

number, the landline, wireless, cell or mobile number that received one or more calls by

Sirius XM's telemarketing vendors between October 16, 2013 and April 26, 2019, after

placing his or her name either on the National Do-Not-Call Registry or Sirius XM's

internal Do-Not-Call list, and (2) state whether such person has ever paid for Sirius XM's

radio service.  Sirius XM shall not have any obligation to provide Free Service to any

Class Member who fails to visit the Settlement Website or mail a claim form and provide

the required information as directed by the Settlement Administrator.

(ii)     The Free Service shall not carry any obligation to continue service

with Sirius XM beyond the three (3) months of free access and shall be provided in

addition to any Sirius XM satellite radio service offer to which a Class Member may be eligible to receive in connection with a purchase or lease of a vehicle.

(iii)     No later than ten (10) days following the Effective Date, the Settlement Administrator shall contact Class Members that have not elected the cash option pursuant to Section 6.a(ii) above.  The Settlement Administrator shall contact such Class Members, either by email or, alternatively, by post mail for any Class Member for whom the Settlement Administrator does not have an email address, and direct them to the Settlement Website for purposes of registering to receive the Free Service.

e.     <u>The Cash Option</u>.  Within the time period set forth in Section 6.f below, Class Members may elect the cash option by visiting the Settlement Website or mailing a claim form to the Settlement Administrator, each of which shall provide instructions for such Class Members on how to enter the following information in order to do so:  first and last name, current mailing address (including apartment number, city, state and zip code), and current telephone number.  To the extent that the Settlement Administrator determines that a person electing the cash option at the Settlement Website did not receive email or individual mailed notice of the Settlement, the Settlement Website shall also require such person (1) to identify, if different than his or her current telephone number, the landline, wireless, cell or mobile number that received one or more calls by Sirius XM's telemarketing vendors between October 16, 2013 and April 26, 2019, after placing his or her name on either the National Do-Not-Call Registry or Sirius XM's internal Do-Not-Call list, and (2) state whether such person has ever paid for Sirius XM's radio service

f.     <u>Claims Deadline</u>.  Class Members must visit the Settlement Website to elect the cash option described in Subsection 6.a(ii) above no later than thirty (30) days prior to

the Final Approval Hearing ("Cash Claims Close").  Class Members who wish to receive the

Free Service must likewise complete all the required information on the Settlement Website no

later than forty-five (45) days following the Effective Date ("Service Claims Close").  Class

Members choosing to mail a claim form must do so such that it is received by the date set forth

in this Subsection.

       g.    <u>Cash Claims Verification</u>.  No later than ten (10) days following the Cash

Claims Close, the Settlement Administrator shall provide to Sirius XM a list of the persons who

visited the Settlement Website or mailed a notice form and who elected the cash option described

in Section 6.a(ii) above who are not on the Class Member List.  The Settlement Administrator

shall provide a single list of such persons in a machine-readable format.  No later than ten (10)

days following receipt of that information regarding those who elected cash, Sirius XM shall

advise the Settlement Administrator whether according to records maintained by Sirius XM such

persons (1) received one or more calls by Sirius XM's telemarketing vendors to their landline,

wireless, cell or mobile number between October 16, 2013 and April 26, 2019, after placing his

or her name either on the National Do-Not-Call Registry or Sirius XM's internal Do-Not-Call

list, and (2) have ever been paying subscribers of Sirius XM's radio service.

       h.    <u>Service Claims Verification</u>.  No later than five (5) days following the

Service Claims Close, the Settlement Administrator shall provide to Sirius XM a list of the

persons who have registered to receive the Free Service who are not on the Class Member List.

The Settlement Administrator shall provide a single list of such persons in a machine-readable

format.  No later than ten (10) days following receipt of that information regarding those who

registered for the Free Service, Sirius XM shall advise the Settlement Administrator whether

according to records maintained by Sirius XM such persons (1) received one or more calls by

Sirius XM's telemarketing vendors to their landline, wireless, cell or mobile number between October 16, 2013 and April 26, 2019, after placing his or her name either on the National Do-Not-Call Registry or Sirius XM's internal Do-Not-Call list, and (2) have ever been paying subscribers of Sirius XM's radio service.

    i.    <u>Additional Verification</u>.  To the extent that Sirius XM determines that persons who are on the lists to be provided to Sirius XM pursuant to Section 6.g-h above have never been paying subscribers of Sirius XM's radio service, the Settlement Administrator shall require proof acceptable to the Settlement Administrator that such individuals satisfy the conditions for being Class Members and that they have not opted out of the Settlement.  The Settlement Administrator may disallow any claim by any person that cannot be supported in a manner acceptable to the Settlement Administrator, using a review process approved by the Parties.  The Settlement Administrator's decision shall be final.

    (i)    For persons who elected the cash option described in Section 6.a(ii), the Settlement Administrator shall complete its review process no later than ten (10) days following receipt of the list to be provided by Sirius XM described in Section 6.g above.

    (ii)    For persons who elected to receive the Free Service described in Section 3.b, the Settlement Administrator shall complete its review process no later than ten (10) days following receipt of the list to be provided by Sirius XM described in Section 6.h above.  Within five (5) days thereafter, the Settlement Administrator shall provide to Sirius XM a list of the Class Members who registered at the Settlement Website and provided the required information to receive the Free Service and who, according to the Settlement Administrator's information, are eligible to receive the Free

Service.  The Settlement Administrator shall provide to Sirius XM a single list of all such

Class Members in a machine-readable format.

(iii)    For persons determined not to be Class Members, the Settlement

Administrator  shall have no obligation to notify any such person of the Settlement

Administrator's decision.

j.     <u>Settlement Checks</u>.  The Settlement Administrator shall mail checks to the

Class Members electing the cash option as provided in Section 18.a(ii) below.

k.     <u>Commencement of Free Service</u>.  Sirius XM shall commence the

provision of Free Service to the applicable Class Members beginning no later than one hundred

and eighty (180) days after the Effective Date.  Sirius XM shall advise the Settlement

Administrator no later than seven (7) days after the Settlement Administrator provides to Sirius

XM the list of Class Members who, according to the Settlement Administrator's information, are

entitled to Free Service whether any of the Class Members so scheduled to receive the Free

Service are no longer eligible to do so because the identified vehicle is or has become associated

with a currently active paid subscription prior to that date.  The Settlement Administrator shall

thereafter treat any such Class Members as if they had elected the cash option and shall include

them in the distribution of cash as provided in Section 18.a(ii) below.  Sirius XM shall notify by

email the remaining Class Members who are scheduled to receive the Free Service (to the extent

those Class Members provided all of the required information) no later than seven (7) days

before commencing the Free Service to a particular Class Member.

**7.     <u>Escrow Account; Settlement Administrator; Tax Status</u>.**

a.     <u>Escrow Account and Escrow Agent</u>.  Class Counsel shall provide for the

formation of an interest-bearing account at a financial institution to be identified by Class

Counsel and approved by Sirius XM to hold and administer the Settlement Fund (the "Escrow Account").  Class Counsel shall identify an agent who has been approved by Sirius XM and who shall be responsible for managing the Escrow Account (said agent, the "Escrow Agent"), subject to approval by the Court.

        b.      <u>Settlement Administrator</u>.  The Settlement Administrator shall be responsible for administering the Settlement.  The Settlement Administrator shall be paid for its services from the Settlement Fund.

        c.      <u>Settlement Fund Tax Status</u>.

        (i)      The parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Settlement Administrator shall timely make such elections as are necessary or advisable to carry out the provisions of this Subsection, including the "relation back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

        (ii)      For purposes of Treas. Reg. § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described

in subsection (i) above) shall be consistent with this Subsection (c) and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(iii)    All (a) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes, or tax detriments that may be imposed on the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Subsection (iii) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this section) ("Tax Expenses") shall be paid out of the Settlement Fund; in no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Settlement Administrator shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-

2(1)); the Released Parties are not responsible therefor nor shall they have any liability with respect thereto.

> (iv)    The Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 7.

d.    Sirius XM shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Escrow Account or any of the funds in the Escrow Account.

e.    Notwithstanding any judgment, principle, or statute, there shall be no interest accrued, owing, or paid by Sirius XM on the Settlement Fund, or on any other benefit available (or potentially available) under this Agreement.

**8.    <u>Reasonable Best Efforts to Effectuate This Settlement; Notice to Officials</u>.**

a.    Counsel for the Parties agree to recommend approval of this Agreement by the Court and to undertake commercially reasonable efforts, including undertaking all steps and efforts contemplated by this Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Agreement.

b.    Sirius XM shall take all steps necessary to provide the CAFA Notice, and no Party shall request that an order giving final approval of the Settlement be issued prior to the expiration of the time set forth in 28 U.S.C. § 1715(d).

**9.    <u>Motion for Preliminary Approval of the Settlement</u>.**

a.    As soon as practical after the execution of this Agreement, but in all events no later than May 3, 2019 (unless otherwise agreed to by the Parties and the Court), Class

Counsel shall file with the Court a motion seeking preliminary approval of the Settlement reflected in this Agreement.  The proposed Preliminary Approval Order shall be substantially in the form attached hereto as **Exhibit A**.  Sirius XM agrees to support the entry of a Preliminary Approval Order provided it is substantially in the form attached hereto as **Exhibit A**, but said agreement shall not be an admission by Sirius XM that a class and/or relief would have been appropriate in the *Buchanan* Case or would be appropriate in any other action.

       b.        Such Preliminary Approval Order shall, *inter alia*:

        (i)        Preliminarily approve the settlement as fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23;

        (ii)       Approve the proposed individual and publication notices substantially in the form attached hereto as **Exhibits B** and **C**, respectively;

        (iii)      Approve the timing of the plan for the provision of individual and publication notices, including the means of publication notice;

        (iv)      Set deadlines consistent with this Agreement for the emailing or post mailing of individual notices, for the provision of publication notice, for the filing of objections, statements or other submissions by any person concerning the Settlement, for the submission for requests for exclusion from the Settlement Class, and for the filing of papers in connection with the hearing to consider final approval of the Settlement;

        (v)       Approve the Settlement Administrator and the Escrow Agent; and

        (vi)      Set a date for a hearing on the final approval of the Settlement and on Class Counsel's application for an award of attorneys' fees, costs and other expenses.

       c.        No later than five (5) business days prior to submission of such motion Plaintiffs' Counsel will provide Sirius XM with a copy of the motion for preliminary approval

for review and comment.  The text of all forms of individual and publication notice shall be agreed upon by Named Plaintiff and Sirius XM.

        d.      The proposed method for providing notice (individual and publication) shall be agreed upon by Named Plaintiff and Sirius XM and presented to the Court for approval. The Parties agree to recommend to the Court the use of email notice as the primary method of notice to the extent practicable.

        e.      In the event that the Court preliminarily approves the Settlement, Named Plaintiff shall direct the Settlement Administrator to provide notice of the Settlement to the Class as directed by the Court.  All costs associated with the giving of notice of the Settlement to the Class, and any other costs associated with administration of the Settlement notice, shall be disbursed to the Settlement Administrator by the Escrow Agent from the Escrow Account, all to occur at the direction of Class Counsel consistent with Class Counsel's agreement with Sirius XM.

        **10.**      **Notice to Class Members.**

        a.      The Parties shall work together to prepare a list of Class Members to receive class notice (the "Class Member List"), including to the extent available each Class Member's email and mailing address.  Upon or as soon as practicable following the entry of the Preliminary Approval Order, but in no event later than ten (10) days prior to commencing notice to the Class, the Parties shall provide the Class Member List to the Settlement Administrator. The Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt to identify current mailing addresses for individuals who are included in the Class Member List.

b.      Within thirty (30) days following entry of the Preliminary Approval Order, or at such other time or as may be ordered by the Court, the Settlement Administrator shall commence the mailing of the agreed-upon individual notice to Class Members, either by email (to the extent that Class Member email addresses are available) or post mail (to the extent that Class Member email notices are not available).

c.      If any notice that has been emailed is returned as undeliverable, the Settlement Administrator shall attempt two other emailings and then attempt post mail service, to the extent a current mailing address is available.  Neither the Parties nor the Settlement Administrator shall have any other obligation to attempt any further mailings to Class Members to whom email notice was sent.

d.      If any notice that has been post mailed is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail.  Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been post mailed.

e.      Within forty-five (45) days following entry of the Preliminary Approval Order, or at such other time as may be ordered by the Court, the Settlement Administrator shall cause to be published in various publications and media outlets the agreed-upon publication notice.

f.      The Settlement Administrator shall have discretion to format the individual and publication notices in a reasonable manner to minimize mailing or administrative costs.  Before any notice is commenced, Class Counsel and Sirius XM's counsel shall first be provided with a proof copy of such notices (including what the items will look like in their final

22

form), and shall have the right to inspect the same for compliance with this Agreement and with the Court's orders.

g.      After entry of the Preliminary Approval Order and prior to the date of the mailing (by email or post mail) of the individual notices, the Settlement Administrator shall cause the operative Complaint, the notices and this Agreement to be made available on the Settlement Website.

h.      The Parties may, at their sole discretion, direct the Settlement Administrator to distribute one or more additional rounds of individual notice by email to Class Members who have not yet elected the Free Service option or the Cash Option.

i.      No later than thirty (30) days prior to the Final Approval Hearing, the Settlement Administrator will cause proof of the establishment and maintenance of the Settlement Website and the telephone assistance program described in Section 12 below to be filed with the Court.

j.      Within thirty (30) days after commencement of notice to Class Members, the Settlement Administrator shall file with the Court proof of the emailing or post mailing of the individual notices.

k.      The Settlement Administrator shall terminate the Settlement Website two hundred and seventy (270) days after either (1) the Effective Date, or (2) the date on which the Settlement is terminated or otherwise not approved by the Court.  The Settlement Administrator shall then transfer ownership of the URL of the Settlement Website to Sirius XM.

11.      **Right and Effect of Members of the Class to Opt-Out.**

a.      Each member of the Settlement Class shall have the right to opt-out and not participate in the Settlement, as provided for in the Preliminary Approval Order.

b.      The class notices shall inform each Class Member of his or her right to request exclusion from the Settlement Class and not to be bound by this Agreement, if, within such time as is ordered by the Court ("Opt-Out Period"), the Class Member personally completes and mails a request for exclusion ("Opt-Out") that is then received by the Settlement Administrator at the addresses set forth in the class notice and that (i) states his or her full name and address; (ii) contains the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the *Buchanan* Case; and (iii) states in plain English and unequivocally the Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and to waive all rights to the benefits of the Settlement.  An Opt-Out that complies with these conditions is a "Successful Opt-Out."  The Settlement Administrator shall promptly inform Sirius XM's counsel and Class Counsel in writing of any Successful Opt-Outs.

c.      Members of the Settlement Class who opt-out in a timely and valid manner shall receive no benefit or compensation under this Agreement and shall have no right to object to the proposed Settlement or participate at the hearing at which the Court shall be asked to determine whether to grant final approval to this Agreement and the Settlement, consider any timely objections to this Agreement, and authorize the entry of final judgment and an order dismissing the *Buchanan* Case with prejudice (the "Final Approval Hearing").

d.      A request for exclusion that does not comply with all of the foregoing, that is not timely submitted or postmarked or that is sent to an address other than that set forth in the notice, shall be invalid and the person serving such request shall remain a member of the

Settlement Class and be bound by this Agreement and the Release contained herein.  If a Class Member submits both a request for exclusion and a claim to the Settlement, the request for exclusion shall control unless otherwise ordered by the Court.

e.      The Opt-Out period shall expire no less than thirty (30) days before the date of the Final Approval Hearing.  Opt-Outs postmarked after the expiration of the Opt-Out Period shall not be treated as Successful Opt-Outs.

f.      No person shall purport to exercise any exclusion rights of any other person, or purport (i) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (ii) to opt-out more than one Class Member on a single paper, or as an agent or representative.  Any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

g.      No later than twenty-one (21) days prior to the date of the Final Approval Hearing, the Settlement Administrator shall provide to the Parties a comprehensive list of Successful Opt-Outs.  The Settlement Administrator's decision regarding whether a purported opt out is a Successful Opt Out shall be final.

**12.      <u>Inquiries from Settlement Class Members</u>.**  It shall be the responsibility of the Settlement Administrator to respond to all inquiries from members of the Settlement Class with respect to this Agreement and the Settlement, except to the extent that inquiries are directed to Class Counsel.  The Settlement Administrator shall establish a toll-free telephone number no later than ten (10) days after the issuance of the Court's Preliminary Approval Order, which will be staffed by the Settlement Administrator, to assist in answering questions from Class Members.  The toll free number will provide access to live-support, a voice response unit ("VRU"), or a combination of live-support and VRU.  It shall also offer a Spanish language

alternative number and VRU.  Any scripts, FAQs or other materials for such purpose shall be made available to Sirius XM's counsel for review and comment prior to their use.  Class Counsel and Sirius XM shall confer and assist the Settlement Administrator as it reasonably requests.

13.     **Objections to the Settlement.**

a.      Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail or hand-deliver written objections to the Settlement ("Objections") to Class Counsel and Sirius XM's counsel, at the addresses set forth in the individual or publication notices, and mail or hand-deliver the Objections simultaneously to the Court.  Objections may be filed by counsel for a Class Member.

b.      Each Objection must (i) set forth the Class Member's full name, current address, email address and telephone number, as well as the name, address, email address and telephone number of all attorneys representing the objector; (ii) identify the landline, wireless, cell or mobile telephone number of the Class Member that brings him or her within the scope of the Settlement Class; (iii) contain the Class Member's original signature or the signature of counsel for the Class Member; (iv) state that the Class Member objects to the Settlement, in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) include a list of all cases, by name and case number, in which the objector and/or their counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the previous five (5) years; and (vii) provide copies of any documents that the Class Member wishes to submit in support of his/her position.

c.      The Parties shall recommend that all Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to Class Counsel and Sirius XM's counsel so that the Objection and supporting materials are received by the Court and the Parties no less

than thirty (30) days prior to the Final Approval Hearing, except that the Parties will ask the Court to require any objections to attorneys' fees, costs and other expenses be supplemented by delivery to Class Counsel and Sirius XM's counsel no later than seven (7) days after Class Counsel files a motion or pleading requesting attorneys' fees, costs and other expenses.  An objector is not required to attend the Final Approval Hearing.

d.     Any Class Member who does not submit a timely Objection in complete accordance with this Agreement and otherwise as ordered by the Court shall not be treated as having filed a valid Objection to the Settlement and shall lack standing and forever be barred from raising any objection to the Settlement and from seeking any adjudication or review of the Settlement by appeal or otherwise.

**14.     Motion for Final Approval and Entry of Final Judgment.**

a.     If the Court preliminarily approves the Settlement, Named Plaintiff shall submit a motion for final approval of the Settlement, including a memorandum in support of the motion, and shall seek entry of an order and final judgment, substantially in the form attached hereto as **Exhibit D**, within at least fourteen (14) days prior to the Final Approval Hearing.  No later than five (5) business days prior to submission of such motion Class Counsel will provide Sirius XM with a copy of the motion for final approval for review and comment.

b.     Such order and final judgment shall, *inter alia*:

(i)     Certify the Settlement Class, find that Named Plaintiff is an appropriate Class Representative, and appoint Class Counsel as counsel for the Settlement Class;

(ii)     Find the Settlement fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and grant final approval of the Settlement;

(iii)     Direct consummation of the Settlement pursuant to its terms;

(iv)     Authorize entry of the order and final judgment substantially in the form attached hereto as **Exhibit D**;

(v)     Direct that the action be dismissed with prejudice and, except as provided for herein, without costs; and

(vi)     Reserve in the Court exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of the Settlement.

c.     The Parties shall recommend that the Final Approval Hearing be scheduled for a date at least one hundred twenty (120) days after the date of commencement of notice to Class Members, but in no event earlier than ninety (90) days after the CAFA Notice is served.

d.     The Parties shall file their responses to Objections, if any, to the Settlement no later than fourteen (14) days prior to the Final Approval Hearing.

e.     Any Class Member who wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court, mail or hand-deliver to the Court a notice of appearance, provide copies of any exhibits or other documents that the Class Member intends to present or use as evidence at the hearing, provide a list of all witnesses that the Class Member intends to call to give evidence at the hearing, take all other actions or make any additional submissions as may be ordered by the Court, and mail or hand-deliver any notice and any such exhibits, lists or other documents to Class Counsel and Sirius XM's counsel

as provided in the individual or publication notices such that receipt of same by Class Counsel and Sirius XM's counsel has occurred no later than fourteen (14) days prior to the Final Approval Hearing.  Any Class Member who wishes to appear at the Final Approval Hearing must provide dates at least seven (7) days in advance of the Final Approval Hearing when the Class Member will be available for a deposition.  Failure by an objector to make himself or herself available for a deposition may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or made for an improper purpose.  Unless so permitted by the Federal Rules of Civil Procedure or the Court's local rules, no Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do.  Any Class Member who fails to comply with this Agreement, the individual or publication notices, and any other order by the Court shall be barred from appearing at the Final Approval Hearing.

      15.   **<u>Finality of Settlement</u>.**  The Settlement shall become final upon the occurrence of all of the following:

      a.   The Settlement is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

      b.   An order and final judgment of dismissal with prejudice is entered in the *Buchanan* Case; and

      c.   The time for appeal from the entry of the order and final judgment has expired or, if appealed or the subject of a further petition, either such appeal or petition shall have been dismissed prior to resolution by, or the order and final judgment shall have been affirmed in its entirety by, the Court of last resort to which such appeal has been taken or petition

submitted and such affirmance has become no longer subject to further appeal or review;

provided that a modification or reversal on appeal or review of any amount of the fees, costs and

other expenses of Class Counsel awarded by the Court shall not prevent the Settlement from

becoming final if all other aspects of the final judgment have been affirmed; and provided further

that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs

Act, 28 U.S.C. § 1651, shall be taken into account in determining when the judgment becomes

final.

        d.     The date on which the Settlement shall become final as provided in this

Section 15 is the "Effective Date."

        **16.**     **Plaintiffs' Attorneys' Fees and Expenses.**

        a.     With their motion for final approval of the Settlement, Class Counsel shall

make an application to the Court for an award of attorneys' fees, costs and other expenses for

their representation of Named Plaintiff and the Settlement Class, to be paid out of the Settlement

Fund and after deduction of any class administration and notice costs and expenses.  The award

shall include all fees, costs, and other expenses for all attorneys (and their employees,

consultants, experts and other agents) who performed work in connection with the *Buchanan*

Case.  Regardless of the number of attorneys sharing in the Court's award of attorneys' fees,

costs and other expenses, Sirius XM shall not be required to increase the amount of the

Settlement Fund.  Class Counsel shall allocate the attorneys' fees among all law firms

representing Named Plaintiff and the Settlement Class in accordance with their existing

agreements.

        b.     This agreement with respect to attorneys' fees, costs and other expenses

was not negotiated until after the terms of the Settlement, including after the amount of the

Settlement Fund, the number of months of Free Service, and the changed business practices, had been negotiated and agreed upon during the mediation.

        c.      In the event the Court's award of attorneys' fees, costs and other expenses is less than the Settlement Fund, the difference shall remain as part of the Settlement Fund.  In the event the Court's award of attorneys' fees, costs and other expenses finally approved by the Court is more than the amount in the Settlement Fund after costs of notice and administration have been paid, no other relief may be sought from the Court, so as to increase the amount of the Settlement Fund or otherwise make up some or all of the shortfall.

        17.      **Disapproval, Cancellation, Termination or Nullification of Settlement.**

        a.      If the Court denies preliminary approval of this Agreement, or declines to finally approve the Settlement, or if the Court does not enter the final judgment in accordance with the terms of this Settlement Agreement, or if the Court enters the final judgment and appellate or other discretionary review is sought, and on such review, such final judgment is reversed, vacated or materially modified, or if the Settlement for any other reason does not become final in accordance with the terms of this Agreement, then the Settlement shall be terminated upon the election of Named Plaintiff or Sirius XM, each acting through their undersigned counsel; <u>provided</u> that any reversal, vacatur or modification on appeal or other form of review of any amount of Class Counsel's fees, costs and other expenses, or any determination by the Court to award less than the amount of attorneys' fees, costs and other expenses requested by Class Counsel, shall not give rise to any right of termination or otherwise serve as a basis for termination of the Settlement or this Agreement.

        b.      In the event of any condition or event set forth in Subsection 17.a above, Named Plaintiff or Sirius XM, each acting in its sole discretion to be exercised within ten (10)

days after such condition or event, may declare this Agreement null and void.  If Named Plaintiff or Sirius XM elects to terminate this Agreement under this Subsection, that Party or those Parties must provide written notice to the other Party's or Parties' counsel, by hand delivery or mail, within ten (10) days of the condition or event permitting termination.

        c.      Sirius XM may terminate this Agreement no later than seven (7) days prior to the Final Approval Hearing, at its option, if more than 1,000 members of the Settlement Class become Successful Opt-Outs, by providing written notice to Class Counsel by hand delivery or mail by that date.

        d.      Nothing shall prevent Named Plaintiff and/or Sirius XM from appealing any denial of Final Approval of the Settlement, and the Parties agree that, in the event of such an appeal, the Parties will propose to the Court that the *Buchanan* Case be stayed pending the resolution of any such appeal.  The Parties agree they shall continue to support and advocate for approval of the Settlement on appeal or in post-appeal proceedings, if there is such an appeal, to the same extent as they are bound herein to do so while the *Buchanan* Case is before the Court. In the event such an appeal results, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms of this Agreement, and resulting in the dismissing all claims in the *Buchanan* Case with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order and Judgment.

        e.      If this Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Agreement and all orders entered in connection therewith shall be rendered null and void; (ii) this Agreement, and all negotiations, proceedings,

and orders relating hereto, shall be of no force or effect and shall not be used or referred to for any purpose whatsoever, and shall be without prejudice to the rights of the Parties; and (iii) all Parties shall be deemed to have reverted to their respective status in the *Buchanan* Case as of the date and time immediately preceding the execution of this Agreement and, except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Agreement and any related orders had never been executed, entered into, or filed, except that the Parties shall not seek to recover from one another any costs and attorneys' fees incurred in connection with the Settlement and this Agreement.

f.      If the Settlement is terminated pursuant to the terms of this Agreement, or this Agreement does not become final, then Class Counsel shall direct the Settlement Administrator to, and the Settlement Administrator shall, refund immediately to the Escrow Agent for return to the Escrow Account any funds provided to the Settlement Administrator for notice and other administrative costs and not yet incurred by the Settlement Administrator as of the earlier of (i) the date of the termination of this Agreement, or (ii) notification to the Settlement Administrator by Class Counsel that the Settlement and this Agreement will not become final.  The Settlement Administrator and the Escrow Agent shall thereafter return the balance in the Settlement Fund and the Escrow Account (including interest earned in the Escrow Account) to Sirius XM within ten (10) days after any termination of the Settlement.

g.      In the event that the Settlement is terminated as provided in this Section, this Agreement shall be of no force or effect, and any release contained herein shall be of no force or effect.

**18.      Duties of the Settlement Administrator Upon Effective Date.**

a.      The Settlement Administrator shall do the following upon the Effective Date and, if applicable, resolution of any appeal or review directed at only the fees, costs, and other expenses of Class Counsel (or any portion thereof):

(i)      Disburse the amount of any award of attorneys' fees, costs and other expenses from the Escrow Account.  Class Counsel may, at their sole discretion, elect to receive attorneys' fees, costs, and other expenses starting five (5) days after entry of the Final Approval Order provided that they execute and return a Stipulated Undertaking in the form of **Exhibit E** and provide the Escrow Agent a copy of each of the Class Counsel's completed W-9 form.

(ii)      Within ninety (90) days after the Effective Date and resolution of any appeal or review directed at only the fees, costs, and other expenses of Class Counsel (or any portion thereof), distribute to the members of the Settlement Class who have so elected pursuant to the process set forth in Section 6 above, an equal share of the remaining Escrow Account (after the payments detailed in subsection (i) above), the "Cash Distribution."  The Settlement Administrator shall make one attempt to deliver any payments returned as undeliverable within forty-five (45) days of the initial mailing.  Any checks not cashed within seventy-five (75) days of the initial mailing (or any checks that were undeliverable) shall revert to the Escrow Account, and all such checks shall bear a legend to that effect.  Provided that the costs of so doing would not result in the distribution to Class Members of a de minimis amount, the Escrow Agent shall then make a further cash distribution ("Second Cash Distribution") in equal shares of the then-remaining amount in the Escrow Account to all Class Members who cashed their check from the Initial Cash Distribution.  In no event shall any cash-electing member of the

34

Class receive a total cash payment as a result of the Initial Cash Distribution and the

Second Cash Distribution in excess of $1,500.  Any checks from the Second Cash

Distribution not cashed within sixty (60) days of the mailing of the Second Cash

Distribution (or any checks that were undeliverable) shall revert to the Escrow Account,

and all checks shall bear a legend to that effect.  The Escrow Agent shall provide

accountings to the Parties of the Escrow Account ninety (90) days after the Initial Cash

Distribution and seventy (70) days after the Second Cash Distribution.

b.      All checks to electing members of the Settlement Class shall be paid

solely from the Settlement Fund and shall be mailed to the latest address available to the

Settlement Administrator, as provided by the Parties, as determined by the Settlement

Administrator through the Notice process described in Section 10, or as provided by the Class

Member on the Settlement Website or otherwise.

c.      Within two hundred and forty (240) days after the Effective Date and, if

applicable, resolution of any appeal or review directed at only the fees, costs, and other expenses

of Class Counsel (or any portion thereof), if money remains in the Settlement Fund after the

distribution of all court-approved amounts as well as payments in the Initial Cash Distribution

and Second Cash Distributions to all Class Members who have elected the cash option, those

funds will be distributed to one or more nonprofit organizations mutually agreed upon by the

Parties, and approved by the Court, as a *cy pres* award for a purpose(s) consistent with the

objectives of the litigation and interests of Class Members; <u>provided</u> that such grants shall

stipulate that the grant amounts may not be used in furtherance of litigation.

d.      The Settlement Administrator's and the Parties' respective obligations

with respect to the distribution of the checks, the settlement administration costs, and any award

of attorneys' fees, costs and other expenses shall be performed reasonably and in good faith.  So long as they do, the Parties and the Settlement Administrator shall not be liable for erroneous, improper or inaccurate distribution.

19.     **Preservation of Rights.**  The Parties agree that this Agreement, whether or not it shall become final pursuant to its terms, and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability, wrongdoing or injury by Sirius XM, or of the truth of any of the claims or allegations contained in the complaint in the *Buchanan* Case or any other pleading or document in the *Buchanan* Case, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by Named Plaintiff or Sirius XM, whether in the *Buchanan* Case or in any other action.  The Parties expressly reserve all of their rights and defenses if the Settlement does not become final.

20.     **Binding Effect.**  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including the members of the Settlement Class who do not timely request to be excluded, and of the Released Parties.  Without limiting the generality of the foregoing, each and every covenant and agreement herein by Named Plaintiff and Class Counsel shall be binding upon all members of the Settlement Class.

21.     **Waiver of Unknown Claims and Assumption of Risk.**

a.     Named Plaintiff and each of the Releasing Parties acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of Section 5, but each of those persons expressly agrees that, upon the Effective Date, he or she shall have waived and fully, finally, and forever settled and released any and all Released

Claims, whether or not concealed or hidden, and without regard to any subsequent discovery or any existence of any other or different facts.  This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or in breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The foregoing release of unknown, unanticipated, unsuspected, non-contingent, concealed, hidden, and unaccrued losses or claims is contractual, and not a mere recital.

b.      Each of the Releasing Parties hereby expressly agrees that, upon the Effective Date, each of them shall waive and release any and all provisions, rights, and benefits conferred either (i) by Section 1542 of the California Civil Code or (ii) by any law of any state or territory of the United States, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Section 5.  Section 1542 of the California Civil Code reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

c.      Each of the Releasing Parties understands and acknowledges, and all Settlement Class Members shall be deemed to understand and acknowledge, the significance of the waiver of California Civil Code Section 1542 and any other applicable law relating to the limitations on releases.

d.      On the Effective Date, all members of the Settlement Class who are not Successful Opt-Outs shall be deemed to have, with respect to the subject matter of the *Buchanan*

Case, expressly waived the benefits of any statutory provisions or common law rules that

provide, in sum or substance, that a general release does not extend to claims which the person

does not know or suspect to exist in the person's favor at the time of executing the release, which

if known by the person would have materially affected its settlement with any other party.

   e. In entering into this Agreement, each of the Parties assumes the risk of any

unknown or mistake of fact or law. If any Party should later discover any new fact that might

have been material to its decision to enter into this Agreement, or if any Party discovers that any

fact upon which the Party relied in entering this Agreement is not true, or that the Party's

understanding of the facts or law was incorrect, the Party shall not be entitled to modify, reform,

or set aside this Agreement, in whole or in part, by reason thereof.

   **22.** **Confidentiality and Public Statements.**

   a. Named Plaintiff and Class Counsel shall not make any statement to the

press or to any third party regarding the *Buchanan* Case or this Settlement Agreement.

Notwithstanding the foregoing, Named Plaintiff and Class Counsel may communicate with the

Settlement Administrator, the Court, and actual and prospective Class Members, including by

placing factual notices on their websites informing visitors to their websites of the case status,

with links to the Settlement Website.  Class Counsel reserve the right to note the fact and amount

of this Settlement on their respective websites and in filings with courts in support of their

appointment as class counsel in other matters.  If a Party is required by a valid, enforceable

subpoena or similar government information request to disclose the Settlement or information

about the Settlement, such Party shall provide reasonable prior written notice (to the extent

permitted by applicable law) to the other Parties to allow the other Parties to seek to prevent such

disclosure.  Sirius XM may also provide necessary and accurate information about the Settlement

to its officers, directors, stockholders and other persons or entities as required by securities laws

or other applicable laws or regulations.  The Parties agree that all information obtained from or

provided by one Party to any other Party in connection with this Agreement and its negotiation

shall be kept confidential and that such information shall be used only for the purposes allowed

by the protective order in the *Buchanan* Case and for no other purpose.

b.      The Parties agree that nothing in this Agreement shall be construed to

prohibit communications between Sirius XM or any other Released Parties, on the one hand, and

Class Members, on the other hand, in the regular course of Sirius XM's business.

23.      **Integrated Agreement.**  This Agreement (including all exhibits hereto and other

documents explicitly referenced herein, which form an integral part hereof) contains the entire,

complete, and integrated statement of each and every term and provision of the Settlement.

There are no promises, representations, warranties, covenants or undertakings governing the

subject matter of this Agreement other than those expressly set forth in this Agreement.  This

Agreement supersedes all prior agreements and understandings among the Parties with respect to

the settlement of the *Buchanan* Case.  This Agreement shall not be modified in any respect

except by a writing executed by the undersigned in the representative capacities specified, or

others who are authorized to act in such representative capacities.

24.      **Exhibits.**  The exhibits to this Agreement are an integral and material part of this

Agreement and are hereby incorporated and made a part of this Agreement.

25.      **Headings.**  The headings used in this Agreement are intended for the convenience

of the reader only and shall not affect the meaning or interpretation of this Agreement.

26.      **No Party is the Drafter.**  Counsel to all Parties have materially participated in

the drafting of this Agreement.  None of the Parties shall be considered to be the drafter of this

Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

27.   **Choice of Law.**  All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles that would require the application of the laws of another jurisdiction.

28.   **Consent to Jurisdiction.**

a.      Sirius XM, Named Plaintiff and each Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this Section shall not prohibit (i) the assertion in the forum in which a claim is brought that the release herein is a defense, in whole or in part, to such claim, or (ii) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

b.      To the extent any dispute arises between the Parties regarding implementation of this Agreement, the Parties agree in the first instance to mediate the dispute telephonically before Randall Wulff, before bringing the dispute (if unresolved after mediation) to the Court. The Court shall retain jurisdiction after entry of the final approval order and the order and final judgment of dismissal in the *Buchanan* Case with respect to enforcement of the terms of the Settlement and this Agreement, and all Parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Agreement and the Settlement and any dispute with respect thereto.

29.   **Enforcement of Settlement**.  Notwithstanding any other provision of this Agreement, this Agreement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any Released Claims and may be filed, offered and received into evidence and otherwise used for such defense.

30.   **Waiver of Compliance.**  Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties entitled to the benefit of such obligation, covenant, agreement, or condition. A waiver or failure to insist upon compliance with any representation, warranty, obligation, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure.

31.   **No Collateral Attack.**  This Agreement shall not be subject to collateral attack by any Class Members or their representatives any time on or after the Effective Date.  Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Class Member's claim should have been heard or decided by another court or in another suit, that a Class Member's claim was improperly denied, that the payment to a Class Member was improperly calculated, and/or that a Class Member failed to receive timely notice of the Settlement.

32.   **Independent Judgment and Advice of Counsel.**  Each Party warrants that he or she is acting upon his or her independent judgment and upon the advice of his or her counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement. The Parties acknowledge, agree, and specifically warrant to each other that they have read this

41

Agreement, have received legal advice with respect to the advisability of entering into this Agreement and the Settlement, and fully understand its legal effect.

33. **Authorization To Act On Behalf Of Plaintiffs And Class.** The undersigned Named Plaintiff's counsel represent that they have been and are fully authorized to conduct settlement negotiations with Sirius XM's counsel on behalf of Named Plaintiff and the Class and to enter into, and execute, this Agreement on behalf of Named Plaintiff and the Class, subject to Court approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

34. **Limitations on Use.** This Agreement shall not be used, offered or received into evidence in the *Buchanan* Case, or any other action, for any purpose other than to enforce, to protect, to construe or to finalize the terms of this Agreement and/or to obtain the preliminary and final approval by the Court of the terms of this Agreement, without a court order.

35. **Execution of Documents.** The Parties shall execute all documents and perform all acts reasonably necessary and proper to effectuate the terms of this Agreement. The execution of documents must take place prior to the date scheduled for the hearing on preliminary approval of this Agreement.

36. **Execution in Counterparts.** This Agreement may be executed in counterparts. E-mailed signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the Court.

IN WITNESS WHEREOF, the parties hereto through their fully authorized

representatives have agreed to this Agreement of the date first herein above written.

**SIRIUS XM RADIO INC.**

By: _____

    Patrick L. Donnelly
    Executive Vice President, General Counsel
    and Secretary

              _____

              Thomas Buchanan

              **HUGHES ELLZEY, LLP**, Co-Counsel for
              Plaintiff and the Proposed Class

              By: _____

                  W. Craft Hughes
                  2700 Post Oak Blvd., Suite 1120
                  Houston, TX  77056
                  (713) 554-2377

**JONES DAY**, Counsel to Sirius XM Radio Inc.

By: _____

    Thomas Demitrack
    901 Lakeside Ave.
    Cleveland, OH 44114-1190
    (216) 586-3939

              **MARK A. ALEXANDER, P.C.**, Co-Counsel
              for Plaintiff and the Proposed Class

              By: _____

              Mark A. Alexander
              5080 Spectrum, Suite 850E
              Addison, TX  75001
              (972) 364-9700

              **TURNER LAW OFFICES, LLC**, Counsel
              for Plaintiff and the Proposed Class

              By: _____

              Henry A. Turner
              403 W. Ponce de Leon Avenue
              Suite 207
              Decatur, Georgia  30030
              (404) 378-6274

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Agreement of the date first herein above written.

**SIRIUS XM RADIO INC.**

By: _____
     Patrick L. Donnelly
     Executive Vice President, General Counsel
     and Secretary

_____
Thomas Buchanan

**HUGHES ELLZEY, LLP**, Co-Counsel for Plaintiff and the Proposed Class

By: _____
     W. Craft Hughes
     2700 Post Oak Blvd., Suite 1120
     Houston, TX  77056
     (713) 554-2377

**JONES DAY**, Counsel to Sirius XM Radio Inc.

By: _____
     Thomas Demitrack
     901 Lakeside Ave.
     Cleveland, OH 44114-1190
     (216) 586-3939

**MARK A. ALEXANDER, P.C.**, Co-Counsel for Plaintiff and the Proposed Class

By: _____
     Mark A. Alexander
     5080 Spectrum, Suite 850E
     Addison, TX  75001
     (972) 364-9700

**TURNER LAW OFFICES, LLC**, Counsel for Plaintiff and the Proposed Class

By: _____
     Henry A. Turner
     403 W. Ponce de Leon Avenue
     Suite 207
     Decatur, Georgia  30030
     (404) 378-6274

IN WITNESS WHEREOF, the parties hereto through their fully authorized representatives have agreed to this Agreement of the date first herein above written.

**SIRIUS XM RADIO INC.**

By: _____          _____
    Patrick L. Donnelly                             Thomas Buchanan
    Executive Vice President, General Counsel
    and Secretary                                  **HUGHES ELLZEY, LLP**, Co-Counsel for
                                                   Plaintiff and the Proposed Class

                                                   By: _____
                                                       W. Craft Hughes
                                                       2700 Post Oak Blvd., Suite 1120
                                                       Houston, TX 77056
                                                       (713) 554-2377

**JONES DAY**, Counsel to Sirius XM Radio Inc.   **MARK A. ALEXANDER, P.C.**, Co-Counsel
                                                   for Plaintiff and the Proposed Class

By: _____          By: _____
    Thomas Demitrack                               Mark A. Alexander
    901 Lakeside Ave.                              5080 Spectrum, Suite 850E
    Cleveland, OH 44114-1190                       Addison, TX 75001
    (216) 586-3939                                 (972) 364-9700

                                                   **TURNER LAW OFFICES, LLC**, Counsel
                                                   for Plaintiff and the Proposed Class

                                                   By: _____
                                                       Henry A. Turner
                                                       403 W. Ponce de Leon Avenue
                                                       Suite 207
                                                       Decatur, Georgia 30030
                                                       (404) 378-6274

IN WITNESS WHEREOF, the parties hereto through their fully authorized

representatives have agreed to this Agreement of the date first herein above written.

**SIRIUS XM RADIO INC.**

By: _____
      Patrick L. Donnelly
      Executive Vice President, General Counsel
      and Secretary

_____
Thomas Buchanan

**HUGHES ELLZEY, LLP**, Co-Counsel for
Plaintiff and the Proposed Class

By: _____
      W. Craft Hughes
      2700 Post Oak Blvd., Suite 1120
      Houston, TX  77056
      (713) 554-2377

**JONES DAY**, Counsel to Sirius XM Radio Inc.

**MARK A. ALEXANDER, P.C.**, Co-Counsel
for Plaintiff and the Proposed Class

By: _____
      Thomas Demitrack
      901 Lakeside Ave.
      Cleveland, OH 44114-1190
      (216) 586-3939

By: _____
Mark A. Alexander
5080 Spectrum, Suite 850E
Addison, TX  75001
(972) 364-9700

**TURNER LAW OFFICES, LLC**, Counsel
for Plaintiff and the Proposed Class

By: _____
      Henry A. Turner
      403 W. Ponce de Leon Avenue
      Suite 207
      Decatur, Georgia  30030
      (404) 378-6274

**SIRI & GLIMSTAD LLP**, Counsel for
Plaintiff and the Proposed Class


By: _____

     Aaron Siri
     Mason A. Barney
     200 Park Avenue, 17th Floor
     New York, NY  10166
     (212) 532-1091


**WERMAN SALAS P.C.**, Counsel for
Plaintiff and the Proposed Class


By: _____Doy Wcug_____

     Douglas M. Werman
     77 West Washington, Suite 1402
     Chicago, IL 60602
     (312) 419-1008


**LIEFF, CABRASER, HEIMAN &**
**BERNSTEIN, LLP**, Counsel for Plaintiff and
the Proposed Class


By: _____

     Jonathan D. Selbin
     250 Hudson Street, 8th Floor
     New York, NY  10013
     (212) 355-9500

     Daniel M. Hutchinson
     275 Battery Street, 29th Floor
     San Francisco, CA  94111-3339
     (415) 956-1000

**SIRI & GLIMSTAD LLP**, Counsel for
Plaintiff and the Proposed Class

By: _____

    Aaron Siri
    Mason A. Barney
    200 Park Avenue, 17th Floor
    New York, NY 10166
    (212) 532-1091

**WERMAN SALAS P.C.**, Counsel for
Plaintiff and the Proposed Class

By: _____

    Douglas M. Werman
    77 West Washington, Suite 1402
    Chicago, IL 60602
    (312) 419-1008

**LIEFF, CABRASER, HEIMAN &
BERNSTEIN, LLP**, Counsel for Plaintiff and
the Proposed Class

By: _____

    Jonathan D. Selbin
    250 Hudson Street, 8th Floor
    New York, NY 10013
    (212) 355-9500

    Daniel M. Hutchinson
    275 Battery Street, 29th Floor
    San Francisco, CA 94111-3339
    (415) 956-1000

IN WITNESS WHEREOF, the parties hereto through their fully authorized

representatives have agreed to this Agreement of the date first herein above written.

**SIRIUS XM RADIO INC.**

By: _____
      Patrick L. Donnelly
      Executive Vice President, General Counsel
      and Secretary

Thomas Buchanan

**HUGHES ELLZEY, LLP**, Co-Counsel for
Plaintiff and the Proposed Class

By: _____
      W. Craft Hughes
      2700 Post Oak Blvd., Suite 1120
      Houston, TX  77056
      (713) 554-2377

**JONES DAY**, Counsel to Sirius XM Radio Inc.

By: _____
      Thomas Demitrack
      901 Lakeside Ave.
      Cleveland, OH 44114-1190
      (216) 586-3939

**MARK A. ALEXANDER, P.C.**, Co-Counsel
for Plaintiff and the Proposed Class

By: _____
      Mark A. Alexander
      5080 Spectrum, Suite 850E
      Addison, TX  75001
      (972) 364-9700

**TURNER LAW OFFICES, LLC**, Counsel
for Plaintiff and the Proposed Class

By: _____
      Henry A. Turner
      403 W. Ponce de Leon Avenue
      Suite 207
      Decatur, Georgia  30030
      (404) 378-6274

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | 17-cv-00728 |
| v. | |
| SIRIUS XM RADIO INC., | |
| Defendant. | |

**[PROPOSED] ORDER APPROVING ISSUANCE OF NOTICE**

Subject to Court approval, Plaintiff Thomas Buchanan, on behalf of himself and the Settlement Class (as defined below), and Defendant Sirius XM Radio Inc., entered into a Class Action Settlement Agreement and Release ("Settlement Agreement"), dated April 26, 2019, proposing to settle on a class basis ("Settle") the action pending in this Court captioned *Buchanan v. Sirius XM Radio Inc.*, Case No. 17-cv-00728 (N.D. Tex.).

Plaintiff has made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order that will, among other things, direct notice of the Settlement to Settlement Class Members, as more fully described herein.  Defendant does not oppose Plaintiff's motion.  The Court has read and considered: (a) Plaintiff's motion and the papers filed and arguments made in

connection therewith; (b) the Settlement Agreement and the exhibits attached thereto; and (c) the record in the Action, and found good cause for entering the following Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court hereby finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described below.  The proposed Settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations overseen by mediator Randall Wulff; has no obvious deficiencies; and does not improperly grant preferential treatment to Plaintiff or any Settlement Class Member.

3. The Court will hold a settlement hearing ("Final Approval Hearing") on [Month] [Day], 2019, at _:__ [a.m./p.m.] in Courtroom 1525 of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether an Order and Final Judgment substantially in the form attached as Exhibit D to the Settlement Agreement should be entered dismissing the Action with prejudice against the Defendant; (c) to determine whether Class

Counsel's motion for an award of attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff) should be approved; and (d) to consider any other matters that properly may be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set forth in Paragraph 8 of this Order.  The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as Plaintiff and Defendant may agree to, if appropriate, without further notice to the Settlement Class.

4. The Settlement Agreement defines the Settlement Class as:

> All natural persons in the United States who, from October 16, 2013 to April 26, 2019: (a) received more than one telephone solicitation call in a 12-month period made by or on behalf of Sirius XM more than 31 days after registering the landline, wireless, cell or mobile telephone number on which they received those calls with the National Do-Not-Call Registry, or (b) received one or more calls after registering the landline, wireless, cell, or mobile telephone number on which they received the calls with Sirius XM's internal Do-Not-Call list.

> Excluded from the class definition are: (a) natural persons who were or had been paid subscribers to Sirius XM's service at the time of the first call; (b) natural persons who were members of the class settled in *Hooker v. Sirius XM Radio Inc.*, Civil Action No. 4:13-cv-00003 (E.D. Va. 2013), who did not exclude themselves from that class, and who did not receive more than one telephone solicitation call after July 5, 2016;  and (c) any employees, officers, directors of Sirius XM, and attorneys appearing in this case, and any judge assigned to hear this case as well as their immediate family and staff.

5. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class action certification under Rules 23(a), 23(b)(2)

and 23(b)(3) of the Federal Rules of Civil Procedure are likely to be found to be satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Plaintiff and Class Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Plaintiff is appointed as a representative for the Settlement Class and Class Counsel are appointed as counsel for the Settlement Class.  Solely for the purposes of effectuating the proposed Settlement, Class Counsel are authorized to act on behalf of Plaintiff and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement.  These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

7. Class Counsel are hereby authorized to retain (i) Class Experts Group (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as to process Claims. Notice of the Settlement and the Final Approval Hearing shall be given by the Settlement Administrator, under the supervision of Class Counsel, pursuant to Paragraph 10 of the Settlement Agreement.

- 4 -

8. The Court (a) approves, as to form and content, the Individual and Publication Notices, annexed as Exhibits B and C to the Settlement Agreement, and (b) finds that the emailing and mailing the Individual Notice, and posting the Publication Notice substantially in the manner and form set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to exclude themselves from the Settlement Class, the effect of the proposed Settlement (including the Releases to be provided thereunder), Class Counsel's motion for an award of attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff), their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Individual and Publication Notices before they are mailed and published, respectively. The Parties, by agreement, may revise Individual and Publication Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy and clarity, and may adjust the layout of those documents for efficient electronic presentation and mailing.  No Settlement Class Member shall be relieved from the terms of the proposed Settlement, including the Releases provided for therein, based solely upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

9. <u>Participation in the Settlement</u>.  Settlement Class Members who wish to participate in the Settlement must complete and submit a Claim Form in accordance with the instructions contained therein.  Notwithstanding the foregoing, the Parties may, at their discretion, accept for processing of late Claims provided such acceptance does not delay the distribution of the Settlement Fund and Free Service. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his or her Claim and the subject matter of the Settlement.

10. Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his or her right to share in the Settlement Fund or Free Service; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Order and Final Judgment and the Releases provided for therein; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Released Parties, as more fully described in the Settlement Agreement and Class Notice.

11. Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice ("Request for Exclusion"), which shall provide that it:  (i) states his or her full name and address; (ii) contains the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Settlement Class Member with

respect to a claim or right such as those in the Litigation; and (iii) states in plain English and unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to the benefits of the Settlement.

12. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his or her right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Order and Final Judgment and the Releases provided for therein; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Settlement Agreement and Notice.

13. <u>Appearance at Final Approval Hearing and Objections</u>.  Any Settlement Class Member who does not request exclusion from the Settlement Class may file with the Court and serves upon Class Counsel and Sirius XM's counsel a written objection, which must (i) set forth the Settlement Class Member's full name, current address, email address and telephone number, as well as the name, address, email address and telephone number of all attorneys representing the objector; (ii) identify the landline, wireless, cell or mobile telephone number of the Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement,

in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi) include a list of all cases, by name and case number, in which the objector and/or his or her counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the previous five (5) years; and (vii) provide copies of any documents that the Settlement Class Member wishes to submit in support of his or her position.

14. Any Settlement Class Member who does not request exclusion from the Settlement Class and wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel, must, within the time set by the Court, mail or hand-deliver to the Court a notice of appearance, provide copies of any exhibits or other documents that the Class Member intends to present or use as evidence at the hearing, provide a list of all witnesses that the Class Member intends to call to give evidence at the hearing, take all other actions or make any additional submissions as may be ordered by the Court, and mail or hand-deliver any notice and any such exhibits, lists or other documents to Class Counsel and Sirius XM's counsel as provided in the individual or publication notices such that receipt of same by Class Counsel and Sirius XM's counsel has occurred no later than fourteen (14)  days prior to the Final Approval Hearing. Any Class Member who wishes to appear at the Final Approval Hearing must provide dates at least seven (7) days in advance of the Final Approval Hearing when the Class Member will be available for a deposition. Failure by an objector to make himself or herself available for a deposition may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or made for an improper purpose. No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in an Objection, but failed to do. Any

Class Member who fails to comply with the procedure in this Order, the individual or publication

notices, and any other order by the Court, shall be barred from appearing at the Final Approval

Hearing

15. Any Settlement Class Member who does not make his or her objection in the manner

provided herein shall be deemed to have waived his or her right to object to any aspect of the

proposed Settlement Agreement and Class Counsel's motion for an award of attorneys' fees,

costs and other expenses (including a Service Award to the Named Plaintiff), and shall be

forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the

Settlement Agreement  or the requested attorneys' fees, costs and other expenses, or from

otherwise being heard concerning the Settlement Agreement or the requested attorneys' fees,

costs and other expenses in this or any other proceeding.

16. Until otherwise ordered by the Court, the Court stays all proceedings in the Action

other than proceedings necessary to carry out or enforce the terms and conditions of the

Settlement Agreement. Pending final determination of whether the Settlement should be

approved, the Court bars and enjoins Plaintiff and all members of the Settlement Class from

prosecuting any and all of the Released Claims against any of the Released Parties.

17. Notice and Administration Costs.  All reasonable costs incurred in notifying

Settlement Class Members of the Settlement as well as in administering the Settlement shall be

paid as set forth in the Settlement Agreement without further order of the Court.

18. Settlement Fund.  The contents of the Settlement Fund held by Citibank **[is this**

**correct?]** (which the Court approves as the Escrow Agent) shall be deemed and considered to be

*in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

- 9 -

time as they shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19. The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

20. If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiff, the Settlement Class Members, and Defendant, and Plaintiff and Defendant shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

21. Class Counsel shall file and serve (a) their motion and supporting papers for an award of attorneys' fees, costs and other expenses (including Service Award to the Named Plaintiff) no later than fourteen (14) days prior to the Final Approval Hearing and (b) their motion and papers in support of the Settlement no later than fourteen (14) before the Final Approval Hearing.

22. If any deadline in this order falls on a non-business day, then the deadline is extended until the next business day.  Accordingly, the following are the deadlines by which certain events must occur:

- 10 -

| | |
|---|---|
| Defendant to deposit Settlement Fund into the Escrow Account | 10 days after the Preliminary Approval Order |
| Settlement Administrator to make available the Settlement Website and telephone assistance program | 10 days after Preliminary Approval Order |
| Last day to provide Class Member List to Settlement Administrator | 20 days after Preliminary Approval Order |
| Commencement of Class Notice | 30 days after Preliminary Approval Order |
| Filing of proof of emailing/post mailing of individual notices | 30 days after commencement of Class Notice |
| Publication Notice | 45 days after Preliminary Approval Order |
| Expiration of opt-out period | 30 days prior to the Final Approval Hearing |
| Deadline for Class Members to file any objections to the settlement | 30 days prior to the Final Approval Hearing |
| Deadline for Class Members to select cash option | 30 days prior to the Final Approval Hearing |
| Deadline for Settlement Administrator to file proof of establishment and maintenance of the Settlement Website and telephone assistance program | 30 days prior to the Final Approval Hearing |
| Settlement Administrator to provide list of Successful Opt-Outs | 21 days prior to the Final Approval Hearing |
| Deadline by which the Court and Parties must receive any notice of appearance and supporting materials from any class member who plans to appear at the final settlement hearing | 14 days prior to the Final Approval Hearing |
| Plaintiff to file motion for final approval of the settlement | 14 days prior to the Final Approval Hearing |
| Parties to file responses to any objections to the settlement | 14 days prior to the Final Approval Hearing |

| Deadline for any objectors to file supplemental objections regarding Plaintiff's motion for attorneys' fees and expenses | 7 days after the filing of the motion for attorneys' fees by Class Counsel |
| --- | --- |
| Deadline for Class Members seeking to appear at Final Approval Hearing to provide dates for availability for deposition | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | At least 150 days after Preliminary Approval Order (120 days after commencement of class notice, but no sooner than 90 days after service of CAFA notice) |

23. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**SO ORDERED** on this __th day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE

| **I.   PROVIDE INFORMATION** |
|---|

| **Name** | First Name ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐  Middle Name ☐☐☐☐☐☐☐☐☐ |
|---|---|
| | Last Name ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐  Suffix ☐☐☐☐ |

| **Mailing Address** | Street/P.O. Box ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐  Unit/Apt. Number ☐☐☐☐☐☐ |
|---|---|
| | City/Town ☐☐☐☐☐☐☐☐☐☐☐☐  State ☐☐  Zip Code ☐☐☐☐☐ - ☐☐☐☐ |

| **Telephone Number** – **By providing this number, you certify that you received one or more telephone calls from Sirius XM to this number and that you had never been a paid subscriber when you received the first call.** ( ☐☐☐ ) ☐☐☐ - ☐☐☐☐ | **Email Address** ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐ |
|---|---|

| **II.   CHOOSE FREE SERVICE BY [DATE]OR CASH PAYMENT BY [DATE] (CHOOSE ONLY ONE)** |
|---|

I choose three months of Sirius XM's All Access Subscription package currently valued at approximately $81. **You must provide a Vehicle Identification Number (VIN) or Electronic Serial Number (ESN).**

VIN [NOTE:  The vehicle must have a Sirius XM-equipped radio.  **Vehicle cannot currently have a paid subscription.**]

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

ESN    [Find by tuning to "0" on your Sirius XM radio.  **Vehicle cannot currently have a paid subscription.**]

☐☐☐☐☐☐☐☐☐☐☐  **Check Box ☐**

**OR**, I choose a cash payment estimated by Class Counsel to be approximately $12.    **Check Box ☐**

_____

_____

_____

| Postage Prepaid Information |
|---|

Sirius XM DNC
Settlement Class Administrator
P.O. Box _____
_____, ___ _____-___

**Who's Included?** The Settlement Class includes all persons in the U.S. who from October 16, 2013 through April 26, 2019 received a solicitation call by or on behalf of Sirius XM (a) at least twice within a 12-month period after their landline or wireless telephone number was registered more than 31 days on the National Do-Not-Call Registry, or (b) after their landline or wireless telephone number was registered on Sirius XM's internal Do-Not-Call list.

**Settlement Terms.** Sirius XM will provide (a) 3 months of free access to Sirius XM's All Access Subscription package (Free Service), which provides access to all of Sirius XM's available channels, currently consisting of over 150 channels plus streaming Sirius XM; or (b) a Settlement Fund of $25 million, which will be distributed to Class Members who submit valid claim forms, and used for attorneys' fees and expenses, service awards, and settlement administration. **Each Class Member can choose either Free Service or a cash payment, but you cannot choose both.** If you do nothing, you will get nothing and release your claims against Sirius XM.

| How Do I Get Free Service? | How Do I Get a Payment? |
|---|---|
| You must complete a claim form at SiriusXMdncTCPAsettlement.com or mail it to [address]. ||
| Find the required ESN by tuning to "0" on your Sirius XM radio.  Class Counsel estimates **the current retail value of Free Service at approximately $81.** | **Class Counsel estimates that the cash payment will be approximately $12.** How much each Class Member receives depends on how many people make valid claims. |

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]**. If you exclude yourself, you get no Free Service and no cash payment from the Settlement. You may object to the Settlement by **[DATE]**. The information available on the Settlement website SiriusXMdncTCPAsettlement.com explains how to exclude yourself or object, and provides further information on the Settlement, including the Class definition. The Court will hold a Hearing on **[DATE]** to consider whether to approve the Settlement, a request for attorneys' fees of up to twenty percent (20%) of the Settlement's total value and a service payment of up to $10,000 to the Class Representative. You may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to appear at the hearing.

For complete terms of the Settlement, visit SiriusXMdncTCPAsettlement.com or call (***-***-****)

---

**A federal court authorized this notice.
You are not being sued.**

**Records show that you may be entitled
to money from a class action
settlement.**

A Settlement has been reached in a class action lawsuit claiming that Sirius XM made telephone calls to persons registered on the National Do Not Call Registry or Sirius XM's Internal Do Not Call Registry. Sirius XM denies any wrongdoing of any kind and the Court has not decided who is right. The Settlement gives Class Members the choice to receive either 3 months of Free Service or a cash payment.

*Si desea recibir esta notificación en español, visite nuestra página web o llámenos.*

Sirius XM DNC
Settlement Administrator
Toll Free Number: x-xxx-xxx-xxxx
PO Box [_____]
SiriusXMdncTCPAsettlement.com

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. XX

Postal Service: Please do not mark barcode

UNIQUE ID: [00001234]

<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

<u>**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**</u>

# If you received a call regarding Sirius XM satellite radio service from October 16, 2013 through April 26, 2019, while your name was on the National or Sirius XM's internal do-not-call list, but were never a paying subscriber, you may be entitled to a payment from a class action settlement.

A federal court authorized this notice. This is not a solicitation from a lawyer.

- A Settlement has been reached in a class action lawsuit claiming that Sirius XM Radio Inc. ("Sirius XM") made telephone calls to persons registered on the National Do Not Call Registry or Sirius XM's Internal Do Not Call Registry. Sirius XM denies any wrongdoing of any kind and the Court has not decided who is right.

- The Settlement, if approved, would offer three (3) months of free access to Sirius XM's All Access Subscription package ("Free Service") for Settlement Class Members. In addition, the Settlement would provide $25,000,000 to make payments to Settlement Class Members, and pay the administrative costs of the Settlement, a service award for the Representative Plaintiff, and attorneys' fees and costs.

- The Settlement gives Class Members the choice to receive either three (3) months of free access to Sirius XM's All Access Subscription package, with every channel available on Sirius XM's satellite radios, including access to over 150 Channels plus Sirius XM Streaming & Sirius XM Video, or a cash payment. Class Counsel estimates the current retail value of Free Service at approximately $81. Class Counsel estimates that the cash payment will be approximately $12. Each Class Member can choose either Free Service or a cash payment, but cannot choose both. You must either go to the Settlement website at <u>SiriusXMdncTCPAsettlement.com</u> or submit a paper claim form to [address] to register for Free Service or receive a cash payment.

- Your entitlement to one of these forms of consideration will be verified by the Settlement Administrator. Free Service is not available in any vehicle that has a currently active paid subscription to Sirius XM's radio service associated with it.

**Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

**On the website, SiriusXMdncTCPAsettlement.com, there is a complete Notice of the settlement in Spanish.**

**(En el sitio web, SiriusXMdncTCPAsettlement.com, hay una notificación completa del acuerdo en Español.)**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| OPTION | RESULT |
| **FILE A CLAIM FOR FREE SERVICE BY MONTH XX, 2019** | **Filing a claim is the only way to get Free Service from the Settlement.** You can make a claim by either (1) submitting one online at SiriusXMdncTCPAsettlement.com or (2) mailing a completed Claim Form to the Settlement Administrator.<br><br>If you do not make a claim, you will not receive Free Service. **Class Counsel estimates the current retail value of Free Service at approximately $81.** |
| **FILE A CLAIM FOR A CASH PAYMENT BY MONTH XX, 2019** | **Filing a claim is the only way to get a cash payment from the Settlement.** You can make a claim by either (1) submitting one online at SiriusXMdncTCPAsettlement.com or (2) mailing a completed Claim Form to the Settlement Administrator.<br><br>If you do not make a claim, you will not receive a cash payment. How much each Settlement Class Member receives depends on how many Settlement Class Members make approved claims. **Counsel estimates that the cash payment will be approximately $12.** |
| **DO NOTHING** | Get no payment. Give up rights to sue Sirius XM separately for the legal claims in this case. |
| **EXCLUDE YOURSELF BY MONTH XX, 2019** | If you ask to be excluded, also known as "opting out," you will receive no compensation from the Settlement, but you may be able to pursue your own lawsuit against Sirius XM about the legal claims in this case at your own expense. |
| **OBJECT BY MONTH XX, 2019** | Write to the Court about why you believe the Settlement is unfair. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options - **and the deadlines to exercise them** - are explained in this Notice. The Court in charge of this case still has to decide whether to approve the Settlement. Free Service and payments will be made to eligible Class Members if the Court approves the Settlement. Please be patient.

2

**BASIC INFORMATION** ................................................................................**PAGE X**

    Why is there a Notice?
    What is this class action lawsuit about?
    Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ................................................................**PAGE X**

    How do I know if I am part of the Settlement?
    What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ..................................**PAGEX**

    What does the Settlement provide?

**HOW YOU GET A FREE SERVICE** ...........................................................**PAGE X**

    How do I get a Free Service?
    When do I get Free Service?
    What am I giving up to get Free Service or stay in the Settlement Class?

**HOW YOU GET A PAYMENT** .....................................................................**PAGE X**

    How do I get a payment?
    When do I get a payment?
    What am I giving up to get a payment or stay in the Settlement Class?

**WHAT YOU MUST INCLUDE IN A CLAIM FORM** ..................................**PAGE X**

    How do I complete a claim form?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................**PAGE X**

    How do I exclude myself from the Settlement?
    If I do not exclude myself, can I sue Sirius XM for the same thing later?
    If I exclude myself, can I still get Free Service or a cash payment?

**THE LAWYERS REPRESENTING YOU** ....................................................**PAGE X**

    Do I have a lawyer in this case?
    How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** .........................................................**PAGE X**

    How do I tell the Court that I do not think the Settlement is fair?
    What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ......................................................**PAGE X**

    When and where will the Court decide whether to approve the Settlement?
    Do I have to attend the hearing?
    May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................**PAGE X**

    What happens if I do nothing at all?

**GETTING MORE INFORMATION** .............................................................**PAGE X**

    How do I get more information?

**BASIC INFORMATION**

## Why is there a Class Notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, an administrator appointed by the Court will administer requests for Free Service and make the payments that the Settlement allows.  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

## What is the class action lawsuit about?

The Court in charge of the case is the United States District Court for the Northern District of Texas, and the case is a class action known as *Buchanan v. Sirius XM Radio Inc.*, Case No. 17-cv-728 (N. D. Tex.).   This case was brought by Thomas Buchanan, also known as "Representative Plaintiff."  The Representative Plaintiff sued Sirius XM Radio Inc., also known as "Defendant."

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding.  The Representative Plaintiff, also known as the "Class Representative," asserts claims on behalf of the entire class.  Here, the Representative Plaintiff claims that Sirius XM made telemarketing calls to persons registered on the National Do Not Call Registry or Sirius XM's Internal Do Not Call Registry. The Representative Plaintiff alleges that this calling violated a federal statute called the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and that Sirius XM is liable for such violations.

Sirius XM denies any liability or wrongdoing of any kind and further denies that this case is appropriate for treatment as a class action.  Sirius XM has asserted various other defenses and further denies that Class Members suffered any injury or damage.

The Plaintiff's Complaint, the Settlement Agreement, and other case-related documents are posted on the website, SiriusXMdncTCPAsettlement.com. The Settlement resolves the lawsuit. The Court has not decided who is right.

## Why is there a Settlement?

The Court has not decided in favor of the Plaintiff or Sirius XM. Instead, both sides have agreed to the Settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial.  If the Settlement is approved by the Court, then Settlement Class Members will receive the benefits described in this Notice. The proposed Settlement does not mean that any law was broken or that Sirius XM did anything wrong. Sirius XM denies all legal claims in this case.

The Representative Plaintiff and his attorneys think the proposed Settlement is best for everyone who is affected.  Sirius XM thinks that it makes sense to enter into the proposed Settlement to avoid further legal expense and burden and to resolve this controversy. The Court in charge of this lawsuit has found it will likely be able to approve the proposed Settlement and ordered that this Notice be distributed to explain it.

## WHO IS IN THE SETTLEMENT

**How do I know if I am part of the Settlement?**

The Settlement includes all natural persons in the United States who, from October 16, 2013 to April 26, 2019: (a) received more than one telephone solicitation call in a 12-month period made by or on behalf of Sirius XM more than 31 days after registering the landline, wireless, cell or mobile telephone number on which they received those calls with the National Do Not Call Registry, or (b) received one or more calls after registering the landline, wireless, cell, or mobile telephone number on which they received the calls with Sirius XM's Internal Do Not Call list.

Excluded from the Settlement Class are: (a) natural persons who were or had been paid subscribers to Sirius XM's service at the time of the first call; (b) natural persons who were members of the class settled in *Hooker v. Sirius XM Radio Inc*., Civil Action No. 4:13-cv-00003 (E.D. Va. 2013), who did not exclude themselves from that class, and who did not receive more than one telephone solicitation call after July 5, 2016; and (c) any employees, officers, directors of Sirius XM, and attorneys appearing in this case, and any judge assigned to hear this case as well as their immediate family and staff.

**What if I am not sure whether I am included in the Settlement?**

If you still have questions about whether you are a Class Member, or are still not sure whether you are included in the Settlement, you can call the Settlement Administrator toll-free at 1-***-***-**** or visit SiriusXMdncTCPAsettlement.com for more information.  Do not call the Court and do not call Sirius XM or its attorneys.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**What does the Settlement provide?**

Sirius XM will offer (3) three months of free access to Sirius XM's All Access Subscription package (or any subsequently-named satellite radio service that contains substantially the same programming) to each Class Member who submits a claim form and complies with the requirements of the Settlement Agreement to receive Free Service.  Sirius XM's All Access Subscription package contains every channel available on Sirius XM's  satellite radios, including access to over 150 Channels plus Sirius XM Streaming and Sirius XM Video.

Sirius XM will also pay $25,000,000 into a Settlement Fund. Cash payments to members of the Settlement Class, notice and administrative costs, a service award, and attorneys' fees, costs, and other expenses will be paid from the Settlement Fund. Class Members must file a claim to receive a cash payment.

**Class Members may receive only one of the two options (Free Service or a cash payment).** Each Class Member may receive only one benefit regardless of the number of his or her titled vehicles or the number of calls he or she may have received during the period covered by the definition of the Settlement Class.

**Changed Business Practices.**   As part of the settlement, Sirius XM has also agreed to implement six changed business practices:

(1)   Sirius XM shall ensure its outbound dialing practices incorporate a pre-dial check for internal Do Not Call ("DNC") status just prior to dialing, and neither Sirius XM nor its vendors or agents will dial any number found to be on the internal DNC list.

(2)   Sirius XM shall, twice annually, train its vendor personnel on proper DNC practices.

(3)   Sirius XM shall regularly audit its outbound telemarketing vendors and internal data management practices to ensure proper management of internal DNC requests.

(4)   Sirius XM shall ensure that its Customer Agreement has an easily visible and clear explanation that trial subscribers have a business relationship with Sirius XM that may result in Sirius XM calling them; the Customer Agreement shall also provide an explanation of how Sirius XM communicates with consumers, and shall provide notice to consumers that Sirius XM may call them regarding their service and trial or other subscription, a URL where consumers may manage their contact preferences and an 800 number they may call for customer service.

(5)   Sirius XM shall modify the timing of its telemarketing calls to ensure that Sirius XM does not make calls to trial subscribers until a reasonable period of time after the mailing of the welcome kit (which shall include a copy of the Customer Agreement or, if the welcome kit is delivered electronically, a link to the Customer Agreement).

(6)   Sirius XM shall, wherever possible, include in vehicle material that provides subscription details an explanation of how Sirius XM communicates with consumers, and shall provide notice that Sirius XM may call them regarding their service and trial or other subscription, a URL where they may manage their contact preferences and an 800 number they may call for customer service.

HOW YOU GET FREE SERVICE?

**How do I get Free Service?**

**Each Class Member must submit a valid and timely Claim Form to receive Free Service.** You may submit a Claim Form at the Settlement Website at SiriusXMdncTCPAsettlement.com or submit a paper Claim Form to [address].  Please read the instructions on the website carefully, follow all of the instructions, and provide all the information required.  You must have your vehicle identification number ("VIN") and the electronic serial number of your Sirius XM radio ("ESN") to register for Free Service.  **You can find the ESN by tuning to "0" on your Sirius XM radio.**

**Claim Forms for Free Service must be completed online or received by [date].**

Free Service will be available for one Sirius XM equipped vehicle owned or leased by the Class Member or his/her immediate family member. Free Service will not be available for any vehicle that has a currently active paid subscription associated with it at the time of the commencement of Free Service as determined by Sirius XM.

Any Class Member who converts to a paid subscription between registration for Free Service and the date on which cash will be distributed to eligible Class Members who have filed Claim Forms (and who is therefore no longer eligible to Free Service) will be converted to the cash payment option instead.

Free Service will not carry any obligation to continue service with Sirius XM beyond the three (3) months and will be provided in addition to, and will not affect a Class Member's eligibility for, any future Sirius XM satellite radio service offer.

**When do I get Free Service?**

Free Service will not be activated until the Settlement becomes final.  The Court will hold a hearing on [DATE] to decide whether to approve the Settlement.  If the Settlement is approved, appeals may still follow.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.  If you have registered for Free Service, you will receive an email from Sirius XM notifying you shortly before your Free Service is set to commence.

**What am I giving up to get Free Service or stay in the Settlement?**

Being a Class Member means, unless you exclude yourself, that you cannot sue, continue to sue, or be part of any other lawsuit against Sirius XM about the legal issues in this case, and that all of the decisions and judgments by the Court will bind you.

If you were to file your own lawsuit against Sirius XM for alleged TCPA violations at issue in this Action and if you were to prevail, you could obtain damages of up to $500 to the extent you can prove a violation, or up to $1,500 to the extent you can prove either a violation that is willful or that Sirius XM knowingly violated the statute.

However, Sirius XM has denied that it made any illegal calls to anyone or engaged in any wrongdoing of any kind, and Sirius XM has potential defenses, including that Sirius XM should not be held liable because it had an established business relationship with Settlement Class Members.  In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs.

If you accept Free Service or do not exclude yourself from the lawsuit, you will be unable to file your own lawsuit involving any of the claims described and identified below, and you will release Sirius XM and the Released Parties from any liability for them.

Remaining in the Class means that you release and forever discharge Sirius XM, and each of its past, present or future officers, directors, insurers, general or limited partners, divisions,

7

stockholders, agents, telemarketing vendors, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, heirs, executors, administrators, purchasers, predecessors, successors and assigns (collectively, the "Released Parties") from any and all claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including without limitation (i) those known or unknown or capable or not capable of being known, (ii) those which are unknown but might be discovered or discoverable, and (iii) those accrued or unaccrued, matured or not matured, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, all from the beginning of the world until the date of the parties' Settlement Agreement, that is, April 26, 2019, that arise out of or in any way relate or pertain to claims, no matter how styled, (a) that were asserted, or attempted to be asserted, or that could have been asserted in the lawsuit, or (b) alleging a call to any landline, wireless, cell or mobile phone in violation of any DNC law, whether as a result of a request not to be called or otherwise, including but not limited to claims arising under or relating to (i) the TCPA or any similar state or federal law, (ii) statutory or common law claims predicated upon any alleged violations of the TCPA or any similar state or federal law, and (iii) statutory or common law claims predicated upon and/or arising from any call to any landline, wireless, cell or mobile phone by any or all of the Released Parties, including by any vendor retained by any of the Released Parties, following any request not to receive such a call (collectively, the "Released Claims").

Remaining in the Class also means that you further agree you will not seek to establish liability against any of the Released Parties based, in whole or in part, upon any of the Released Claims and you further covenant not to sue, institute, cause to be instituted, permit to be instituted on your behalf, or assist in instituting or prosecuting any proceeding, or otherwise assert any Released Claims against any Released Parties.

The Settlement Agreement (available at SiriusXMdncTCPAsettlement.com) provides more detail regarding the release and describes the Released Parties and Released Claims with accurate legal terminology, so read it carefully.  You can talk to the law firms representing the Class listed in the "Do I have a lawyer in this case?" question below for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt-out of the Settlement.

HOW YOU GET A PAYMENT?

**How do I get a payment?**

**Each Class Member must submit a valid and timely Claim Form to receive Free Service.** You may submit a Claim Form at the Settlement website at SiriusXMdncTCPAsettlement.com or submit a paper Claim Form to [address].  Please read the instructions on the website carefully, follow all of the instructions, and provide all the information required.

**Claim Forms for cash payments must be completed by [date].**
If you are mailing a claim form, it must be received by this date.
It is estimated that Eligible Class Members' cash award payment will be approximately $12, but

8

that is only an estimate and the actual amount could be higher or lower than that amount. The exact amount of each individual cash payment cannot be determined at this time and will depend on the number of valid claims filed.

**When do I get a payment?**

Cash payments will not be distributed until the Settlement becomes final.  The Court will hold a hearing on [date] to decide whether to approve the Settlement.  If the Settlement is approved, appeals may still follow.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

After the initial payments of settlement awards, smaller cash distributions may occur from the proceeds of any uncashed checks.

**What am I giving up to get a payment or stay in the Settlement?**

Being a Class Member means, unless you exclude yourself, that you cannot sue, continue to sue, or be part of any other lawsuit against Sirius XM about the legal issues in this case, and that all of the decisions and judgments by the Court will bind you.

If you were to file your own lawsuit against Sirius XM for violations of the TCPA at issue in this Action and were to prevail, you could obtain damages of up to $500 to the extent you can prove a violation, or up to $1,500 to the extent you can prove either a willful violation or that Sirius XM knowingly violated the statute.

However, Sirius XM has denied that it made any illegal calls to anyone or engaged in any wrongdoing of any kind, and Sirius XM has potential defenses, including that Sirius XM should not be held liable because it had an established business relationship with all Settlement Class Members.  In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs.

If you make a claim for a cash payment or do not exclude yourself from the lawsuit, you will be unable to file your own lawsuit involving all of the claims described and identified below, and you will release Sirius XM and the Released Parties from any liability for them.

Remaining in the Class means that you release and forever discharge the Released Parties from any and all  Released Claims, as those terms are defined in the Settlement Agreement.

Remaining in the Class also means that you further agree you will not seek to establish liability against any of the Released Parties based, in whole or in part, upon any of the Released Claims and you further covenant not to sue, institute, cause to be instituted, permit to be instituted on your behalf, or assist in instituting or prosecuting any proceeding, or otherwise assert any Released Claims against any Released Parties.

The Settlement Agreement (available at SiriusXMdncTCPAsettlement.com) provides more detail regarding the release and describes the Released Parties and Released Claims with accurate legal terminology, so read it carefully.  You can talk to the law firms representing the Class listed in

the "Do I have a lawyer in this case?" question below for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt-out of the Settlement.

### WHAT YOU MUST INCLUDE IN A CLAIM FORM

**How do I complete a claim form?**

Please read the instructions on the claim form carefully, follow all of the instructions, and provide all the information required.

To receive Free Service, you must provide the following information on the claim form by no later than [date]:  first and last name; vehicle identification number ("VIN") of a Sirius XM equipped vehicle and/or electronic serial number ("ESN") of the vehicle's Sirius XM Radio; current mailing address (including apartment number, city, state and zip code); current email address; and current telephone number.  You can find the ESN by tuning to "0" on your Sirius XM radio.  If you did not receive email or individual mailed notice of the Settlement, you must identify on the claim form, if different than your current telephone number, the landline, wireless, cell or mobile number that received one or more calls by Sirius XM's telemarketing vendors between October 16, 2013 and April 26, 2019, and affirm that you had never been a paid Sirius XM subscriber at the time you received the first call.

To receive the cash option, you must provide the following information on the claim form by no later than [date]:  first and last name; current mailing address (including apartment number, city, state and zip code); and current telephone number.  If you did not receive email or individual mailed notice of the Settlement, you must identify on the claim form, if different than your current telephone number, the landline, wireless, cell or mobile number that received one or more calls by Sirius XM's telemarketing vendors between October 16, 2013 and April 26, 2019, and affirm that you had never been a paid Sirius XM subscriber at the time you received the first call.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

**How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

**Sirius XM DNC**
**Settlement Class Administrator**
**EXCLUSIONS**
**\*\*\*\*\*\*\*\*\*\*\*\***
**\*\*\*\*\*\*\*\*\*\*\*\***

Your request for exclusion must include the following:

10

- Your full name and address;

- The telephone number on which you received the call associated with your request for exclusion;

- Your personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on your behalf; and

- A statement in plain English that you want to be excluded from the Settlement Class and/or you want to waive all rights to the benefits of the Settlement.

**Your exclusion request must be postmarked no later than [date].**  You cannot ask to be excluded on the phone, by email, or at the website.  If you opt out, your name will appear in the Court's records to identify you as someone not bound by the Settlement

**If I do not exclude myself, can I sue Sirius XM for the same thing later?**

No. Unless you exclude yourself, you give up any right you might have to sue Sirius XM for all claims resolved by the Settlement. The Settlement Agreement (which you can find at SiriusXMdncTCPAsettlement.com) explains the claims that you will be releasing. The claims that you will be releasing are also summarized in response to the question, "**What am I giving up to get a payment or stay in the Settlement?**" but you should always consult the Settlement Agreement for a complete explanation.

You must exclude yourself as a Class Member in order to try to maintain your own lawsuit. If you start your own lawsuit, you will have to hire your own lawyer, and you will have to prove your claims.

**If I exclude myself, can I still get Free Service or a cash payment?**

No. You cannot register for Free Service if you exclude yourself from the Settlement.  You cannot receive a cash payment from the Settlement Fund if you exclude yourself from the Settlement.

### THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?**

The Court has appointed the following lawyers as "Class Counsel" to represent Class Members: Hughes Ellzey, LLP; Mark A. Alexander P.C.; Siri & Glimstad LLP; Turner Law Offices, LLC; Werman Salas P.C.; and Lieff Cabraser Heimann & Bernstein, LLP.

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**How will the lawyers and class representatives be paid?**

Class Counsel will make an application to the Court for an award of attorneys' fees, costs and other expenses for their representation of the Class Representative and Class Members, of up to twenty percent (20%) of the total value of the Settlement. The Court will decide the amount of fees and expenses to award.

Class Counsel also will request a service award of $10,000 for Thomas Buchanan as compensation for the time and resources he has put into representing Class Members.

OBJECTING TO THE SETTLEMENT

**How do I tell the Court that I do not think the Settlement is fair?**

You can tell the Court that you do not agree with the Settlement or some part of it.  If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state the reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must submit a letter or other written document that includes the following:

- Your full name, current address, email address and telephone number, as well as the name, address, email address and telephone number of all attorneys representing you;

- The cellular telephone number that includes you as a Class Member;

- Your original signature or the signature of counsel for the Class Member;

- A statement that you object to the Settlement, in whole or in part;

- A statement of the legal and factual basis for your Objection;

- A list of all cases, by name and case number, in which you and/or your counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the previous five (5) years; and

- Copies of any documents that you wish to submit in support of your position

You must mail or hand-deliver your objection to the Court so it is <u>received</u> by **[date]**. You must also mail your objection to Class Counsel and counsel for Sirius XM so that it is received no later than **[date]**. The addresses are listed below:

Clerk of Court

Plaintiff's Counsel

Defense Counsel

**Do not call the Court, Sirius XM or Sirius XM's counsel if you have questions. Visit the website or call Class Counsel.**

12

**What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class.    Excluding yourself (also known as opting out), is telling the Court that you do not want to be included in the Settlement.  If you exclude yourself, you cannot object because the Settlement no longer affects you.

THE FAIRNESS HEARING

**When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Fairness Hearing on Month Day, 2019 at __:__ _.m., in Courtroom 1525 of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check SiriusXMdncTCPAsettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for Service Awards to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

**Do I have to attend the hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements set forth above, the Court will consider it. You also may pay your own lawyer to attend the hearing, but it is not necessary.

**May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. The Court makes the decision on what will happen at the Final Approval Hearing. Any Class member who wishes to appear at the Final Approval Hearing must mail or hand-deliver to the Clerk of the Court a "Notice of Intention to Appear," and file it in *Buchanan v. Sirius XM Radio Inc.*, Case No. 17-cv-728 (N. D. Tex.). Use the addresses listed above. The Notice of Intention to Appear must be received by the Court by **[date]**. You must also mail or hand-deliver your Notice of Intention to Appear including exhibits, lists or other documents to Class Counsel and Sirius XM's counsel so they are received by **[date].**

The Notice of Intention to Appear must include:

- Copies of any exhibits or other documents that you intend to present or use as evidence at the hearing;

- A list of all witnesses that you intend to call to give evidence at the hearing; and

13

- All other actions or any additional submissions as may be ordered by the Court.

If you wish to appear at the Final Approval Hearing you must also provide dates at least seven (7) days in advance of the Final Approval Hearing when you will be available for a deposition. Failure by an objector to make himself or herself available for a deposition may result in the Court striking the objection. The Court may also tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or made for an improper purpose.

You cannot ask to speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### What happens if I do nothing at all?

If you are a Class Member and do nothing, you will not get benefits from the Settlement. You must submit a claim form to register for Free Service or a cash payment. You will be bound by the judgment entered by the Court unless you exclude yourself using the procedure described above. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against Sirius XM about the claims at issue in this case or released by the Settlement Agreement.

## GETTING MORE INFORMATION

### How do I get more information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is the controlling document regarding the terms of the Settlement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at SiriusXMdncTCPAsettlement.com. You may also write with questions to the Settlement Administrator at Sirius XM DNC Settlement Administrator, [ADDRESS], or call the toll-free number, 1-888-XXX-XXXX.

On the website, SiriusXMdncTCPAsettlement.com, there is a complete Notice of the Settlement in Spanish.  (En el sitio web, SiriusXMdncTCPAsettlement.com, hay una notificación completa del acuerdo en Español.)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | 17-cv-00728 |
| v. | |
| SIRIUS XM RADIO INC., | |
| Defendant. | |

**[PROPOSED] FINAL SETTLEMENT APPROVAL ORDER AND JUDGMENT**

The Court having held a Final Approval Hearing on [Month] [Day], 2019, notice of the Final  Approval Hearing having been duly given in accordance with this Court's Order Approving Issuance of Notice dated April 26, 2019 (the "Notice Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Order and good cause appearing therefore,

**It is hereby ORDERED, ADJUDGED, AND DECREED as follows:**

1. <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. <u>Incorporation of Settlement Documents</u>.  This Order and Final Judgment incorporates and makes a part hereof: (a) the Settlement Agreement dated April 26, 2019, and (b) the

Individual and Publication Notices attached as Exhibits B and C thereto, respectively, all of which were filed with the Court on May 3, 2019.

3. <u>Certification of the Settlement Class for Purposes of Settlement</u>.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as:

> All natural persons in the United States who, from October 16, 2013 to April 26, 2019 (the date of the Settlement Agreement): (a) received more than one telephone solicitation call in a 12-month period made by or on behalf of Sirius XM more than 31 days after registering the landline, wireless, cell or mobile telephone number on which they received those calls with the National Do-Not-Call Registry, or (b) received one or more calls after registering the landline, wireless, cell, or mobile telephone number on which they received the calls with Sirius XM's internal Do-Not-Call list.
>
> Excluded from the class definition are: (a) natural persons who were or had been paid subscribers to Sirius XM's service at the time of the first call; (b) natural persons who were members of the class settled in Hooker v. Sirius XM Radio Inc., Civil Action No. 4:13-cv-00003 (E.D. Va. 2013), who did not exclude themselves from that class, and who did not receive more than one telephone solicitation call after July 5, 2016; and (c) any employees, officers, directors of Sirius XM, and attorneys appearing in this case, and any judge assigned to hear this case as well as their immediate family and staff.

4. <u>Class Representative</u>.  Named plaintiff Thomas Buchanan is hereby appointed, for purposes of effectuating the Settlement only, as a representative for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

5. <u>Class Counsel</u>.  Hughes Ellzey, LLP; Mark A. Alexander P.C.; Siri & Glimstad LLP; Turner Law Offices, LLC; Werman Salas P.C.; and Lieff Cabraser Heimann & Bernstein, LLP,

are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6. <u>Class Notice</u>. The Court finds that the dissemination of the Individual and Publication Notice: (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim either for a monetary award from the Settlement Fund or for Free Service; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Class Counsel's motion for an award an attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff); (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff) ; and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>CAFA</u>.  The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. [<u>Objections</u>.  The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and

concludes that each of the objections is without merit, and they are hereby overruled.  Plaintiff faced very serious risks both on the merits of his claims and on the ability to certify a litigation class. The value provided pursuant to the Settlement Agreement compares favorably to the strength of Plaintiff's claims on the merits, given these risks.]

9. <u>Final Settlement Approval and Dismissal of Claims</u>.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that, pursuant to Rule 23(e)(2), (A) Plaintiff and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Award to the Named Plaintiff; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

10. <u>Dismissal with Prejudice.</u> The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

11. <u>Binding Effect</u>.  The terms of the Settlement Agreement and of this Order and Final Judgment shall be forever binding on Defendant, Plaintiff, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form, seeks or obtains a distribution from the Settlement Fund or Free Service, or objected to the Settlement), as well as their respective successors and assigns. [The persons listed on Exhibit 1 hereto submitted timely and proper Requests for Exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Order and Final Judgment.]

12. <u>Releases</u>.  The Releases set forth in Section 5 of the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders pursuant to this Order and Final Judgment, without further action by anyone, upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, Plaintiff and each and every member of the Settlement Class shall have released the Released Claims against the Released Parties.  Notwithstanding the foregoing, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order and Final Judgment

13. <u>Retention of Jurisdiction</u>.  Without affecting the finality of this Order and Final Judgment in anyway, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, consummation and

enforcement of the Settlement; (b) the disposition of the Settlement Fund and Free Service; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve distribution of the Settlement Fund to any Cy Pres Recipient(s); and (e) the Settlement Class Members for all matters relating to the Action.

14. <u>Attorneys' Fees, Litigation Expenses, and Service Award</u>.  The Court approves Class Counsel's application for $_____ in attorneys' fees, costs and other expenses, and for a service award to the Settlement Class Representative in the amount of $10,000.00.  A separate order shall be entered regarding the motion of Class Counsel for an award of attorneys' fees, costs and other expenses, including a Service Award to the Named Plaintiff.  Such order shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

15. <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, Plaintiff and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendant may agree to reasonable extensions of time to carry out any of the provision of the Settlement Agreement, including but not limited to, at their discretion, accepting for processing of late claims provided such acceptance does not delay the distribution of the Settlement Fund and Free Service.

16. <u>Termination of Settlement</u>.  If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order and Final Judgment shall be without prejudice to the rights of Plaintiff, Settlement Class Members and Defendant, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

17. <u>Entry of Final Judgment</u>.  By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Order complies in all respects with Federal Rules of Civil Procedure 65(d)(1).  There is no just reason to delay the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED** on this __th day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE

- 7 -

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | 17-cv-00728-D |
| v. | |
| SIRIUS XM RADIO INC., | |
| Defendant. | |

## STIPULATED UNDERTAKING REGARDING ATTORNEYS' FEES AND COSTS IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT

Plaintiff Thomas Buchanan ("Plaintiff") and Defendant Sirius XM Radio Inc. ("Sirius XM") (collectively, "the Parties"), by and through their undersigned counsel stipulate and agree as follows:

WHEREAS, the undersigned Counsel  and their respective law firms desire to give an undertaking for repayment of their award of attorneys' fees and costs ("Undertaking"), as is required by the Settlement Agreement,

## I.    STIPULATION

NOW, THEREFORE, each of the undersigned Counsel, on behalf of themselves as individuals and as agents for their respective law firms, hereby submit themselves and their

respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

In the event that the Final Approval Order is reversed or modified on appeal, in whole or in part, undersigned Counsel shall, within ten (10) business days after the order vacating or modifying the Final Approval Order becomes final, repay to Sirius XM, or any of its successors or assigns the attorneys' fees and costs paid from the Settlement Fund to undersigned Counsel in the amount vacated or modified, including any accrued interest.  For purposes of clarity, the undertaking by each of the below-signed law firms is a joint and several one, with each law firm being responsible for the entirety of any required repayment.

In the event the Final Approval Order is not reversed on appeal, in whole or in part, but the attorneys' fees and costs awarded by the Court are vacated or modified on appeal, undersigned Counsel shall, within ten (10) business days after the order vacating or modifying the award of attorneys' fees and costs becomes final, repay to the Settlement Fund the attorneys' fees and costs paid from the Settlement Fund to undersigned Counsel in the amount vacated or modified, including any accrued interest.  For purposes of clarity, the undertaking by each of the below-signed law firms is a joint and several one, with each law firm being responsible for the entirety of any required repayment.

Any action that may be required thereafter may be addressed to this Court on shortened notice, but not less than five (5) court days.

- 2 -

This Undertaking and all obligations set forth herein shall expire upon finality of all appeals of the Final Approval Order.

In the event undersigned Counsel fails to repay to the Settlement Fund or Sirius XM, or any of its successors or assigns any of the attorneys' fees and costs that are owed pursuant to this Undertaking, the Court shall, upon application of such entity and notice to undersigned Counsel, summarily issue orders, including but not limited to judgments and attachment orders against Counsel, and each of them, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that they are equity partners in their respective law firms and have both actual and apparent authority to enter into this Undertaking on behalf of their respective law firms.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile or PDF transmission shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the State of Texas and the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

AGREED TO BY UNDERSIGNED COUNSEL:


**HUGHES ELLZEY, LLP**

By: _____
       W. Craft Hughes

- 3 -

2700 Post Oak Blvd., Suite 1120
Houston, TX 77056
(713) 554-2377

**MARK A. ALEXANDER, P.C.**

By: _____

Mark A. Alexander
5080 Spectrum, Suite 850E
Addison, TX 75001
(972) 364-9700

**TURNER LAW OFFICES, LLC**

By: _____

Henry A. Turner
403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
(440) 378-6274

**SIRI & GLIMSTAD LLP**

By: _____

Aaron Siri
200 Park Avenue, 17th Floor
New York, NY 10166
(212) 532-1091

2700 Post Oak Blvd., Suite 1120
Houston, TX  77056
(713) 554-2377

**MARK A. ALEXANDER, P.C.**


By: _____

Mark A. Alexander
5080 Spectrum, Suite 850E
Addison, TX  75001
(972) 364-9700

**TURNER LAW OFFICES, LLC**

By: _____

Henry A. Turner
403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia  30030
(440) 378-6274

**SIRI & GLIMSTAD LLP**


By: _____

Aaron Siri
200 Park Avenue, 17th Floor
New York, NY  10166
(212) 532-1091

2700 Post Oak Blvd., Suite 1120
Houston, TX  77056
(713) 554-2377

**MARK A. ALEXANDER, P.C.**


By: _____

Mark A. Alexander
5080 Spectrum, Suite 850E
Addison, TX  75001
(972) 364-9700

**TURNER LAW OFFICES, LLC**


By: _____

    Henry A. Turner
    403 W. Ponce de Leon Avenue
    Suite 207
    Decatur, Georgia  30030
    (440) 378-6274

**SIRI & GLIMSTAD LLP**

By: _____

    Aaron Siri
    200 Park Avenue, 17th Floor
    New York, NY  10166
    (212) 532-1091

**WERMAN SALAS P.C.**

By: _Dou Werman_
        Douglas M. Werman
        77 West Washington, Suite 1402
        Chicago, IL 60602
        (312) 419-1008

**LIEFF, CABRASER, HEIMAN & BERNSTEIN, LLP**

By: _____
        Daniel M. Hutchinson
        275 Battery Street, 29th Floor
        San Francisco, CA 94111-3339
        (415) 956-1000

ACKNOWLEDGED BY
COUNSEL FOR DEFENDANT:
SIRIUS XM RADIO INC.

**JONES DAY**

By: _____
        Thomas Demitrack
        North Point
        901 Lakeside Avenue
        Cleveland, OH 44114-1190
        (216) 586-3939

**WERMAN SALAS P.C.**

By: _____

      Douglas M. Werman
      77 West Washington, Suite 1402
      Chicago, IL  60602
      (312) 419-1008

**LIEFF, CABRASER, HEIMAN & BERNSTEIN, LLP**

By: _____

      Daniel M. Hutchinson
      275 Battery Street, 29th Floor
      San Francisco, CA  94111-3339
      (415) 956-1000

ACKNOWLEDGED BY
COUNSEL FOR DEFENDANT:
SIRIUS XM RADIO INC.

**JONES DAY**

By: _____

      Thomas Demitrack
      North Point
      901 Lakeside Avenue
      Cleveland, OH 44114-1190
      (216) 586-3939