## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

THOMAS BUCHANAN on behalf of himself
and all others similarly situated,

   Plaintiff,

  v.

SIRIUS XM RADIO, INC.,

   Defendant.

Case No.:

3:17-cv-00728-D

### DECLARATION OF JARRETT L. ELLZEY IN SUPPORT OF
### PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. My name is Jarrett L. Ellzey.

2. I am over twenty-one years of age.

3. I am fully competent to make the statements included in this declaration.

4. I have personal knowledge of the statements included in this declaration.

5. I am a partner at Hughes Ellzey, LLP ("Hughes Ellzey").

6. I am counsel for Thomas Buchanan ("Buchanan") and the class in this matter.

7. I submit this declaration in support of Plaintiff's Motion for Order Preliminarily Approving Settlement and Conditionally Certifying the Rule 23 Settlement Class.

**TESTIMONY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

8.      On March 13, 2017, Plaintiff filed a Class Action Complaint in the United States

District Court of the Northern District of Texas, alleging that Defendant made illegal telemarketing

calls to individuals who had registered with either the national do-not-call list, or placed their

telephone numbers on Defendant's own internal do-not-call list in violation of the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(3) In its Class

Action Complaint, Plaintiff alleged Count I, violation of 47 U.S.C. §227(c) on behalf of a class

defined as:

**National Do-Not-Call Registry Class:**

All natural persons in the United States who, from October 16, 2013 to the commencement of this litigation, received more than one telephone solicitation call in a 12-month period on their Residential Land Line telemarketing Sirius XM's satellite radio service more than 31 days after registering their telephone number with the National Do-Not-Call Registry and who did not have a prior established business relationship with Defendant and did not provide Defendant prior express written consent to receive such calls. Excluded from this class definition are any employees, officers, directors of Defendant, and attorneys appearing in this case, and any judge assigned to hear this action.

9.      In its Class Action Complaint, Plaintiff also alleged Count II, violation of 47 C.F.R.

§ 64.1200(d)(3), on behalf of a class defined as:

**Internal Do-Not-Call Registry Class:**

All natural persons in the United States who, from October 16, 2013 to the commencement of this litigation, received one or more telephone solicitation calls on their Residential Land Line telemarketing Sirius XM's satellite radio service after registering their telephone number with Defendant's Company-Specific Do-Not-Call Registry and did not provide Defendant prior express written consent to receive such calls. Excluded from this class definition are any employees, officers, directors of Defendant, and attorneys appearing in this case, and any judge assigned to hear this action.

10.      Plaintiff's Original Class Action Complaint alleges that Defendant made

telemarketing calls to the residential land lines of Plaintiff and the Members of the National Do-

Not-Call Registry Putative Class without the prior express written consent or permission of

Plaintiff or the Members of the National Do-Not-Call Registry Putative Class in violation of the TCPA, 47 U.S.C. §227(c) Plaintiff alleges that he and each National Do-Not-Call Registry Putative Class Member is entitled to recover $500.00 in statutory damages for each violation and up to $1,500.00 in the event that Defendant is found to have knowingly or willfully violated the TCPA.

11.    Plaintiff's Original Class Action Complaint also alleges that Defendant made telemarketing calls to Plaintiff and the Internal Do-Not-Call Registry Putative Class after they were listed on Defendant's Internal Do-Not-Call Registry in violation of 47 C.F.R. § 64.1200(d)(3). Plaintiff alleges that he and each Internal Do-Not-Call Registry Putative Class Member is entitled to recover $500.00 in statutory damages for each violation and up to $1,500.00 in the event that Defendant is found to have knowingly or willfully violated the TCPA.

12.    The parties to the Action conducted settlement discussions over the course of several months and ultimately engaged in a full-day mediation with Randy Wulff in Oakland, California on January 31, 2019. The settlement discussions were conducted at arm's length and involved vigorous negotiations on all issues. Both parties have concluded that it is in their best interests to settle the claims of Plaintiff and the Sirius XM Settlement Class.

13.    Plaintiff and Class Counsel have concluded that settlement of the Action, on the terms set forth in the Settlement Agreement, is fair, reasonable, and adequate, and that the settlement is in the best interests of the Sirius XM Settlement Class.  This conclusion was a result of, among other things, Plaintiff's knowledge of the facts relating to the matters alleged in the Action and Class Counsel's investigation, review, and analysis of the facts and law relating to the matters alleged in the Action, and having weighed carefully the benefits to the Sirius XM Settlement Class of a prompt settlement of the Action for the consideration being offered by Sirius

XM against the significant cost, risk, and delay that continued prosecution of the Action would involve.

14.     The Class Representative and Class Counsel have prosecuted this action on behalf of the Class with vigor and dedication for two years. *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel engaged in significant motion practice and massive offensive discovery efforts to prosecute the Class claims. Counsel defended against a motion for judgment on the pleadings or, in the alternative, partial summary judgment and moved for and extensively litigated class certification and attendant expert issues. The Settlement Class Representative was likewise actively engaged—he produced numerous documents, sat for a lengthy deposition (along with his wife as a non-party witness), and regularly communicated with counsel up to and including evaluating and approving the proposed Settlement.

15.     The Settlement provides substantial Class relief, considering (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed distribution plan; and (iii) the fair terms of the separately-negotiated proposed award of attorney's fees. *See* Fed. R. Civ. P. 23(e)(2)(C). The monetary recovery, free service option, and Sirius XM's commitments involving its TCPA policies are significant given the complexity of the Action and the significant barriers that lay ahead for Plaintiff and the Settlement Class. By any reasonable measure, this recovery is a significant achievement given the extraordinary obstacles Plaintiff and the Settlement Class faced in the litigation. The Settlement is an extremely fair and reasonable recovery for the Settlement Class in light of Sirius XM's possible defenses and the challenging and unpredictable path of litigation Plaintiff would have faced absent a settlement.

16.     To cover their attorneys' fees and costs, Class Counsel intends to seek an award of not more than 20% of the total combined value of the Settlement Fund and the total fair market

value of the Free Service, for work performed on behalf of Plaintiff and the Class.  This amount

will be paid out of the Settlement Fund and after deduction of any class administration and notice

costs and expenses. These attorneys' fees and costs were negotiated separately after the settlement

was negotiated on behalf of the class. The reasonableness of the requested fee may be considered

in light of the fund obtained on behalf of the Class.

17.      In this case, this attorney fee award is reasonable in light of the result obtained by

Class Counsel, the complexity of the issues raised in this action, and the duration of the litigation

(approximately two years). Since the Fifth Circuit endorsed the percentage method in *Dell*,

numerous district courts have awarded attorneys; fees without feeling the need to perform a

lodestar cross-check. *See, e.g., Buettgen v. Harless*, No. 3:09-CV-00791-K, 2013 WL 12303143,

at *13 (N.D. Tex. Nov. 13, 2013) (awarding 30 percent of fund in securities class action without a

lodestar cross-check); *Fairway Med. Ctr., L.L.C. v. McGowan Enterprises, Inc*., No. CV 16-3782,

2018 WL 1479222, at *3 (E.D. La. Mar. 27, 2018) (awarding one-third of common fund in TCPA

class action without a lodestar cross-check); *In re Pool Prod. Distribution Mkt. Antitrust Litig*.,

No. MDL 2328, 2015 WL 4528880, at *22 (E.D. La. July 27, 2015) (awarding 30 percent of

common fund in antitrust class action without a lodestar cross-check); *Jenkins v. Trustmark Nat.

Bank*, 300 F.R.D. 291, 310 (S.D. Miss. 2014) (awarding one-third of common fund in overdraft

charge class action without a lodestar cross-check); *Burford v. Cargill, Inc.*, No. CIV.A. 05-0283,

2012 WL 5471985, at *6 (W.D. La. Nov. 8, 2012) (awarding one-third of common fund in fraud

class action without a lodestar cross-check)..

18.      Certification of a multistate class for settlement purposes permits notice of the

proposed settlement to inform class members of the existence and terms of the proposed

settlement, of their right to be heard on its fairness, of their right to opt out, and of the date, time

---

and place of the formal fairness hearing. *See* MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) §§ 21.632, 21.633.  For purposes of this Settlement only, Defendant Sirius XM does not oppose class certification.  The Settlement Class is adequately defined and clearly ascertainable and certification is appropriate under Rule 23(a) and (b)(3) as discussed below.

19.     The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of thousands of people and joinder of all such persons is impracticable. *See* FED. R. CIV. P. 23(a)(l); *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000); *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (numerosity satisfied where it would be difficult or inconvenient to join all of the class members).  Based on Sirius XM's records, the parties estimate that the proposed class in this case will consist of approximately 14,400,000 individuals. Accordingly, the numerosity requirement is satisfied.

20.     Class Counsel, and their respective law firms, have undertaken an enormous amount of work, effort, and expense in this litigation and demonstrated their willingness to devote whatever resources were necessary to see it through to a successful outcome. As set out in more detail above, Class Counsel have more than demonstrated their ability to represent the interests of the Settlement Class. *See supra* Part IV.C.(4)(ii). They should be appointed as Settlement Class Counsel under Rule 23(g)(3) and confirmed under 23(g)(1) upon final approval.

### EXPERIENCE OF HUGHES ELLZEY, LLP

21.     Hughes Ellzey is a boutique litigation firm in Houston, Texas that specializes in consumer class actions, as well as commercial, individual consumer, personal injury, and employment litigation.  In addition to this matter, my firm has been appointed class counsel in a number of class actions under the Telephone Consumer Protection Act ("TCPA") and consumer protection statutes. *See*, *e.g.*, *Justin Mark Boise v. ACE American Ins. Co.*; Case

No. 1:15-cv-21264 (S.D. Fla. Oct. 18, 2017) (TCPA); *Matthew Scott Robinson v. Paramount Equity Mortgage, LLC;* Case No. 2:14-cv-02359-TLN-CKD (E.D. Cal. July 13, 2017) (TCPA); *Teofilo Vasco, et al. v. Power Home Remodeling Group LLC*; Case No. 2:15-cv-04623 (E.D. Pa. Oct. 12, 2016) (TCPA); *John Colin Suttles, et al. v. Specialty Graphics, Inc.*; Case No. 1:14-cv-00505 (W.D. Tex. April 25, 2016) (TCPA); *Ludette Crisler, et al. v. Audi AG, Volkswagen AG, et al.*, Case No. 2:11-cv-01719 (C.D. Cal. Oct. 30, 2013) (products); *Gretchen Patch, et al. v. Millennium Products, Inc.*, Case No. BC448347 (Superior Court of California, Los Angeles County, April 3, 2012) (products).

22.   Multiple district courts have commented on my firm's useful knowledge and experience in connection with class action litigation.

23.   For example, in *Justin Mark Boise v. ACE American Ins. Co.*, Judge Marcia Cooke, U.S. District Judge for the Southern District of Florida, stated, "Class Counsel, Hughes Ellzey, LLP, has substantial experience in TCPA class action litigation and has often served as class counsel in similar cases." *See* Case No. 1:15-cv-21264 (S.D. Fla. Oct. 18, 2017) (Doc. 101, p. 8).

24.   Similarly, in *Matthew Scott Robinson v. Paramount Equity Mortgage, LLC;* Judge Troy L. Nunley, U.S. District Court Judge for the Eastern District of California, recently acknowledged that "Plaintiff's counsel [Hughes Ellzey] has extensive experience in TCPA class action litigation and has often served as class counsel in such cases." *See* Case No. 2:14-cv-02359 (E.D. Cal. July 13, 2017) (Doc. 27, p. 9).

25.   Similarly, in *Teofilo Vasco, et al. v. Power Home Remodeling Group LLC*, Judge Mark A. Kearney, U.S. District Court Judge for the Eastern District of Pennsylvania, found that "Vasco's counsel, W. Craft Hughes, is experienced in class action litigation under the

[TCPA] Act" upon granting final approval to the TCPA class settlement at issue. *See* Case No. 2:15-cv-04623 (E.D. Pa. October 12, 2016) (Dkt. No. 43, pp. 7-8).

26.    Also, in *John Colin Suttles, et al. v. Specialty Graphics, Inc.*, U.S. District Judge Robert L. Pitman of the Western District of Texas found Hughes Ellzey to be "experienced counsel…that meets the requirements of Fed. R. Civ. P. 23" when certifying a nationwide TCPA class and appointing Hughes Ellzey class counsel. *See* Case No. 1:14-cv-00505 (W.D. Tex. April 25, 2016) (Dkt. No. 73, pp. 2-3).

27.    In appointing Hughes Ellzey as class counsel in the case of *Lebar*, *et al. v. Volkswagen Group of America*, *Inc.*, Hon. Kevin McNulty, U.S. District Court Judge for the District of New Jersey, found Hughes Ellzey "experienced in matters of this nature." *See* Case No. 2:10-cv-05126 (D. N.J. Oct. 30, 2013) (Doc. 100).

28.    And in *Gretchen Patch, et al. v. Millennium Products, Inc.*, Hon. John Shepard Wiley of the Superior Court of California, Los Angeles County, named Hughes Ellzey as class counsel and recognized that Hughes Ellzey "has been appointed class counsel in other similar consumer class actions." *See* Case No. BC448347 (Superior Court of California, Los Angeles County April 3, 2012).

29.    Additional information about my firm is available at www.hughesellzey.com.

### W. CRAFT HUGHES

30.    Mr. Hughes graduated from Texas Tech University in 2000 and from South Texas College of Law in 2004.

31.    He has extensive experience litigating consumer protection class actions, including those under the TCPA.

32.     Mr. Hughes is AV rated by Martindale Hubbell and was selected for inclusion in the 2013 "Texas Super Lawyers" list at the age of 35—one of the youngest lawyers in Texas to ever be selected, and have been selected every subsequent year through the present.

33.     In addition to my class action practice, Mr. Hughes has obtained at least seventeen jury verdicts as lead counsel in civil litigation matters. On November 10, 2015, Mr. Hughes obtained a unanimous jury verdict of $5.4 Million against Wells Fargo Bank for a client in a wrongful foreclosure matter.[1] In May of 2013, Mr. Hughes obtained a unanimous jury verdict of $125,000 for a machinist client who alleged his former employer wrongfully terminated him after he refused to help them illegally manufacture AK-47 machine gun silencers at defendant's warehouse during weekends.[2]

34.     Various newspapers and media publications have published articles discussing Mr. Hughes' verdicts. Law360 has published 19 news articles discussing my firm and 141 articles discussing cases we've filed in federal courts nationwide. I've been named "Litigator of the Week" by the Texas Lawyer magazine on several occasions, including an article published August 26, 2013 titled "Fast Weapon, Fast Results." The Houston Chronicle has published articles covering his verdicts as well, including "Texas Law Trips Up Bank" discussing the *Wolf* verdict on December 10, 2015; and "Whistle-blower Wins $125,000 in Suit Over AK-47 Silencers" discussing the *McKnight* verdict on June 1, 2013.

---

[1] *Mary Ellen Wolf v. Wells Fargo Bank, N.A.*; Cause No. 2011-36476; In the 151st District Court of Harris County, Texas.

[2] *Darryl McKnight v. Team Industrial Services, Inc., et al*; Cause No. 2012-03767; In the 80th Judicial District Court of Harris County, Texas.

## JARRETT L. ELLZEY

35.     I graduated from Texas Tech University in 2000 and from South Texas College of Law in 2003.

36.     I have extensive experience litigating consumer protection class actions, including those under the TCPA.  I was lead counsel in several TCPA class actions during the years 2016 through 2017 that resulted in combined settlements exceeding $20 million dollars.  I litigated numerous class actions involving complex issues, many of which resulted in mediated settlements.

37.     I also have significant trial experience, having tried over thirteen cases to verdict since 2012.  After a month-long trial in December of 2012, I obtained a unanimous jury verdict of $16.5 Million against several defendants (jointly and severally) on behalf of a commercial client in a breach of fiduciary duty and commercial real estate fraud lawsuit.[3] In recognition of obtaining the second largest fraud verdict in Texas for 2012, I was selected as and Honoree to the Texas Verdicts Hall of Fame.

38.     In September of 2015, I obtained a *unanimous* jury verdict of $285,000 for plaintiffs in a consumer mortgage dispute. *See Danielle Geoffrion and Darren Kasmir v. Nationstar Mortgage, LLC*; Case no. 4:14-cv-00350 (E.D. Tex. Sept. 14, 2015) (Hon. Amos Mazzant).  The case was filed under the Real Estate Settlement Procedures Act, a trial under which is rare, and victory rarer for plaintiffs.  For this achievement, I was named "Litigator of the Week" by *Texas Lawyer* magazine, a state-wide publication.

---

[3] *SSC Opportunity Partners, LLC v. L.S. "Trey" Halberdier, III, Robert D. Banzhaf, Bandier Realty Partners, LLC, et al.*; Cause No. 2011-43194; In the 215th Judicial District Court of Harris County, Texas.

39.     I have been named a Super Lawyer every year since 2014, and was selected as a Rising Star in 2013.  In 2016, the Texas Bar Foundation elected Mr. Ellzey as a fellow.  Only 1/3 of 1 percent of members of the State Bar of Texas hold this title.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on April 26, 2019.


                                        */s/ Jarrett L. Ellzey*
                                        Jarrett L. Ellzey