IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>SIRIUS XM RADIO, INC.,<br><br>        Defendant. | Case No. 3:17-cv-00728 |

**DECLARATION OF AARON SIRI**

I, Aaron Siri, declare as follows:

1.     I am a partner in the law firm of Siri & Glimstad LLP, counsel of record for Plaintiff in this matter. I have been one of the lawyers primarily responsible for the prosecution of Plaintiff's claims on behalf of the proposed Class. I am admitted *pro hac vice* to practice before this Court and am a member in good standing of the bar of the State of New York; the United States District Court for the Eastern, Southern, and Northern Districts of New York; and the U.S. Court of Federal Claims. I have significant experience in a wide range of complex civil litigation matters.

2.      I respectfully submit this declaration in support of Plaintiff's Motion for Class Certification.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

I.      **Background and Experience**

3.      I received a Bachelor of Science in Accounting with Honors from Yeshiva University in 2001.  I received a Juris Doctorate degree from the Boalt Hall School of Law at the University of California at Berkeley (now called "Berkeley Law") in 2004 where I earned multiple Prosser Prizes and was the editor-in-chief of the Berkeley Business Law Journal.  During law school, I was also selected as a Frank C. Newman delegate based on a paper I authored regarding regulating transnational corporations, and presented before the United Nations Human Rights Sub-Committee regarding a draft resolution of the Transnational Corporations Working Group.

4.      After law school, I clerked for the Chief Justice of the Supreme Court of Israel, the Honorable Aharon Barak, from 2004 to 2005, where I advised the Chief Justice of relevant American, English (including Commonwealth Countries such as Canada, Australia, and New Zealand) and International Law precedents for cases of first impression, including in the areas of entity taxation, fiduciary duties, adoption, wills, bankruptcy and corporate liability, as well as the international law implications

of Israel's planned removal, by force or otherwise, of approximately 8,500 of its citizens from the Gaza Strip/West Bank.

5. Following my clerkship, I was an attorney at Latham & Watkins LLP ("Latham") in their New York office from 2005 until 2010. I was a member of the litigation department and worked on numerous significant high profile and complex litigation matters. Representative matters include: *Golden Gate Yacht Club v. Societe Nautique De Geneve*, 18 Misc. 3d 1111(A), 856 N.Y.S.2d 24 (N.Y. Sup. Ct. 2007) *order reinstated* 12 N.Y.3d 248 (2009) (successfully disqualifying a Spanish yacht club as the challenger and qualifying an American yacht club as the challenger for the America's Cup as well as numerous successful subsequent contempt motions); *Caesars Bahamas Inv. Corp. v. Baha Mar Joint Venture Holdings Ltd.*, 75 A.D.3d 419 (1st Dep't 2010) (successfully upholding Caesars Bahamas right to withdraw from a project that was in the process of developing the largest casino resort in the Caribbean); *Amboy Bus Co. v. Klein et al.*, Index No. 105004/2010 (N.Y. Sup. Ct.) (an Article 78 petition related to revising the system by which approximately one billion dollars is allocated among the N.Y.C. Dep't of Education's school busing contractors which resulted in an expedited settlement for the client); representing the leaseholder of the retail portions of the World Trade Center in an arbitration related to insurance coverage arising out of the destruction of the World Trade Center on September 11, 2001; and successfully responding to SEC inquiries related to an

investigation of a major investment bank. I was also an active member of the firm's various pro-bono programs, including representation of asylum applicants, housing discrimination victims (including *Dunlap et al. v. Jacobs et al.*, 1:06-cv-06160-CM (S.D.N.Y.)), and non-profit organizations in tenant-landlord disputes. Latham earned a spot in the top 25 firms that have fared the best in *The American Lawyer*'s biennial "Litigation Department of the Year" contest, including placing in its "Litigation Power Rankings." Latham has also been honored in this competition five times, including receiving Honorable Mention in 2008 and 2010 and being named Finalist in 2006.

6. Subsequent to Latham, I have worked at Siri & Glimstad LLP (formerly known as the Law Office of Aaron Siri) ("SG"). Representative matters handled while at SG include: appointed co-class counsel in a case alleging breaches of the Telephone Consumer Protection Act ("TCPA") which resulted in a settlement of $10,500,000 (*Thomas v. Dun & Bradstreet Credibility Corp.*, 15-cv-3194 (S.D. Cal.); appointed interim co-class counsel in a case alleging breaches of the TCPA (*Mejia v. Time Warner Cable Inc.*, 15-cv-06445 (S.D.N.Y.)); successfully obtaining dismissal of an action claiming purported ownership of three large parcels in Astoria, Queens, recently sold for approximately $50 million, upon which there is a commenced $1.5 billion redevelopment project (*Compurun, Inc. d/b/a Rainbow Prime Products v. Famitech Inc. et al.*, Index No. 708713/2014 (Queens Sup. Ct.));

appointed co-class counsel in a case involving ERISA claims relating to an ESOP which resulted in a settlement of $11,138,938 (*Gatto v. Sentry Services, Inc.*, et al, No. 13 CIV 05721 (S.D.N.Y.)); appointed co-class counsel for plaintiffs in employment matter which resulted in a settlement payment plus attorney's fees and costs of approximately $2.5 million (*Kindle v. Dejana,* No. 14-cv-06784 (E.D.N.Y.); representing victims in six separate adversarial proceedings seeking non-dischargeability of various debts arising from various complicated financial transactions and which resulted in judgments totaling over $5 million (Adv. Pro. Nos. 13-08321; 13-08323; 13-08324; 13-08219; 13-08218; and 13-08220 (Bankr. S.D.N.Y.)); successful trial court and appellate practice resulting in dismissal of an action seeking $16 million based on purported breaches of contract and fiduciary duty related to the construction of a steel plant in the Republic of Kazakhstan (*Garthon Business Inc. et al. v. Stein et al.*, Index No. 653715/2014 (N.Y. Sup. Ct.)); obtained a temporary restraining order prohibiting the further movement of approximately 35,000 pounds of cashews which quickly resulted in favorable settlements (*Ultra Trading International Ltd. v. Intimex Group Joint Stock Company*, No. 651672/2014 (N.Y. Sup. Ct.); *Ultra Trading International Ltd. v. Phuong Duy Co. Ltd.*, No. 655777/2016 (N.Y. Sup. Ct.)); an action against the seller, shipper, logistics company and freight forwarder regarding the conversion of over 3,000 high-end watches which resulted in a favorable settlement (*Delta Sales Group*

*Co., Inc. v. Cargo Logistics Network Co. et al.*, No. 1:12-cv-03751-RJS (S.D.N.Y.)); an action alleging the breach of a distribution agreement against one of the world's largest food manufacturers that resulted in a confidential settlement agreement (*Adamba Imports International, Inc. v. Kraft Foods, Inc.*, No. 1:12-cv-00729-SJ-VVP (E.D.N.Y.)); an action to recover millions of dollars converted by a broker-dealer involving a complex series of transactions (*Bak et al. v. Sledziejowski et al.*, No. 022232/2012 (Kings Sup. Ct.)); defending against an action claiming purported majority ownership in an entity which purchased two condominium projects in Florida for over $16 million, which included a precedent setting interlocutory appeal to the Third District Court of Appeals which clarified the standard in Florida for maintaining a *lis pendens* (*LED Trust, LLC et al. v. Schwartz et al.*, Case No. 2011-35999-CA-01 (Miami-Dade County Cir. Ct.)); counsel for former major kosher poultry manufacturer against the nation's largest kosher poultry manufacturer that resulted in a confidential settlement (*MVP Kosher Foods LLC v. Empire Kosher Poultry, Inc.*, 14-CV-6072 (E.D.N.Y.)); and actions seeking to enforce various guarantees and related contractual provisions which resulted in favorable settlements (*MVP Holdings I LLC v. Wieder et al.*, No. 602479/2013 (Nassau Sup. Ct.); *MVP Holdings I LLC v. Globex Kosher Foods, Inc.*, No. 600022/2013 (Nassau Sup. Ct.).)

7. I respectfully submit that Siri & Glimstad LLP has the experience to serve as co-class counsel in this action.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated:   May 1, 2019

_____
AARON SIRI