UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC.,<br><br>Defendant. | Case No.:<br><br>17-CV-0728-D |

ORDER APPROVING ISSUANCE OF NOTICE

Subject to Court approval, Plaintiff Thomas Buchanan, on behalf of himself and the

Settlement Class (as defined below), and Defendant Sirius XM Radio Inc., entered into a Class

Action Settlement Agreement and Release ("Settlement Agreement"), dated April 26, 2019,

proposing to settle on a class basis ("Settle") the action pending in this Court captioned

*Buchanan v. Sirius XM Radio Inc.*, Case No. 17-CV-0728-D (N.D. Tex.).

Plaintiff has made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure,

for an order that will, among other things, direct notice of the Settlement to Settlement Class

Members, as more fully described herein.  Defendant does not oppose Plaintiff's motion.  The

Court has read and considered: (a) Plaintiff's motion and the papers filed and arguments made in

connection therewith; (b) the Settlement Agreement and the exhibits attached thereto; and (c) the

record in the Action, and found good cause for entering the following Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. This Order hereby incorporates by reference the definitions in the Settlement

Agreement, and all capitalized terms, unless otherwise defined herein, shall have the same

meanings as set forth in the Settlement Agreement.

2. The Court hereby finds that the Parties have shown the Court that it will likely be able

to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair,

reasonable and adequate to the Settlement Class under Rule 23(e)(2) of the Federal Rules of

Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted

as described below.  The proposed Settlement appears to be the product of intensive, thorough,

serious, informed, and non-collusive negotiations overseen by mediator Randall Wulff; has no

obvious deficiencies; and does not improperly grant preferential treatment to Plaintiff or any

Settlement Class Member.

3. The Court will hold a settlement hearing ("Final Approval Hearing") on November 7,

2019, at 1:30 p.m. in Courtroom 1525 of the United States District Court for the

Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242-1003, for the following

purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided

for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and

should be approved by the Court; (b) to determine whether an Order and Final Judgment

substantially in the form attached as Exhibit D to the Settlement Agreement should be entered

dismissing the Action with prejudice against the Defendant; (c) to determine whether Class

Counsel's motion for an award of attorneys' fees, costs and other expenses (including a Service

Award to the Named Plaintiff) should be approved; and (d) to consider any other matters that

properly may be brought before the Court in connection with the Settlement. Notice of the

Settlement and the Final Approval Hearing shall be given to Settlement Class Members as set

forth in Paragraph 8 of this Order.  The Court may adjourn the Final Approval Hearing without

further notice to the Settlement Class, and may approve the proposed Settlement with such

modifications as Plaintiff and Defendant may agree to, if appropriate, without further notice to

the Settlement Class.

     4. The Settlement Agreement defines the Settlement Class as:

> All natural persons in the United States who, from October 16,
> 2013 to April 26, 2019: (a) received more than one telephone
> solicitation call in a 12-month period made by or on behalf of
> Sirius XM more than 31 days after registering the landline,
> wireless, cell or mobile telephone number on which they received
> those calls with the National Do-Not-Call Registry, or (b) received
> one or more calls after registering the landline, wireless, cell, or
> mobile telephone number on which they received the calls with
> Sirius XM's internal Do-Not-Call list.

> Excluded from the class definition are: (a) natural persons who
> were or had been paid subscribers to Sirius XM's service at the
> time of the first call; (b) natural persons who were members of the
> class settled in *Hooker v. Sirius XM Radio Inc.*, Civil Action No.
> 4:13-cv-00003 (E.D. Va. 2013), who did not exclude themselves
> from that class, and who did not receive more than one telephone
> solicitation call after July 5, 2016;  and (c) any employees, officers,
> directors of Sirius XM, and attorneys appearing in this case, and
> any judge assigned to hear this case as well as their immediate
> family and staff.

     5. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant

to Rule 23(e)(1), that the prerequisites for class action certification under Rules 23(a), 23(b)(2)

and 23(b)(3) of the Federal Rules of Civil Procedure are likely to be found to be satisfied as: (a)

the members of the Settlement Class are so numerous that joinder of all Settlement Class

Members in the Action is impracticable; (b) there are questions of law and fact common to the

Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d)

the interests of all Settlement Class Members are adequately represented by Plaintiff and Class

Counsel; (e) the issues common to Settlement Class Members predominate over any

individualized issues; and (f) a class action is superior to other available methods for the fair and

efficient adjudication of the controversy. These findings shall be vacated if the Settlement is

terminated or if for any reason the Effective Date does not occur.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the

purposes of effectuating the Settlement, Plaintiff is appointed as a representative for the

Settlement Class and Class Counsel are appointed as counsel for the Settlement Class.  Solely for

the purposes of effectuating the proposed Settlement, Class Counsel are authorized to act on

behalf of Plaintiff and all other Settlement Class Members with respect to all acts or consents

required by or that may be given pursuant to the Settlement Agreement, including all acts that

are reasonably necessary to consummate the Settlement.  These designations shall be vacated if

the Settlement is terminated or if for any reason the Effective Date does not occur.

7. Class Counsel are hereby authorized to retain (i) Class Experts Group (the "Settlement

Administrator") to supervise and administer the notice procedure in connection with the

proposed Settlement as well as to process Claims. Notice of the Settlement and the Final

Approval Hearing shall be given by the Settlement Administrator, under the supervision of Class

Counsel, pursuant to Paragraph 10 of the Settlement Agreement.

8. The Court (a) approves, as to form and content, the Individual and Publication Notices, annexed as Exhibits B and C to the Settlement Agreement, and (b) finds that the emailing and mailing the Individual Notice, and posting the Publication Notice substantially in the manner and form set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to exclude themselves from the Settlement Class, the effect of the proposed Settlement (including the Releases to be provided thereunder), Class Counsel's motion for an award of attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff), their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Individual and Publication Notices before they are mailed and published, respectively. The Parties, by agreement, may revise Individual and Publication Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy and clarity, and may adjust the layout of those documents for efficient electronic presentation and mailing.  No Settlement Class Member shall be relieved from the terms of the proposed Settlement, including the Releases provided for therein, based solely upon the contention or proof that such Settlement Class Member failed to receive adequate or actual notice.

9. Participation in the Settlement.  Settlement Class Members who wish to participate in the Settlement must complete and submit a Claim Form in accordance with the instructions contained therein.  Notwithstanding the foregoing, the Parties may, at their discretion, accept for processing of late Claims provided such acceptance does not delay the distribution of the Settlement Fund and Free Service. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his or her Claim and the subject matter of the Settlement.

10. Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his or her right to share in the Settlement Fund or Free Service; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Order and Final Judgment and the Releases provided for therein; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Released Parties, as more fully described in the Settlement Agreement and Class Notice.

11. Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice ("Request for Exclusion"), which shall provide that it:  (i) states his or her full name and address; (ii) contains the Settlement Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Settlement Class Member with

respect to a claim or right such as those in the Litigation; and (iii) states in plain English and

unequivocally the Settlement Class Member's intent to be excluded from the Settlement Class, to

be excluded from the Settlement, not to participate in the Settlement, and/or to waive all rights to

the benefits of the Settlement.

12. Any Settlement Class Member who does not timely and validly request exclusion

from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived

his or her right to be excluded from the Settlement Class; (b) shall be forever barred from

requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be

bound by the provisions of the Settlement Agreement and all proceedings, determinations,

orders, and judgments in the Action, including, but not limited to, the Order and Final Judgment

and the Releases provided for therein; and (d) will be barred from commencing, maintaining, or

prosecuting any of the Released Claims against any of the Released Parties, as more fully

described in the Settlement Agreement and Notice.

13. <u>Appearance at Final Approval Hearing and Objections</u>.  Any Settlement Class

Member who does not request exclusion from the Settlement Class may file with the Court and

serves upon Class Counsel and Sirius XM's counsel a written objection, which must (i) set forth

the Settlement Class Member's full name, current address, email address and telephone number,

as well as the name, address, email address and telephone number of all attorneys representing

the objector; (ii) identify the landline, wireless, cell or mobile telephone number of the

Settlement Class Member that brings him or her within the scope of the Settlement Class; (iii)

contain the Settlement Class Member's original signature or the signature of counsel for the

Settlement Class Member; (iv) state that the Settlement Class Member objects to the Settlement,

in whole or in part; (v) set forth a statement of the legal and factual basis for the Objection; (vi)

include a list of all cases, by name and case number, in which the objector and/or his or her

counsel has filed or in any way participated in—financially or otherwise—objections to a class

action settlement in the previous five (5) years; and (vii) provide copies of any documents that

the Settlement Class Member wishes to submit in support of his or her position.

14. Any Settlement Class Member who does not request exclusion from the Settlement

Class and wishes to appear at the Final Approval Hearing, whether *pro se* or through counsel,

must, within the time set by the Court, mail or hand-deliver to the Court a notice of appearance,

provide copies of any exhibits or other documents that the Class Member intends to present or

use as evidence at the hearing, provide a list of all witnesses that the Class Member intends to

call to give evidence at the hearing, take all other actions or make any additional submissions as

may be ordered by the Court, and mail or hand-deliver any notice and any such exhibits, lists or

other documents to Class Counsel and Sirius XM's counsel as provided in the individual or

publication notices such that receipt of same by Class Counsel and Sirius XM's counsel has

occurred no later than fourteen (14)  days prior to the Final Approval Hearing. Any Class

Member who wishes to appear at the Final Approval Hearing must provide dates at least seven

(7) days in advance of the Final Approval Hearing when the Class Member will be available for

a deposition. Failure by an objector to make himself or herself available for a deposition may

result in the Court striking the objection. The Court may tax the costs of any such discovery to

the objector or the objector's counsel if the Court determines that the objection is frivolous or

made for an improper purpose. No Class Member shall be permitted to raise matters at the Final

Approval Hearing that the Class Member could have raised in an Objection, but failed to do. Any

Class Member who fails to comply with the procedure in this Order, the individual or publication notices, and any other order by the Court, shall be barred from appearing at the Final Approval Hearing

15. Any Settlement Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived his or her right to object to any aspect of the proposed Settlement Agreement and Class Counsel's motion for an award of attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff), and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement Agreement  or the requested attorneys' fees, costs and other expenses, or from otherwise being heard concerning the Settlement Agreement or the requested attorneys' fees, costs and other expenses in this or any other proceeding.

16. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff and all members of the Settlement Class from prosecuting any and all of the Released Claims against any of the Released Parties.

17. Notice and Administration Costs.  All reasonable costs incurred in notifying Settlement Class Members of the Settlement as well as in administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

18. Settlement Fund.  The contents of the Settlement Fund held by Citibank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as they shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

19. The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

20. If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiff, the Settlement Class Members, and Defendant, and Plaintiff and Defendant shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

21. Class Counsel shall file and serve (a) their motion and supporting papers for an award of attorneys' fees, costs and other expenses (including Service Award to the Named Plaintiff) no later than fourteen (14) days prior to the Final Approval Hearing and (b) their motion and papers in support of the Settlement no later than fourteen (14) before the Final Approval Hearing.

22. If any deadline in this order falls on a non-business day, then the deadline is extended until the next business day.  Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| Defendant to deposit Settlement Fund into the Escrow Account | 10 days after the Preliminary Approval Order |
| Settlement Administrator to make available the Settlement Website and telephone assistance program | 10 days after Preliminary Approval Order |
| Last day to provide Class Member List to Settlement Administrator | 20 days after Preliminary Approval Order |
| Commencement of Class Notice | 30 days after Preliminary Approval Order |
| Filing of proof of emailing/post mailing of individual notices | 30 days after commencement of Class Notice |
| Publication Notice | 45 days after Preliminary Approval Order |
| Expiration of opt-out period | 30 days prior to the Final Approval Hearing |
| Deadline for Class Members to file any objections to the settlement | 30 days prior to the Final Approval Hearing |
| Deadline for Class Members to select cash option | 30 days prior to the Final Approval Hearing |
| Deadline for Settlement Administrator to file proof of establishment and maintenance of the Settlement Website and telephone assistance program | 30 days prior to the Final Approval Hearing |
| Settlement Administrator to provide list of Successful Opt-Outs | 21 days prior to the Final Approval Hearing |
| Deadline by which the Court and Parties must receive any notice of appearance and supporting materials from any class member who plans to appear at the final settlement hearing | 14 days prior to the Final Approval Hearing |
| Plaintiff to file motion for final approval of the settlement | 14 days prior to the Final Approval Hearing |
| Parties to file responses to any objections to the settlement | 14 days prior to the Final Approval Hearing |

| Deadline for any objectors to file supplemental objections regarding Plaintiff's motion for attorneys' fees and expenses | 7 days after the filing of the motion for attorneys' fees by Class Counsel |
|---|---|
| Deadline for Class Members seeking to appear at Final Approval Hearing to provide dates for availability for deposition | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | At least 150 days after Preliminary Approval Order (120 days after commencement of class notice, but no sooner than 90 days after service of CAFA notice) |

23. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**SO ORDERED** on this 6th day of May, 2019.

_____
**SIDNEY A. FITZWATER**
**SENIOR JUDGE**