IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THOMAS BUCHANAN on behalf of himself
and all others similarly situated,

                 Case No. 3:17-cv-00728-D

  Plaintiff,

v.

SIRIUS XM RADIO, INC.,

  Defendant.

## RESPONSE AND BRIEF IN OPPOSITION TO
## MOTION TO INTERVENE FILED BY PATRICK MAUPIN

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

III. ANALYSIS & AUTHORITIES ...................................................................................... 3

    A. An Applicant for Intervention Must Show His Application is Timely, The Current Case Will Harm His Interest, And The Existing Parties Do Not Protect His Interest ........................................................... 3

    B. Maupin Has Submitted No Evidence Showing He is a Class Member ................ 5

    C. Maupin's Motion to Intervene is Untimely ............................................................ 5

        (1) Maupin was aware of his rights but delayed in order to negotiate a settlement for himself ............................................. 6

        (2) Plaintiff, the Class, and Sirius will suffer prejudice if intervention is permitted ........................................................... 7

        (3) Maupin will suffer no prejudice at all ................................................ 8

        (4) No unusual circumstances warrant intervention ............................. 8

    D. Maupin's Interests Are Adequately Represented .................................................. 9

IV. CONCLUSION & PRAYER ........................................................................................... 9

## I. INTRODUCTION

Mr. Maupin's motion to intervene should be denied because it is untimely, the class interests are adequately represented, and the existing class members will be severely prejudiced by Maupin's plan to re-litigate this case from the beginning and reopen discovery. Maupin should pursue his stated litigation strategy by opting out of the class settlement and filing his own case, which is his proper procedural course under the circumstances.

Notably, Maupin's underlying motivation – personal financial gain – is a key factor the Court should consider in determining whether Maupin moved swiftly to intervene upon learning his rights were at issue, as Fifth Circuit precedent requires. The law requires a party desiring to intervene in a pending lawsuit to move immediately upon discovering that the pending suit affects his rights. Maupin did not do this. Instead, as shown by his own admissions and emails to class counsel, after learning of this class settlement, Maupin spent two months attempting to negotiate directly with Sirius for an individual settlement. When Maupin admittedly did not get what he wanted from Sirius, he changed strategies and attempted to extort the parties by threatening intervention if he did not receive a payment of $100,000. Maupin clearly intends to disrupt this settlement for the purpose of financial gain, not to protect his or the class members' rights. Regardless of his motive, the delay caused by his self-serving diversions renders his motion to intervene untimely.

The Court should also deny Maupin's motion because his interests are adequately represented, and the existing parties will be severely prejudiced by the cost and delay of re-litigating this entire case. Maupin states he intends to (1) renegotiate the settlement, (2) review all discovery, (3) move to unseal all confidential documents in the record, (4) re-open discovery on Sirius' financial condition, and (5) move for summary judgment on his own claims and Sirius'

EBR defense. There is no question this endeavor will take more than a year, which will substantially prejudice the parties.

Finally, the current parties and class will suffer substantial prejudice if intervention is permitted because this class has already been preliminarily approved, and notice has been distributed to class members. Class members have made claims and have formed expectations based on the content of the notice the class administrator has already sent. Maupin's intervention plan would undo the claims administration process to the cost of hundreds of thousands of dollars and potentially prevent millions of class members from receiving settlement benefits.

For these reasons, the Court should deny Maupin's motion to intervene.

## II. BACKGROUND

On January 31, 2019, the parties reached a class settlement at mediation. On May 1, 2019, the parties moved for preliminary approval of the class settlement, which the Court granted on May 6, 2019. According to Maupin, he received illicit calls from Sirius during March of 2019, some two months before the parties filed their motion for preliminary approval and made the settlement public. (Mot. at p. 6). Presumably, Maupin knew he had a claim at that time and could have consulted the public record and discovered the existence of this case. Instead, Maupin chose to engage in settlement negotiations directly with Sirius beginning on March 28, 2019. (*Id.*) Maupin admits he continued to negotiate an individual settlement directly with Sirius until June 11, 2019. (*Id.* at 7).

On May 27, 2019, Maupin reached out to class counsel for the first time. (Exhibit 1 – Maupin email date May 27, 2019). Class counsel scheduled a call and subsequently engaged in a series of phone conferences and email exchanges with Maupin regarding the merits of the class settlement. Class counsel accommodated Maupin by sending him relevant case filings so he could

gain a clear understanding of both parties' positions and the reasons they ultimately agreed settlement was appropriate. (Exhibit 2 – Ellzey email dated June 5, 2019). Despite counsel's repeated explanations, Maupin continued to argue that Sirius' EBR defense was meritless, and, therefore, class settlement was unacceptable. However, rather than simply opting out of the settlement at that time and pursuing his own case in a fashion befitting of his views, Maupin emailed class counsel and Sirius counsel threatening to intervene and disrupt the settlement unless the parties both renegotiated the terms of the class settlement and paid him $100,000. (Exhibit 3 – Maupin email dated June 21, 2019).

Maupin finally filed his motion to intervene on July 1, 2019, after he received no response to his demand. Maupin admits to delaying approximately four months before filing his motion to intervene while he attempted to negotiate a settlement for himself and ultimately attempted to extort class counsel and Sirius' counsel. (Mot. at pp. 6-8; Exhibit 3).

## III. ANALYSIS & AUTHORITIES

### A. AN APPLICANT FOR INTERVENTION MUST SHOW HIS APPLICATION IS TIMELY, THE CURRENT CASE WILL HARM HIS INTEREST, AND THE EXISTING PARTIES DO NOT PROTECT HIS INTEREST

Intervention is available as a procedural device that gives an interested party the right to enter a pending case, but only when the circumstances allow for it. At the outset, an applicant must show he is a member of the class at issue, and that his interests might be harmed by the disposition of the pending action. Federal Rule of Civil Procedure 24(a)(2) provides:

> Upon a timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Fifth Circuit, has quoted Supreme Court precedent, in outlining the general principles to be applied in determining whether an application is timely:

> [T]he court where the action is pending must first be satisfied as to timeliness. Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review.

*Lelsz,* 710 F.2d 1040, 1043 (5th Cir. 1983), quoting *NAACP v. New York*, 413 U.S. 345, 365-66 (1973).

In *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir.1977), the Fifth Circuit distilled four factors to be considered in passing on the timeliness of a petition for leave to intervene:

> Factor 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene....
>
> Factor 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case....
>
> Factor 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied....
>
> Factor 4. The existence of unusual circumstances militating either for or against a determination that the application is timely...

*Lelsz*, at 1043, quoting *Stallworth,* 558 F.2d at 264-66.

Maupin's motion fails to satisfy the *Stallworth* factors. Additionally, he has not shown he is a class member whose rights are not adequately represented by class counsel and the class members.

### B. MAUPIN HAS SUBMITTED NO EVIDENCE SHOWING HE IS A CLASS MEMBER

As a threshold matter, any applicant for intervention must show he has standing to intervene in the case. *See Lelsz,* 710 F.2d at 1043. Thus, Maupin must establish that he is a member of the settlement classes in this case. But Maupin has submitted no evidence establishing that he received calls during the period May 1, 2015 through May 1, 2019. Instead, Maupin simply alleges (without evidentiary proof) that he "is an absent class member," and "it is only over three months [prior to the July 1, 2019 filing of his motion] since Defendant made calls that injured Movant." (Mot. at pp. 2, 6). Furthermore, Maupin has presented no evidence that he was registered on the National Do-Not-Call Registry during the class period, or that he requested Sirius place his number on its internal do-not-call registry during the class period.

Maupin could have, and should have, included with his motion phone records, affidavit testimony, an email response from www.donotcall.gov verifying his DNC registration date, and any other documentary evidence showing he is a member with standing to intervene. He did not, and it's too late for Maupin to produce this information as part of any reply. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."); *TCGC IP Holdings, LLC v. Graves Golf Acad.*, No. 310-CV-0055-L, 2010 WL 2671302, at *3 n. 1 (N.D. Tex. July 1, 2010). Maupin has failed to show he is a member of the class with standing to intervene, and his motion should be denied.

### C. MAUPIN'S MOTION TO INTERVENE IS UNTIMELY

Maupin fails to satisfy the factors set forth in *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir.1977). The four factors to be considered in passing on timeliness of a petition for leave to intervene are (1) Maupin knew about his rights and delayed too long, while attempting to extort class counsel, before he made his petition; (2) a settlement has been reached and preliminarily

approved, and class administration is well underway, therefore, Plaintiff, the class and Sirius will all suffer prejudice if Maupin is allowed to intervein; (3) Maupin will suffer no prejudice if his intervention is denied because he can still opt-out of the class and pursue his claims on his own; and (4) no unusual circumstances mitigate in favor of intervention in this case. *Id., See also Lelsz* 710 F.2d at 1043-44.

### (1) Maupin was aware of his rights but delayed in order to negotiate a settlement for himself

The Fifth Circuit has held that a would-be intervenor's delay of only seventeen days between discovering his interests were not adequately represented and filing a motion to intervene was too long. *Piambino v. Bailey*, 610 F.2d 1306, 1325 (5th Cir. 1980). Maupin's delay in this case was far longer, and it occurred after the significant events of preliminary approval and initiation of class administration.

Maupin claims he received alleged illicit calls from Sirius in March of 2019. (Mot. at p. 6). He then spent approximately four months attempting to extract an individual settlement from Sirius. (*Id.* at pp. 6-7). Maupin admits that he became aware of this case in May of 2019 but continued to negotiate with Sirius through June 11, 2019. (*Id.*) Although Maupin reached out to class counsel on May 29, 2019 and later discussed the merits of the settlement over multiple calls and emails, he kept negotiating with Sirius at the same time. Maupin learned of all the disputed issues in the case when class counsel emailed him the redacted pleadings on June 5, 2019. (Exhibit 2 – Ellzey email dated June 5, 2019). He knew or should have known of any potential threat to his rights at that time. But instead of promptly moving to intervene (albeit after preliminary approval and class notice), Maupin attempted to extort class counsel and Sirius counsel for a payment of $100,000. (Exhibit 3 – Maupin email dated June 21, 2019 (threatening class counsel

stating: "You will have to decide for yourselves how much trouble I have already made for you, and how much additional trouble I might be able to make for you. The more I have learned, the more I am pissed off about both Sirius and class counsel, the more I want to get my pound of flesh -- the more fun it is to keep playing, and the higher it will cost to get me to cut it out."). It was not until class counsel and Sirius counsel did not respond that Maupin decided to file his motion. Maupin's delay, and his bad faith motive behind it, form a legal bases for denying his motion to intervene.

### (2) Plaintiff, the Class, and Sirius will suffer prejudice if intervention is permitted

The Court granted preliminary approval of the class settlement on May 6, 2019, fifty-six (56) days before Maupin filed his motion to intervene. Class administration is underway, and millions of notices have been distributed at a cost of several hundred thousand dollars in administrative fees. Maupin seeks to put this process on pause so he can relitigate this case from the beginning, re-open discovery, and inspect every document (and unseal them) all because he claims that he *might* find something that could validate his skepticism over this settlement. (Mot. at pp. 4-5) ("It may be that class counsel is correct – that the possibility this Court might answer this question in Defendant's favor is too risky for them.") Maupin admits there is no imminent harm to his rights; rather, he simply wants to serve as an auditor to crosscheck two years of experienced class counsel's work while unsealing a corporate defendant's confidential documents. It's the Court's place to determine the fairness of this settlement, not a *pro se* litigant who didn't get the payoff he wanted when he threatened to throw sand in the gears.

The parties, including the class, will suffer substantial prejudice if Maupin is allowed to intervene and follow through with his plan. Hundreds of thousands of dollars in class

administration costs will be lost, class members will not receive benefits as promised, and the parties will be forced to relitigate the case over again at substantial costs and time to each.

### (3) Maupin will suffer no prejudice at all

The driving force behind Maupin's argument for intervention is that he does not believe class counsel challenged Sirius' EBR defense adequately, and instead, opted to settle. Maupin wants to relitigate the case to test his theory of the EBR's inapplicability to these facts. But Maupin will suffer no prejudice if the Court denies intervention because he can opt out of this settlement, file his own case, pursue discovery in the manner he sees fit, and obtain a ruling on the merits of Sirius' EBR defense. In other words, if Maupin wants his money and to prove Sirius hides behind a meritless defense, he can attempt to obtain those things in his own lawsuit. His remedy is to opt out and litigate on his own, not derail this settlement.

### (4) No unusual circumstances warrant intervention

According to Fifth Circuit precedent, the movant has the burden to argue that unusual circumstances prevented him from moving to intervene earlier. *See Lelsz*, 710 F.2d at 1047. Maupin has not shown that unusual circumstances warrant intervention after preliminary approval and after initiation of the claims administration process. Instead, Maupin has shown merely that he received calls in March of 2019 and spent a few months trying to settle his claims with Sirius before ultimately attempting to extort the parties. This set of facts does not equate to unusual circumstances. Typically such circumstance require a significant and specific reason that prevented the movant from intervening and will cause unusual prejudice like, say for example, if the intervenor did not timely intervein because he returned home from overseas military service to discover his rights were about to be potentially harmed by the doings of a class settlement that

affected his ownership of his home. Maupin has not shown or attempted to argue that such unusual circumstances exist here.

### D. MAUPIN'S INTERESTS ARE ADEQUATELY REPRESENTED

Maupin must show that its interest is not adequately represented by existing parties. *In re Lease Oil Antitrust Litig.,* 570 F.3d 244, 252 (5th Cir. 2009) (holding that State of Texas' interest in *cy pres* funds was not adequately represented by counsel for class of royalty owners). Class counsel was appointed to represent the interests of the plaintiff class, who are either members of the National Do-Not-Call Registry who received two or more calls from Sirius, or are persons who received calls from Sirius after stating they did not wish to be called. Although his motion is devoid of clear factual pleading and proof, Maupin implies he is a member of the DNC class. Class counsel is representing the interests of the members of that class, including Maupin. Nowhere in his motion does Maupin indicate that he has some other interest in this litigation, besides those of the other class members', that will be affected by the outcome of this settlement.

In *In re Lease Oil Antitrust Litigation,* the interests of the class members may have been served indirectly by giving unclaimed funds to a charity project that benefits their industry. However, the interests of the state in holding those funds and receiving interest was the issue that distinguished the State's interests from those of the existing class members. Such is not the case here. Maupin's rights for alleged TCPA violations are adequately represented by class counsel and the settlement because they are exactly the same as the other class members. Accordingly, Maupin's rights are adequately protected.

## IV. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, the parties respectfully request that the court deny Maupin's motion to intervene, and grant the class and class counsel all other

and further relief to which they may be entitled at law or in equity. The Parties request this Court issue an Order in the form attached and submitted contemporaneously herewith.

Respectfully submitted,

**HUGHES ELLZEY, LLP**

By: *Jarrett L. Ellzey*
    W. Craft Hughes
    Texas Bar No. 24046123
    Jarrett L. Ellzey
    Texas Bar No. 24040864
    1105 Milford Street
    Houston, TX 77006
    Telephone (713) 322-6387
    Facsimile (888) 995-3335

**TURNER LAW OFFICES, LLC**
Henry A. Turner
403 W. Ponce de Leon Avenue, Suite 207
Decatur, Georgia 30030
(440) 378-6274

**SIRI & GLIMSTAD LLP**
Aaron Siri
200 Park Avenue, 17th Floor
New York, NY 10166
(212) 532-1091

**WERMAN SALAS P.C.**,
Douglas M. Werman
77 West Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

**LIEFF, CABRASER, HEIMAN & BERNSTEIN, LLP**
Jonathan D. Selbin
250 Hudson Street, 8th Floor
New York, NY  10013
(212) 355-9500

Daniel M. Hutchinson
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
(415) 956-1000


      Local Counsel for Plaintiff:

      Mark A. Alexander
      5080 Spectrum, Suite 850E
      Addison, TX  75001
      (972) 364-9700


**COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASS**

## **CERTIFICATE OF SERVICE**

      I certify a copy of the foregoing document was filed in accordance with the protocols for e-filing in the United States District Court for the Northern District of Texas, Dallas Division, on <u>July 23, 2019</u> and served on all counsel of record who have consented to electronic notification *via* CM/ECF.

                                                   */s/ W. Craft Hughes*
                                                   W. Craft Hughes