# EXHIBIT A

Case 3:17-cv-00728-D   Document 112-1   Filed 07/23/19   Page 1 of 2   PageID 9886

\> \> \> \> \> From: Patrick Maupin [mailto:pmaupin@gmail.com]
\> \> \> \> \> Sent: Saturday, May 25, 2019 12:48 PM
\> \> \> \> \> To: Theis, Tyler <Tyler.Theis@siriusxm.com>
\> \> \> \> \> Subject: Re: FW: Release and Settlement Agreement
\> \> \> \> \>
\> \> \> \> \> Dear Mr. Theis:
\> \> \> \> \>
\> \> \> \> \> It has recently come to my attention that I am apparently within the Settlement Class in Buchanan v. Sirius XM, 3:2017cv00728 - N.D. Tex.
\> \> \> \> \> 2018.
\> \> \> \> \>
\> \> \> \> \> The lawsuit must inform your company's understanding of DNC issues; that you would characterize my complaint as a violation of your internal DNC list rather than the national list is even more puzzling under these circumstances.
\> \> \> \> \>
\> \> \> \> \> That the lawsuit class includes people who received calls made through April of this year, and that Sirius XM was still making illegal calls during that time (over two years after the lawsuit was filed) is a good indication that calls made in the latter part of that time period, including those made to me, were made knowingly, willfully, and not at all in good faith.  The documents that Sirius XM has filed with the FCC, and the ex parte communications that Sirius XM has had with the FCC, claiming that Sirius XM's calls are "legitimate," are also proof that Sirius XM is not at all interested in leaving ordinary citizens alone in good faith.
\> \> \> \> \>
\> \> \> \> \> It seems unlikely that the settlement, as proposed, will exert a high enough tax on subscriber acquisition to dissuade you from your current obnoxious conduct.  Fortunately, I have a couple of months to decide whether to withdraw from the class or instead file an objection to the settlement.
\> \> \> \> \>
\> \> \> \> \> In theory, of course, you have conceded nothing in the settlement agreement.  In practice, your purported defenses, such as prior business relationships, have nothing to do with me, and it is inconceivable, given the settlement and the FCC documents, that you could argue in any separate lawsuit I file that you didn't know what you were doing, that you didn't understand it would piss people off, or that you did not know the law.
\> \> \> \> \>
\> \> \> \> \> The concessions you make by settling make the prospect of
\> \> \> \> \> withdrawing and filing a separate suit enticing, but of
\> \> \> \> \> course, an objection could conceivably inflict a larger
\> \> \> \> \> positive behavior change if done properly (with the added
\> \> \> \> \> bonus of giving heartburn to class action plaintiff lawyers --
\> \> \> \> \> an almost irresistible two-fer!)
\> \> \> \> \>
\> \> \> \> \> At this point, I am withdrawing my offer of settlement for $500.  I will replace it with an offer of settlement for $3000, which is, I believe, the most I could conceivably receive for two infringing phone calls.  I will also agree to sign your NDA, but the NDA must expire once the case and any appeals are fully settled.  That is the only constraint I will accept on my future behavior.
\> \> \> \> \>
\> \> \> \> \> This offer will expire on June 18, 2019, at which point I will reconsider my options.
\> \> \> \> \>
\> \> \> \> \> Thank you and best regards,
\> \> \> \> \> Patrick Maupin

*[portions of email chain omitted]*