# EXHIBIT D

**From:** Patrick Maupin <pmaupin@gmail.com>
**Date:** Friday, Jun 21, 2019, 3:43 PM
**To:** Rota, Albert J. <ajrota@jonesday.com>
**Cc:** Jarrett L. Ellzey <jarrett@hughesellzey.com>
**Subject:** I am an absent class member of Buchanan v Sirius

Dear Mr. Rota:

Allow me to introduce myself. I am an absent class member in Buchanan v. Sirius. I negotiated for awhile with Mr. Tyler Theis of Sirius, but that was going nowhere. Mr. Theis could fill you in on my complaint and our negotiation, I am sure. I would cc him on this email, but he wants no more to do with me, and I can respect that.

Mr. Ellzey and I have already corresponded and talked. Hello, again, Mr. Ellzey.

I have two purposes with this email:

1) I would appreciate it if both of you agree to initial service by email, in the event that I am compelled to intervene in this case. (The local rules require me to use ecf after my first appearance in the case, but as a pro se litigant, I must use paper filing for the first motion.)

2) I want to give both of you a bit of my background, and what I have done so far in the case, so you can assess my intentions, capabilities, and resolve, just in case you would like to try again to come to a mutually acceptable resolution.

2a) I have located an attorney who has filed a parallel complaint against Sirius. He may be a useful tool in my toolbox; I have not assessed that yet. I have only had email contact with him (as shown below), and am planning on talking with him late Monday.

2b) I am certainly interested in punishing Sirius for past bad behavior, but am also interested in winning the war. As Mr. Ellzey and Mr. Theis know, I filed a request with the FTC for them to fix their page that implies that Sirius's actions were OK. I have now supplemented that with an FCC filing:

https://ecfsapi.fcc.gov/file/10621078768945/maupin_request_for_clarification_2019_06_21.pdf

I believe that Sirius's actions are the canary in the coalmine, and that the FCC and/or Congress will eventually fix things. Sirius would probably be better off at this point promising to honor the National DNC Registry. Their entreaties with the FCC about call-blocking got them nowhere; I believe they will eventually similarly fail on this issue. I also would not be surprised if the FCC fails to give them a pass for past bad behavior.

2c) My research has uncovered, not only that Sirius has spent over $2.5 billion on subscriber acquisitions over fiscal years 2014-2018, but also that, according to a 2016 news article, Sirius was (at that time) spending approximately $1 billion/year with automakers (revenue splits in conjunction with acquisition costs). This knowledge both
proves the proposed $25 million settlement wholly inadequate, and indicates that some thought should be given to joining the automakers as defendants in the suit.

1

2d) Although I am not a lawyer, I am capable of reading and understanding FRCP, FRE and the local rules.  I know the difference between a brief, a motion, and a pleading, and the difference between facts, conclusions, and legal argument.  I quintuple-check everything,
and I believe myself to be much less likely than the average pro se litigant to be tripped up by silly procedural errors.

2e) I believe I can write in a way that the court will both understand and appreciate.

2f) I have far too much time on my hands, and am keenly interested in spending some of it making the world a better place (e.g. in this instance, by stopping telemarketing to DNC registrants).

As evidence of 2d, 2e, and 2f, I offer an appellate brief.  It does not follow FRAP, because it is for a Texas state court, but (unlike many lawyers) I was able to submit a brief in one try that was not rejected by the clerk.  After reading this, you may disagree about my own assessment of my commitment, capabilities, and resolve, but you won't be able to say you haven't been warned:

http://www.search.txcourts.gov/Case.aspx?cn=13-17-00555-CV&coa=coa13

I understand that nobody likes objectors.  I presume they like intervenors even less.  I am not personable and am more than prepared to be disliked.

I also understand that, if class counsel were to write me a check, there would be repercussions, so any check written to me to forestall me attempting to intervene would have to be issued by Sirius.

When calculating an amount that would satisfy me, I have to weigh it against the fun I am having, and the amount of effort I have already expended.  (See "the fallacy of the sunk cost.")  Initially, when I was bothered by the calls, I offered to settle for $500.  Sirius agreed, but added an onerous NDA.  I objected to the NDA, and then found out that I was a member of this class, so I bumped it up to $3000 and offered a shorter NDA.  Sirius got to $2000, and claimed they had an EBR with me.

The moral is:  they never quite got there.  Once I decide on my terms I am willing to honor them, but they must be met.  It's like buying stuff on ebay.  The only way to do that is to pick a price where, if
you pay that much for it, you're happy, and if someone buys it for a dollar more, you're still happy.

You have seen that I have complained to the FTC and the FCC, have started engaging with another lawyer (who already has a client in the class), and am willing and perhaps able to capably proceed pro se. You will have to decide for yourselves how much trouble I have already made for you, and how much additional trouble I might be able to make for you.

The more I have learned, the more I am pissed off about both Sirius and class counsel, the more I want to get my pound of flesh -- the more fun it is to keep playing, and the higher it will cost to get me to cut it out.

And I've learned a lot and done a lot this week, and am looking forward to the weekend.

So let me make today's offer:

1) I will stop all engagements with other lawyers, and will not respond with anything other than "I have settled and am happy." to any requests about this case until it is finally adjudicated.

2) The settlement agreement needs to be modified to indicate that Sirius will not call people on the National DNC registry who do not have an EBR that was established outside of the automobile dealer context.

3) The offer of Sirius service to class members needs to be in addition to, not in lieu of, the cash settlement -- if the class is paying for the advertising, it should gain the benefit.

4) The settlement agreement needs to be bumped by 10X to $250 million.

5) I require a check for $100,000, and a signed commitment that 2-4 will happen, and I will agree to 1.

If this doesn't happen, I will do my best to hit my target of $1 billion for the settlement.  And I tend to be an overachiever.

Thank you and best regards,
Pat

P.S.  Remember that I will be talking with another lawyer late Monday.  Every day of delay probably makes the price go up.


*[portion of email chain omitted]*