# IN THE UNITED STATES COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |
|---|---|
| **THOMAS BUCHANAN, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | **Case No. 3:17-cv-00728-D** |
| **v.** | |
| **SIRIUS XM Radio, Inc.,** | |
| **Defendant.** | |

## PATRICK MAUPIN'S OPPOSED MOTION TO
## CONDITIONALLY OPT OUT OF CLASS ACTION
## AND BRIEF IN SUPPORT THEREOF

Movant Patrick Maupin ("Movant") respectfully moves the Court for permission to conditionally opt-out of the instant case if the court of appeals does not rule in his favor on his appeal of this Court's order denying his motion to intervene.

This motion is opposed by Defendant.

**ARGUMENT**

Pursuant to the Court's Memorandum Opinion and Order (Dkt. 114), stating in part that "Maupin can opt out of the class action, object to the settlement, or enter an appearance through an attorney," Movant intends, if allowed by this Court, to opt out and pursue his own litigation if the court of appeals does not reverse this Court's denial of Movant's motion to intervene.

As the Court is aware, Movant believes his rights would be best protected by intervention in the instant case.  Unfortunately, it is unlikely that the court of appeals will rule on his intervention motion before the deadline for exclusion has passed, so Movant respectfully requests that the Court allow him his second-best option–that of opting out–if his intervention appeal fails.

Clearly, the exclusion deadline has not passed, and Movant could opt out right now, but that action would render moot his appeal of the intervention order.  Defendant's response to Movant's motion to intervene explained that opting out was one of several ways that Movant could protect his interest (Dkt. 112 at 6), but Defendant now objects to the present motion.  Ms. Allison Waks explained to Movant that "Sirius XM objects. The Court has already established a process for the decisions to be made by class members."

Despite Defendant's objection, this Court has wide latitude under Rule 23(d)(1) to allow Movant to conditionally exclude himself from the litigation, and Rule 23(e)(4)

specifically contemplates that the Court may take steps to afford class members an additional opportunity to opt out before final settlement approval.  Movant has clearly expressed his dissatisfaction with the settlement, and Defendant has suggested Movant should opt out, so it should not come as any surprise or be seen as unfair that, if Movant cannot intervene, he does, in fact, choose to opt out.

## RELIEF SOUGHT

For the foregoing reasons, Movant asks this Court to allow him to opt out of the settlement if and only if the court of appeals rules against his appeal of this Court's order denying his motion to intervene.

Dated this September 9th, 2019

Respectfully submitted,

/s/ *Patrick Maupin*
Patrick Maupin
*Pro Se*
2206 Southern Oaks Drive
Austin, Texas 78745
(512) 743-8620
pmaupin@gmail.com

## CERTIFICATE OF CONFERENCE

Movant conferred via email with Class Counsel, and with Defendant.  Class

Counsel have no objections to this motion, but Defendant objects to it.

/s/ *Patrick Maupin*
Patrick Maupin

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2019, I electronically filed a

true and correct copy of my Motion to Conditionally Opt Out of Class Action with the

Clerk of the Court by using the CM/ECF system, which will send notification of such

filing to all counsel of record.

/s/ *Patrick Maupin*
Patrick Maupin