IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC.,<br><br>                  Defendant. | Civil Action No. 3:17-cv-00728-D |

**DEFENDANT SIRIUS XM RADIO INC.'S OPPOSITION TO PATRICK MAUPIN'S REQUEST TO "CONDITIONALLY" OPT OUT OF THE CLASS**

Albert J. Rota
  Texas Bar No. 24056233
Sidney S. McClung
  Texas Bar No. 24083880
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Tel: (214) 969-3698
Fax: (214) 969-5100
Email: ajrota@jonesday.com
Email: smcclung@jonesday.com

Thomas Demitrack (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Fax: (216) 579-0212
Email: tdemitrack@jonesday.com

Lee A. Armstrong (admitted *pro hac vice*)
Allison L. Waks (admitted *pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: laarmstrong@jonesday.com
Email: awaks@jonesday.com

*Counsel for Defendant Sirius XM Radio Inc.*

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| ARGUMENT | | 2 |
| I. | Maupin May Not Conditionally Opt Out, and He Has No Need To Do So Anyway | 2 |
|  | A. Maupin May Not "Conditionally" Opt Out of the Class | 2 |
|  | B. Maupin's Interests Are Fully Protected Through the Options That This Court Has Specified and That the Federal Rules of Civil Procedure Allow | 3 |
| II. | Maupin Provides No Plausible Justification for Conditionally Opting Out | 4 |
| CONCLUSION | | 7 |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Already, LLC v. Nike, Inc.*,
   568 U.S. 85 (2013) ................................................................................................................. 5

*Carter v. Forjas Taurus S.A.*,
   2016 WL 3982489 (S.D. Fla. July 22, 2016) .......................................................................... 2

*Devlin v. Scardelletti*,
   536 U.S. 1 (2002) .................................................................................................................... 4

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
   851 F. Supp. 2d 1040 (S.D. Tex. 2012) .................................................................................. 7

*In re Nat'l Football League Players' Concussion Injury Litig.*,
   307 F.R.D. 351 (E.D. Pa. 2015) .............................................................................................. 2

*Lloyd's Leasing Ltd. v. Bates*,
   902 F.2d 368 (5th Cir. 1990) .................................................................................................. 3

*Olden v. LaFarge Corp.*,
   472 F. Supp. 2d 922 (E.D. Mich. 2007) ................................................................................. 2

*Valley Forge Christian Coll. v. Ams. United for the Separation of
   Church & State, Inc.*,
   454 U.S. 464 (1982) ............................................................................................................... 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Newberg on Class Actions (5th ed. June 2019 update) ........................................................... 2, 7

Patrick Maupin wants it both ways. On the one hand, he apparently wants to continue participating in *this* case, by objecting to the settlement and otherwise exercising the rights provided to class members who will be bound by the Court's judgment. But he doesn't want to be stuck with any settlement that the Court might approve over his objection, so he asks this Court to allow him to "conditionally" opt out of the class. Under his approach, Sirius XM would be forced to go through the time-consuming process of settlement approval, including responding to Maupin's objections and defending against any appeal he might take. But if, many months from now, the Fifth Circuit affirms this Court's denial of his request to intervene, then Maupin would be treated as if he had never sought to intervene and as if he had opted out of the class before the deadline. Maupin would then be allowed to bring his own lawsuit despite his extensive participation in this case—and despite whatever settlement this Court might approve.

Of course, courts do not grant "conditional" opt out requests, for the obvious reason that it gives would-be objectors all the benefits of participating in the class action settlement process while leaving them free to escape if things do not go the way that they may have liked. And unlike the clear harms that would result from granting Maupin's request, choosing from one of the options that the Court has already identified—"opt[ing] out of the class action" or "object[ing] to the settlement," Dkt. 114, at 6—will protect any interest of Maupin's that might be harmed here. If Maupin really does not like the settlement, he can continue his vendetta over two short phone calls and sue Sirius XM on his own; after all, as he himself put it, he has "already exhibited … that [he has] more time and money than sense." Email from Patrick Maupin to Allison Waks (attached as Exhibit A).

# ARGUMENT

I.  **Maupin May Not Conditionally Opt Out, and He Has No Need To Do So Anyway**

   A.  **Maupin May Not "Conditionally" Opt Out of the Class**

"[C]lass members may either object or opt out, but they cannot do both.  Nor may class members 'contingently opt out,' that is, file objections while reserving the option to opt out if the court rejects those objections."  Newberg on Class Actions § 13:23 (5th ed. June 2019 update).  For example, in *Olden v. LaFarge Corp.*, unnamed class members filed opt-out notices that were "contingent" on the court's denial of their simultaneously filed objections.  472 F. Supp. 2d 922, 929 (E.D. Mich. 2007).  The court rebuffed their attempt.  "[O]pting out of a settlement and choosing to object logically are mutually exclusive options: if one actually opts out, she has no standing to object to the settlement as she will not be bound by it." *Id.* at 930.  And just as "a party ought not be able to spoil a settlement by interposing objections and then leav[ing] the litigation," he may not "condition his opt out upon the court's acceptance or rejection of the objections to the settlement.  If an absent class member … desires to affect the settlement by filing objections, then the objector must abide the result and be bound by the consequences." *Id.* at 931; *see also, e.g.*, *In re Nat'l Football League Players' Concussion Injury Litig.*, 307 F.R.D. 351, 423 (E.D. Pa. 2015) (rejecting challenge to a settlement setting the opt-out and objection deadlines for the same day because class members may do one or the other but not both); *Carter v. Forjas Taurus S.A.*, 2016 WL 3982489, at *13 (S.D. Fla. July 22, 2016) (same).

Maupin's request to conditionally opt out flouts these principles.  He, too, apparently wants to be treated as if he were a class member for present purposes. *See infra* 3–4 (discussing objectors' rights).  But when the rubber hits the road—when the Fifth Circuit holds that Maupin is *only* a class member, not an intervenor—he wants to escape this case and pursue his own.

That is precisely the kind of heads-I-win, tails-you-lose approach that courts have rejected, and it is easy to see why. If Maupin is allowed to "conditionally" opt out, Sirius XM will have to defend against his idiosyncratic objections to the settlement as if he were any other objector, thereby raising Sirius XM's own expenses and imperiling its hard-fought settlement. But unlike when responding to real objectors—who are fully part of the class and who will be bound by any adverse judgment—Sirius XM will have to bear these costs and risks even though, at the end of the day, the exercise will likely be entirely academic. If the Fifth Circuit rejects Maupin's appeal of the denial of his intervention motion, it will be as if he were never here, and Maupin will be free to impose yet more costs on Sirius XM through a suit of his own. Maupin should not be allowed to bring about that obviously unjust result.

### B. Maupin's Interests Are Fully Protected Through the Options That This Court Has Specified and That the Federal Rules of Civil Procedure Allow

Not only would this result be unfair to Sirius XM, but it is also unnecessary to protect Maupin's interests. His alternative options already protect every conceivable interest that he has in this litigation, as the Court's intervention order recognized.

Maupin may *unconditionally* "opt out of the class action." Dkt. 114, at 6; *see* Fed. R. Civ. P. 23(c)(2)(B)(v). By doing so, he would ensure that he is not bound by the judgment. *See* Fed. R. Civ. P. 23(c)(3)(B); *Lloyd's Leasing Ltd. v. Bates*, 902 F.2d 368, 370 (5th Cir. 1990). He would then be free to pursue his own claims, whether for damages or for injunctive relief. Whether the two short phone calls that Maupin received entitle him to all that he demands would then be adjudicated without regard to what other consumers agreed to here.

The Court also explained that Maupin could remain a member of the class and participate in the case. Under this option, he could "object to the settlement" that he so vigorously opposes, and he could even do so with the assistance of his own attorney if he wanted. Dkt. 114, at 6; *see*

*also* Fed. R. Civ. P. 23(e)(5)(A) (authorizing "[a]ny class member" to "object" to the proposed settlement); Fed. R. Civ. P. 23(c)(2)(B)(iv) (allowing class members in Rule 23(b)(3) classes to "enter an appearance through an attorney"). These options, too, would protect Maupin's interests. By objecting to the settlement, Maupin (or his counsel) could inform the Court (yet again) why he believes that the parties' arms-length settlement is insufficient. And if Maupin is upset about how the Court resolves his objections to the settlement or the process by which it does so, he could appeal. *See Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002) ("[N]onnamed class members … who have objected in a timely manner to approval of the settlement … have the power to bring an appeal without first intervening.").

These options give Maupin everything that the law might allow him in this case. If he does not think that this Court's settlement approval process will afford him a fair shake, he can avoid it entirely by opting out and bringing his own lawsuit. If, by contrast, he believes that this Court will properly consider his objections, he can pursue them here. It is hard to see—and Maupin does not identify—what else he could want. Because allowing Maupin to "conditionally" opt out will harm Sirius XM's interests, and because "forcing" him to choose between opting out and participating as an objector will not harm his, this Court should reject Maupin's request.

**II.   Maupin Provides No Plausible Justification for Conditionally Opting Out**

Maupin does not discuss these controlling principles or explain why they do not apply. Instead, he gives three other reasons that supposedly support his request. Each fails.

1.   Maupin first argues that he "believes his rights would be best protected by intervention in the instant case" and that opting out would "render moot" his appellate rights. Mot. 2. But he earlier asserted, inconsistently, that his right to opt out "does not cut against [his] right to intervene." Dkt. 113, at 9. Whether or not opting out will moot Maupin's appeal, his change of heart certainly demonstrates that, on the *merits*, this Court was right to deny intervention—as

-4-

this Court held (and Maupin apparently now recognizes), Maupin's interests "will [not] be impaired" absent intervention because he can opt out. Dkt. 114, at 6. Whether Maupin's appeal will remain alive is thus irrelevant—it is doomed to fail anyway.

And if Maupin's decision to opt out does end his appeal through mootness rather than on the merits, so what? The end of litigation is a *good* thing; it means that there is "no longer [any] 'live'" dispute between the parties, at least not one in which both parties have a "legally cognizable interest." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). That is why no one complains when, for example, a plaintiff is "forced" to choose between accepting the defendant's settlement offer or pressing an appeal. So too here. If Maupin decides that opting out is his best option—and if exercising that option deprives him of any interest in intervening—so much the better. Sirius XM, Buchanan, and the other class members can move on, and Maupin can sue Sirius XM if he wishes.

To be sure, the mooting of Maupin's appeal would impede one of Maupin's principal objectives: his desire to have the federal courts vindicate his views about intervention. But federal courts are not "publicly funded forums for the ventilation of public grievances or the refinement of jurisprudential understanding." *Valley Forge Christian Coll. v. Ams. United for the Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). If opting out means that Maupin no longer has any real interest in intervention, then neither does this Court (or any other) have any interest in answering the academic legal questions that Maupin so strenuously wishes to debate.

2. Maupin also suggests that this Court may approve his request because it has "wide latitude under Rule 23(d)(1)." Mot. 2. Whatever "wide latitude" courts have in dealing with class actions generally, it does not extend to conditional opt-outs; they are not allowed. *See supra* 2–3. Nothing in Rule 23(d)(1) conflicts with this view. The powers listed there—to "prevent undue repetition or complication," to "require … appropriate notice to some or all class members," to

"impose conditions on the representative parties or on intervenors," to "require that the pleadings be amended to eliminate allegations about representation of absent persons," and to "deal with similar *procedural* matters"—provide no support for Maupin's unusual request to preserve his substantive right to bring his own lawsuit after participating in this one if he loses his intervention appeal in the Fifth Circuit. Fed. R. Civ. P. 23(d)(1) (emphasis added). And even if this Court has discretion to allow novel forms of opting out, Maupin has provided no reason for exercising that power here. Again, granting his request will harm Sirius XM by giving Maupin two bites at the apple; he can litigate here as if he were an objecting class member, but he will likely be able to litigate on his own all over again after the Fifth Circuit upholds this Court's intervention decision. By contrast, Maupin will lose nothing if he has to choose between opting out and participating. *See supra* 3–4.

    3.  Finally, Maupin argues that he can conditionally opt out of the class because Rule 23(e)(4) "specifically contemplates that the Court may take steps to afford class members an additional opportunity to opt out before final settlement approval." Mot. 3. But of course, Maupin isn't requesting "an additional opportunity to opt out *before final settlement approval*." Instead, he wants to opt out "if and only if" the Fifth Circuit rules against him. *Id*. Given the calendar, however, Maupin's condition will likely come to pass (or not) long *after* final settlement approval. No matter what Rule 23(e)(4) says about opting out before approval, it doesn't help Maupin.

    In any event, Rule 23(e)(4) does not help Maupin. By its terms, it gives courts assessing a settlement the power to require that absent class members receive a "*[n]ew [o]pportunity to [b]e [e]xcluded*." Fed. R. Civ. P. 23(e)(4) (emphasis added). In other words, it speaks to situations in which a "class action was *previously* certified under Rule 23(b)(3)"—with the accompanying opt-out window prescribed by Rule 23(c)(2)(B)(v)—and *then*, after the opt-out window closed, the

parties reached a settlement. Fed. R. Civ. P. 23(e)(4) (emphasis added). Because "Rule 23(e)(4) comes into play when the opt-out opportunity expired before the members received notice of a proposed settlement," *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1062 (S.D. Tex. 2012), it is irrelevant here. No class has yet been certified, and class members—armed with the details of the proposed settlement—are currently deciding whether to exercise their first opportunity to opt out. *See, e.g.*, Newberg on Class Actions § 9:52 (noting that Rule 23(e)(4) does not apply in "settlement class actions"). Like the rest of the law, then, Rule 23(e)(4) provides no support for Maupin's request to litigate as if he were an objector while preserving his right to litigate on his own later.

## CONCLUSION

For the foregoing reasons, Maupin's request to conditionally opt out of this class action should be denied.

Respectfully submitted,

 /s/ Lee A. Armstrong
Lee A. Armstrong
  (admitted *pro hac vice*)
  New York Attorney No. 2580793
JONES DAY
250 Vesey Street
New York, New York
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: laarmstrong@jonesday.com

*Counsel for Defendant Sirius XM Radio Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on September 27, 2019, a true and correct copy of Sirius XM's Opposition to Patrick Maupin's Request To "Conditionally" Opt Out of the Class was served via the CM/ECF system, which will send notification of such filing to Mr. Maupin and all counsel of record.

*/s/ Lee A. Armstrong*