UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS BUCHANAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SIRIUS XM RADIO, INC.,<br><br>    Defendant. | Case No.:<br><br>17-cv-00728-D |

**JOINT MOTION TO MODIFY THE COURT'S ORDER
APPROVING ISSUANCE OF NOTICE (DKT. 106)**

**I.     INTRODUCTION**

As directed by the Court's Order Approving Issuance of Notice (Dkt. 106) (the "Notice Order"), Plaintiff Thomas Buchanan and Sirius XM Radio, Inc. ("Sirius XM" and collectively, the "Parties") have worked cooperatively with each other and with the Court-appointed settlement administrator, Class Experts Group (the "Settlement Administrator"), to disseminate class notice to the settlement class. However, the Parties recently discovered that a minority of potential class members were inadvertently not included in the original notice list. These class members have not received individual direct notice – although they would have received publication notice. As a result, the Parties jointly and respectfully submit this proposal to modify the Notice Order by altering certain dates and deadlines in order to ensure the provision of adequate notice to this new group of potential class members. Specifically, the Parties propose

that (1) Court-approved class notice be sent to all recently discovered class members within 15 days of the Court granting this motion (the Parties are currently preparing to do so); (2) the time for such persons to elect a cash payment or free service, to opt out of the settlement, or to object to the settlement be extended until December 22, 2019; and (3) the final approval hearing be moved from November 7, 2019 to a date of the Court's choosing in January 2020.

These changes will provide each new potential class member with adequate notice and opportunity to participate in the settlement in a similar manner to that already provided to the overwhelming majority of previously identified potential class members. This proposal will not affect the rights or deadlines to file a claim for class members who already received class notice. For these reasons, the Parties jointly believe that fairness and equality for all potential class members requires modification of the Notice Order.

## II.   BACKGROUND

Plaintiff Buchanan and Defendant Sirius XM entered into a Class Action Settlement Agreement and Release ("Settlement Agreement"), dated April 26, 2019. (Dkt. 105-1.) The Settlement Agreement provides that Plaintiff and Class Members are entitled to a *pro rata* distribution of a settlement fund valued at $25,000,000, following deductions for the costs of notice and claims administration, reasonable attorneys' fees, and other expenses. (*Id.*) Additionally, for each Class Member who elects to receive it, in lieu of cash, Sirius XM will provide three (3) months of free access to Sirius XM's All Access Subscription package ("free service"). The availability of the free service option does not diminish the $25,000,000 common fund.

On May 6, 2019, the Court entered its Order Approving Issuance of Notice. (Dkt. 106.) The Court found that the Parties will likely be able to show that the proposed settlement is fair,

adequate, and reasonable; is the product of intensive, thorough, serious, informed, and non-collusive settlement negotiations overseen by mediator Randall Wulff; has no obvious deficiencies; and does not improperly grant preferential treatment to Plaintiff or any Settlement Class Member. (*Id.* at ¶ 2.)

Accordingly, the Court authorized Class Counsel to retain the Settlement Administrator to supervise and administer the notice program, under the supervision of Class Counsel and pursuant to the Settlement Agreement. (Dkt. 106 at ¶ 3.) The Court set appropriate deadlines, including a deadline to commence class notice (*i.e.*, June 5, 2019); a deadline to file an objection or opt out of the settlement (*i.e.*, October 8, 2019); deadlines for class members to select a cash award (*i.e.*, October 8, 2019), or to select the free service (*i.e.*, December 22, 2019); and a final approval hearing date (*i.e.*, November 7, 2019). (Dkt. 106 at ¶ 22; Dkt. 105-1 at ¶ 6(f).)

The Court provided that it "may adjourn the Final Approval Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as Plaintiff and Defendant may agree to, if appropriate, without further notice to the Settlement Class." (Dkt. 106 at ¶ 3.)

The Parties thereafter took all steps necessary to comply with the Court's order and effectuate the settlement. The Parties worked closely with the Settlement Administrator to develop and publish the Settlement Website and telephone assistance program. Furthermore, on May 9, 2019, the Settlement Administrator delivered notice to all federal and state attorneys general pursuant to the Class Action Fairness Act of 2005.

On or about May 26, 2019, the Parties provided the Settlement Administrator with a data file containing 14,796,913 records for potential class members. (Declaration of Anya Verkhovskaya Regarding Implementation of Individual Notice (Dkt. 110) at ¶ 6.) The

Settlement Administrator conducted its due diligence, processed the data files, and used a reverse-append process to identify up to five additional email addresses per record. It then used this data to prepare an email notice list. (*Id.* at ¶ 7.)

Utilizing this email notice list, starting on June 6, 2019, the Settlement Administrator began disseminating the Court-approved class notice by email to each valid email address for the previously identified potential class members. (Dkt. 110 at ¶ 8 & n.2.) The Settlement Administrator tracked and monitored each email to determine if it was delivered and opened. (*Id.* at ¶ 9.) For example, if the receiving email server could not deliver the message, a "bounce code" was returned along with a unique tracking code. (*Id.*) For each message that was not deliverable initially, the Settlement Administrator made at least two additional delivery attempts to each validated email address. (*Id.* at ¶ 9.)

For each record without a delivered email notice, the Settlement Administrator sent the Court-approved Postcard Notice. (*See* Dkt. 110 at ¶14.) The Settlement Administrator implemented industry-standard best practices to use accurate, updated, and validated mailing addresses, including using the United States Postal Service's National Change of Address database, the Coding Accuracy Support System, and Delivery Point Validation. (*Id.* at ¶¶ 15-16.) For any undeliverable mailed notice, the Settlement Administrator researched updated addresses and re-mailed Postcard Notice if updated addresses could be identified. (*See id.* at ¶ 19.)

In addition, the Settlement Administrator implemented an extensive media notice plan. (*See* Dkt. 110 at ¶ 21.) To date, approximately 15 million digital advertisement impressions have been directed to potential class members. Likewise, with Class Counsel's encouragement and assistance, the Settlement Administrator engaged in a publicity campaign that ultimately resulted

in the information regarding the settlement, and how to file a claim, being featured on various websites and in several news publications, including USA Today. (*see* "Getting money you're owed from class-action lawsuits has never been easier", USA Today, https://www.usatoday.com/story/tech/columnist/2019/09/05/class-action-settlements-find-out-if-you-are-owed-money/2209550001/.)

Class Counsel worked closely with the Settlement Administrator, at times on a daily basis, to monitor the settlement notice program and ensure the best notice practicable under the circumstances. *See* Fed. R. Civ. P. 23(c)(2)(B). Class Counsel provided feedback and suggestions to improve the settlement notice program, where possible. For example, although the Court's Order and the Settlement Agreement did not require that potential class members receive multiple emails, Class Counsel negotiated and authorized more than 6.2 million additional email notices be sent to potential class members – at no additional cost to the class.

Recently, the Parties learned that certain potential class members had not received individual class notice (although those class members may have been aware of the Settlement via the Settlement Agreement's publication notice plan). With the assistance of the Settlement Administrator, Class Counsel researched and communicated potential issues to Sirius XM, which queried its data sources and performed its own investigation. The Parties met and conferred in an attempt to explore all potential sources of class member data and ensure that each potential class member record had been located. Sirius XM conducted a further review of its data sources, and informed Class Counsel in mid-September 2019 that it would be providing records identifying additional potential class members. The Settlement Administrator subsequently received approximately 1,199,605 records from Sirius XM.

The proposed Settlement Class in this action is very large, but it is nonetheless

unfortunate that these recently-identified potential class members were not included in the original notice list.  The additional records represent a relatively small percentage of the total number of potential class member records –  just under 7.5 percent of the total class.  As set forth below, the Parties believe that notice can issue to these additional potential class members efficiently and consistent with due process, without altering most of the current deadlines for the vast majority of potential class members who were already individually sent the Court-ordered class notice.

### III. THE PARTIES SUBMIT THAT SUPPLEMENTAL NOTICE, A DECEMBER 22, 2019 CLAIMS DEADLINE, AND A JANUARY 2020 FINAL APPROVAL HEARING DATE ARE REASONABLE.

"Rule 23(e)(1) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise. . . ."  Manual for Complex Litig. (4th ed. 2004) § 21.312 (internal quotation marks omitted).  In its Notice Order, the Court already found that the existing notice program meets this standard because it is "fair, reasonable and adequate to the Settlement Class." (Dkt. 106 at ¶ 2.)  Since that time, the Parties have worked closely with the Settlement Administrator to ensure the notice program's success.  The recently identified potential class members should receive similar notice.

The Parties propose that the recently identified potential class members be given slightly over two months to submit a claims form, but that the cut-off dates to file a claim for the previously identified potential class members remain the same.  That will allow adequate time for the new notices to be sent and received, and for the recently identified potential class members to respond, while minimizing any confusion.  To that end, the deadline for previously identified class members to file a claims form for a cash award will remain as October 8, 2019,

and the deadline for that group to file a claims form for the free service will remain as December 22, 2019, but the deadline for the recently identified potential class members to file a claims form selecting *either* the cash award or the free service will be set as December 22, 2019.

That timeline provides a sufficient opportunity for the recently identified potential class members to make a decision and submit a claims form consistent with their due process rights. *E.g., Carlough v. Amchem Products, Inc.*, 158 F.R.D 314, 328 (E.D. Pa. 1993) (approving, over an objection, a settlement which allowed eight-week notice period, holding that such a period was "sufficient" and "it satisfies Rule 23(c)(2) and the due process clause"); *All. To End Repression v City of Chicago*, 561 F. Supp. 537, 548 (N.D. Ill. 1982) (finding "that notice was provided in a fair and adequate manner" and "was also timely, having been given two months prior to the fairness hearing"). By keeping the deadlines the same for the over 14 million previously identified potential class members, there will be no need to provide additional notice to this large group. This will save money and avoid confusion for those who already received notice. Furthermore, aligning the deadline for the recently identified potential class members with the previous free service deadline will keep the settlement on schedule and minimize any delays for the class.

With the recently identified potential class members possibly filing claims for a cash award up to December 22nd, the Parties believe it prudent to adjourn the final approval hearing until after that date. In addition, the Parties consider it important to allow the Settlement Administrator adequate time to process the claims forms. Therefore, the Parties ask that the Court set the final approval hearing for a date convenient to the Court's schedule in late January 2020.

The Notice Order established a number of deadlines as being set a certain number of days

prior to the final approval hearing (*e.g.*, the "Deadline for Class Members to file any objections to the settlement" is "30 days prior to the Final Approval Hearing," and the date for the "Settlement Administrator to provide [a] list of Successful Opt-Outs" is set as "21 days prior to the Final Approval Hearing"). (Dkt. 106 at ¶ 22.)  The Parties respectfully suggest that those dates should also shift with the later final approval hearing.  Allowing this shift will not prejudice any of the potential class members because they will all receive additional time to meet those deadlines, but will also give the recently identified potential class members adequate time to participate in those deadlines as well.

With regard to notifying the class members as to the new final approval hearing, and the other changed dates, the settlement website is the main portal through which Class members have accessed information regarding this Settlement.  (*see* https://www.siriusxmdnctcpasettlement.com/importantDates.html.)  To date, in this regard, there have been no objections to the Settlement Agreement registered with the Settlement Administrator.  There should be no realistic risk of any reliance on the currently-scheduled final hearing date, especially because the existing class notices advised potential class members to check the settlement website for any date changes. As a result, if the Court approves the revised final approval hearing date, the Settlement Administrator will update the website with the new deadlines and the new final approval date so that all class members who already received notice will be informed of the new dates.  Posting the new dates in the location where class members legitimately expect to access it is the most reasonable form of notice under the circumstances.

### IV.  CONCLUSION

The Parties regret the need to approach the Court with this request, but they respectfully submit that the recently identified potential class members can be individually noticed  while

minimizing the disruption to the previously identified potential class members. For all of these reasons, the Parties respectfully request the Court order that notice be directed to the new potential class members; that the deadline for such recently identified potential class members to elect cash or free service, object, or opt out be set as December 22, 2019; that the final approval hearing be set for a date of the Court's choosing in late January 2020; and that the dates identified in paragraph 22 of the Notice Order shift with the later final approval hearing date.

Dated: October 4, 2019.

        Respectfully submitted,

        HUGHES ELLZEY, LLP

        By: */s/ Jarrett L. Ellzey*
            Jarrett L. Ellzey
            Texas Bar No. 24040864

        W. Craft Hughes
        1105 Milford Street
        Houston, TX 77006
        Phone: (713) 554-2377
        Fax: (888) 995-3335
        E-Mail: craft@hughesellzey.com
        jarrett@hughesellzey.com

        ***Co-Counsel for Plaintiff and the Settlement Class***

        JONES DAY

        */s/ Thomas Demitrack*
        Thomas Demitrack

        Thomas Demitrack (admitted *pro hac vice*)
        North Point
        901 Lakeside Avenue
        Cleveland, OH 44114-1190
        Tel: (216) 586-3939
        Fax: (216) 579-0212
        Email: tdemitrack@jonesday.com

        ***Attorneys for Defendant Sirius XM Radio Inc.***