**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

THOMAS BUCHANAN, on behalf of himself
and all others similarly situated,

Civil Action No.:

Plaintiff,

3:17-CV-0728-D

v.

SIRIUS XM RADIO INC.,

Defendant.

**FINAL SETTLEMENT APPROVAL ORDER AND JUDGMENT**

The Court having held a Final Approval Hearing on January 28, 2020, notice of the Final

Approval Hearing having been duly given in accordance with this Court's Order Approving

Issuance of Notice dated May 6, 2019 (Dkt. 106) and Order Modifying the Court's Order

Approving Issuance of Notice dated October 8, 2019 (Dkt. 120) (the "Notice Orders"), and

having considered all matters submitted to it at the Final Approval Hearing and otherwise, and

finding no just reason for delay in entry of this Final Order and good cause appearing therefore,

**It is hereby ORDERED, ADJUDGED, AND DECREED as follows:**

1. <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of the Action, and all

matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each

of the Settlement Class Members.

2. <u>Incorporation of Settlement Documents</u>.  This Order and Final Judgment incorporates and makes a part hereof: (a) the Settlement Agreement dated April 26, 2019, and (b) the Individual and Publication Notices attached as Exhibits B and C thereto, respectively, all of which were filed with the Court on May 1, 2019.

3. <u>Certification of the Settlement Class for Purposes of Settlement</u>.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as:

> All natural persons in the United States who, from October 16, 2013 to April 26, 2019 (the date of the Settlement Agreement): (a) received more than one telephone solicitation call in a 12-month period made by or on behalf of Sirius XM more than 31 days after registering the landline, wireless, cell or mobile telephone number on which they received those calls with the National Do-Not-Call Registry, or (b) received one or more calls after registering the landline, wireless, cell, or mobile telephone number on which they received the calls with Sirius XM's internal Do-Not-Call list.

> Excluded from the class definition are: (a) natural persons who were or had been paid subscribers to Sirius XM's service at the time of the first call; (b) natural persons who were members of the class settled in Hooker v. Sirius XM Radio Inc., Civil Action No. 4:13-cv-00003 (E.D. Va. 2013), who did not exclude themselves from that class, and who did not receive more than one telephone solicitation call after July 5, 2016; and (c) any employees, officers, directors of Sirius XM, and attorneys appearing in this case, and any judge assigned to hear this case as well as their immediate family and staff.

4. <u>Class Representative</u>.  Named plaintiff Thomas Buchanan is hereby appointed, for purposes of effectuating the Settlement only, as a representative for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

- 2 -

5. <u>Class Counsel</u>.  Hughes Ellzey, LLP; Mark A. Alexander P.C.; Siri & Glimstad LLP; Turner Law Offices, LLC; Werman Salas P.C.; and Lieff Cabraser Heimann & Bernstein, LLP, are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6. <u>Class Notice</u>. The Court finds that the dissemination of the Individual and Publication Notice: (a) was implemented in accordance with the Notice Orders; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim either for a monetary award from the Settlement Fund or for Free Service; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Class Counsel's motion for an award an attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff); (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees, costs and other expenses (including a Service Award to the Named Plaintiff) ; and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>CAFA</u>.  The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. <u>Final Settlement Approval and Dismissal of Claims</u>.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that, pursuant to Rule 23(e)(2), (A) Plaintiff and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Award to the Named Plaintiff; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

9. <u>Dismissal with Prejudice.</u> The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

10. <u>Binding Effect</u>.  The terms of the Settlement Agreement and of this Order and Final Judgment shall be forever binding on Defendant, Plaintiff, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form,

seeks or obtains a distribution from the Settlement Fund or Free Service, or objected to the Settlement), as well as their respective successors and assigns. The 129 persons listed on Exhibit I to the Declaration of Anya Verkhovskaya Regarding Notice Completion and Claims Adjudication (Dkt. 125-10) submitted timely and proper Requests for Exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Order and Final Judgment.

11. Releases.  The Releases set forth in Section 5 of the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders pursuant to this Order and Final Judgment, without further action by anyone, upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, Plaintiff and each and every member of the Settlement Class shall have released the Released Claims against the Released Parties.  Notwithstanding the foregoing, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order and Final Judgment

12. Retention of Jurisdiction.  Without affecting the finality of this Order and Final Judgment in anyway, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, consummation and enforcement of the Settlement; (b) the disposition of the Settlement Fund and Free Service; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve distribution of the Settlement Fund to any Cy Pres Recipient(s); and (e) the Settlement Class Members for all matters relating to the Action.

13. Attorneys' Fees, Litigation Expenses, and Service Award.  The Court approves Class Counsel's application for $ 6,471,000.00 in attorneys' fees, $137,667.22 in costs and other expenses, and for a service award to the Settlement Class Representative in the amount of $10,000.00.

14. Modification of the Agreement of Settlement. Without further approval from the Court, Plaintiff and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order and Final Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendant may agree to reasonable extensions of time to carry out any of the provision of the Settlement Agreement, including but not limited to, at their discretion, accepting for processing of late claims provided such acceptance does not delay the distribution of the Settlement Fund and Free Service.

15. Termination of Settlement.  If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order and Final Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order and Final Judgment shall be without prejudice to the rights of Plaintiff, Settlement Class Members and Defendant, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

16. <u>Entry of Final Judgment</u>.  By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Order complies in all respects with Federal Rules of Civil Procedure 65(d)(1).  There is no just reason to delay the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

**SO ORDERED.**

January 28, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 7 -